HARRIS L. COHEN, ESQ., State Bar # 119600
HARRIS L. COHEN, A PROF. CORP.
5305 Andasol Ave.
Encino, CA 91316
tel (818) 905-5599 / fax (818) 905-5660
Email: hcohen00@aol.com

JOYCE K. LAU (No. 267839)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852
Email: joyce@fullerlawfirm.net

Attorneys for Defendants,
Milestone Financial, LLC, William R. Stuart and
Bear Bruin Ventures, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re E. MARK MOON, Debtor, | CASE NO. 20-30711 |
| | CHAPTER 11 |
| E. MARK MOON AND LORI H. MOON | ADV NO. 20-03117 |
| Plaintiffs, | **MILESTONE FINANCIAL, LLC'S OBJECTION TO FORM OF JUDGMENT SUBMITTED BY PLAINTIFFS AND COUNTER PROPOSED JUDGMENT** |
| v. | |
| Milestone Financial, LLC, a California Limited Liability Company, William R. Stuart, Bear Bruin Ventures, Inc., a California Corporation, Evergreen Escrow, Inc. | |
| | Hearing Date: May 27, 2022 |
| | Time: 1:30 p.m. |
| | Dept.: remote appearances |
| Defendants. | |

1

**MILESTONE FINANCIAL, LLC'S OBJECTION TO FORM OF JUDGMENT SUBMITTED BY PLAINTIFFS AND COUNTER PROPOSED JUDGMENT**

Milestone Financial, LLC ("Milestone") submits its objections to the form of proposed order submitted by Plaintiffs, E. Mark Moon and Lori H. Moon, in this action and submit their counter proposed order as follows:

1. Milestone has not stipulated that the Court's judgment is correct and therefore Plaintiffs' form of order that includes language regarding stipulations overstates the degree and extent to which Milestone has agreed to certain calculations. Milestone has reached consensus with Plaintiffs concerning the amount that would be due if the Court's legal and factual rulings were correct, but that is different than Milestone agreeing that the Court's legal and factual rulings are correct. Milestone's form of proposed judgment corrects those errors and makes clear that Milestone is only agreeing to the mathematical calculations based on the Court's ruling and not with the ruling itself.

2. Milestone has not stipulated that Plaintiffs are the prevailing parties for purposes of an awards of attorneys' fees. The issue of whether Plaintiffs should be awarded attorneys' fees will either be by a stipulation between the parties, or by a motion filed by Plaintiffs. If the matter is to be resolved based on a motion filed by the Plaintiffs, then Milestone is reserving all its rights to argue both that Plaintiffs are not the prevailing parties and that they are either entitled to a lower level of attorneys' fees than requested or no attorneys' fees at all.

3. Plaintiffs' form of judgment provides that they shall have judgment on the usury claim. However, in their operative complaint there was no usury claim. Thus the judgment would be erroneous. The Court did rule that they prevailed on the second cause of action for breach of contract, and that is what Milestone's proposed judgment provides.

1

**MILESTONE FINANCIAL, LLC'S OBJECTION TO FORM OF JUDGMENT SUBMITTED BY PLAINTIFFS AND COUNTER PROPOSED JUDGMENT**
Case: 20-03117    Doc# 84    Filed: 05/17/22    Entered: 05/17/22 17:15:49    Page 2 of 9

4. Plaintiffs' form of judgment provides for 7% interest "up to the payoff of the Milestone loan, on or before June 24, 2022." (Plaintiffs' form of judgment - Page 2:13-14). This is not clear and the ambiguity should be addressed. Plaintiffs do provide that "The parties have also stipulated that Milestone is entitled to daily interest of $140.82 from May 13, 2022 up until the time Plaintiffs pay off the Milestone loan." (*Id.* at Page 2:3-4) This language has an ambiguity between the two provisions. Further, the interest may increase if Milestone is forced to advance property taxes or insurance, which increases the principal balance, prior to the full payoff of the loan or a foreclosure sale. When the noteholder is the defendant, interest continues on the fully matured obligation until it is fully paid. (*Epstein v. Frank* (1981) 125 Cal. App. 3d 111, 123 ("By analogy, therefore, the payee of a note with a usurious interest provision would be entitled to damages in the nature of interest at the legal rate for that period of time which the obligor on the note withheld the principal beyond the date of maturity.")). If the noteholder files a lawsuit to enforce the note, the interest is at the judgment rate after the judgment. But here, the noteholder did not file a lawsuit and will not be enforcing a judgment when it forecloses on the Property, if the debt is not paid in full. Here, since it is the obligors that filed the action, the Court's ruling only reduces the balance owed but is not a judgment for the noteholder which would affect the noteholder's right to recover the legal rate of interest. Plaintiffs' use of the term stipulated throughout their form of order needs to be carefully tailored to what is actually stipulated and what is merely the agreed mathematical calculation based on the Court's ruling. <u>Obviously, Plaintiffs cannot unilaterally decide what is stipulated and what is not stipulated to.</u>

5. Plaintiffs' form of judgment does not acknowledge that the debt remaining is subject to all other terms and conditions of the note, deed of trust, Settlement Agreement,

1

MILESTONE FINANCIAL, LLC'S OBJECTION TO FORM OF JUDGMENT SUBMITTED BY
PLAINTIFFS AND COUNTER PROPOSED JUDGMENT
Case: 20-03117    Doc# 84    Filed: 05/17/22    Entered: 05/17/22 17:15:49    Page 3 of 9

Indemnity and First Amendment to Promissory Note secured by Deed of Trust and other loan documents. This information is important as the obligation is ongoing. If the Plaintiffs do not payoff the loan and Milestone is required to advance property taxes or insurance, those advances are added to the Plaintiffs' principal balance and bear interest by virtue of the loan documents, that remain in full force and effect, except as modified by the judgment. The judgment should make this clear.

      6.     Plaintiffs have provided in their proposed order that they are the prevailing party for purposes of awarding attorneys' fees. (Plaintiffs' form of judgment - Page 2:17-18). This is not agreed to as discussed above, and there will either be a stipulated amount of attorneys' fees or a contested hearing on the attorneys' fees, but certainly Milestone does not stipulate that Plaintiffs are the prevailing party for purposes of awarding attorneys' fees.

Milestone proposes that an accurate judgment would be a judgment in the form of Exhibit "1" attached hereto.

Respectfully Submitted,

Date: May 17, 2022                HARRIS L. COHEN, A PROF. CORP.

By:   /s/ Harris L. Cohen
      Harris L. Cohen, Esq.
      Attorney for Milestone Financial, LLC,
      William R. Stuart and Bear Bruin Ventures, Inc.

1

MILESTONE FINANCIAL, LLC'S OBJECTION TO FORM OF JUDGMENT SUBMITTED BY PLAINTIFFS AND COUNTER PROPOSED JUDGMENT
Case: 20-03117   Doc# 84   Filed: 05/17/22   Entered: 05/17/22 17:15:49   Page 4 of 9

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re E. MARK MOON, Debtor, <br> _____ <br> E. MARK MOON AND LORI H. MOON <br><br>     Plaintiffs, <br> v. <br> Milestone Financial, LLC, a California Limited Liability Company, William R. Stuart, Bear Bruin Ventures, Inc., a California Corporation, Evergreen Escrow, Inc. <br><br>     Defendants. <br> _____ | CASE NO. 20-30711 <br> CHAPTER 11 <br> ADV NO. 20-03117 <br><br> **JUDGMENT FOR PLAINTIFFS** |

1

**JUDGMENT FOR PLAINTIFFS**

This case came before the Court on cross-motions for summary judgment. Plaintiffs have elected to have a final judgment entered in the adversary action based on the Court's ruling on the Second Cause of Action against Milestone Financial LLC ("Milestone"). Pursuant to this Court's Order entered April 27, 2022, Plaintiffs shall have judgment on the Second Cause of Action which reduces the amount owed to Milestone secured by the real property located at 11 Mandalay Court, Redwood City, CA 94065 (the "Property").

Milestone is entitled to post-maturity interest in the amount of seven (7%) per annum beginning August 1, 2019. Plaintiffs are entitled to credits for amounts paid prior to the maturity of the loan on July 31, 2019, in the amount of Two Hundred Twenty Four Thousand Five Hundred Forty-Eight Dollars and fifty cents ($224,548.50). Milestone is entitled to pre-maturity credits in the amounts of Nine Hundred Two Thousand Five Hundred Twenty-Five Dollars and thirty-four cents ($902,525.34) in principal as of September 1, 2016, and Forty Thousand Five Hundred Seventeen Dollars and four cents ($40,517.04) of advances between September 1, 2016 and August 1, 2019. Pursuant to the Court's April 27, 2022 Order, based on the Court's ruling, the calculation of the amount due at maturity on August 1, 2019 was Seven Hundred Eighteen Thousand Four Hundred Ninety-Three Dollars and eighty-eight cents ($718,493.88). As of May, 13, 2022, the Plaintiffs are entitled to credit for payments after August 1, 2019, in the amount of One Hundred Twenty-Six Thousand Three Hundred Two Dollars and fifty cents ($126,302.50), and Milestone is entitled to credit for post August 1, 2019, advances of Fifteen Thousand Seven Hundred Ninety-Two Dollars and sixty-eight cents ($15,792.68)

and post August 1, 2019 interest of One Hundred Forty-Three Thousand Eighteen Dollars and eighty-five cents ($143,018.85). Milestone is entitled to daily interest at seven percent (7%) per annum of One Hundred Forty Dollars and eighty-two cents ($140.82) from May 13, 2022, until the obligation is paid in full, subject to any future advances or other credits based on the loan documents. Therefore, the Court finds the following amount owed by Plaintiffs to Milestone as of May 13, 2022, secured by the Property:

| | |
|---|---|
| Principal as of September 1, 2016 | $902,525.34 |
| Plaintiffs Payments Before Maturity of August 1, 2019 ("Maturity") | ($224,548.50) |
| Milestone's Advances Before Maturity | $40,517.04 |
| Plaintiffs' Payments After Maturity | ($126,302.50) |
| Milestone's Advances After Maturity | $15,792.68 |
| Milestone's 7% Interest After Maturity | $143,018.85 |
| Total Owed to Milestone as of May 13, 2022 | $751,009.91 |

The obligation shall bear $140.82 interest per day from May 13, 2022, until the obligation is paid in full. If payment is not tendered by June 24, 2022, then Milestone may request relief from the automatic stay. All other terms and conditions of the note, deed of trust, Settlement Agreement, Indemnity and First Amendment to Promissory Note secured by Deed of Trust and other loan documents remain in full force and effect.

All remaining causes of action are dismissed with prejudice.

1

**JUDGMENT FOR PLAINTIFFS**

Case: 20-03117    Doc# 84    Filed: 05/17/22    Entered: 05/17/22 17:15:49    Page 8 of 9

The Court reserves jurisdiction to hear and determine Plaintiffs' attorneys' fees motion.

**END OF ORDER**

APPROVED AS TO FORM:

By:_____
    Harris L. Cohen, Esq.
    Attorney for Defendants