MORAN LAW GROUP, INC.
CATHLEEN COOPER MORAN, I.D. #83758
RENÉE C. MENDOZA, I.D. #139939
643 Bair Island Road, Suite 403
Redwood City, CA 94063
Tel.: (650) 694-4700
Fax: (650) 368-4818
E-Mail: Cathy@moranlaw.net

Attorney for Debtor: Mark E. Moon

John P. McDonnell, Esq. (State Bar No. 77369)
Law Offices of John P. McDonnell
295 89th Street, Ste. 200
Daly City, CA 94015-1655
Telephone: 650-991-9909
Facsimile: 650-449-7789
JPMcDON@aol.com

Attorney for Plaintiffs Mark and Lori Moon

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA DIVISION 3

| | |
|---|---|
| E. MARK MOON and LORI H. MOON, <br><br> Plaintiffs, <br><br> v. <br><br> MILESTONE FINANCIAL, LLC, a California Limited Liability Company, WILLIAM R. STUART, BEAR BRUIN VENTURES, INC. a California Corporation <br><br> Defendants. | Chapter 11 <br><br> Bankruptcy No. 20-30711 <br><br> Adversary No. 20-03117 <br><br> REPLY TO OBJECTIONS TO PROPOSED JUDGMENT <br><br> Date: May 27, 2022 <br> Time: 10:30 |

INTRODUCTION

As directed by the Court's May 14, 2022 Order, Mr. McDonnell prepared a proposed judgment form and submitted it to Mr. Cohen. Mr. Cohen argued that the 7% interest charge should continue past the entry of judgment, and up until the Milestone debt is paid in full. Mr. McDonnell agreed to this, modified the proposed judgment and sent Revision 1 to Mr. Cohen.

Mr. Cohen then sent Mr. McDonnell *his* form of proposed judgment. McDonnell incorporated some of the clarifying language Mr. Cohen wanted, but did not incorporate items Mr. Cohen demanded that were inconsistent with the Court's April 27, 2022 Order (Docket entry #81).

1

Mr. McDonnell then sent Mr. Cohen Revision 2 of the proposed judgment. Mr. Cohen did not approve the proposed judgment.

Despite the clear order in the May 13, Docket Order, that Plaintiffs prepare the form of judgment, Mr. Cohen apparently believes that *he* is authorized to prepare the form of judgment and that Plaintiff (and the Court?) must agree to everything he wants.

Mr. McDonnell has submitted Revision 2 of the proposed judgment to the court. Plaintiff requests that this judgment be entered, and then, if the parties can not agree on an amount of attorneys fees, Plaintiffs will make a motion for fees.

1**. Mr. Cohen agreed to the amounts in the proposed judgment; in fact, he calculated them.**

The Court's April 27, 2022 Order included the amounts in the first five lines of the table on page two of the Proposed Order. The April 27 Order directed that parties, "determine the amount owed by Plaintiffs according to the spreadsheet previously provided by Milestone at Docket 76, Ex.1." Mr. Cohen then prepared an update to that earlier Milestone spreadsheet. The parties determined what additional payments had been made by Mr. Moon, and Mr. Cohen inserted these into his spreadsheet and asked Mr. McDonnell to agree that the numbers were correct. McDonnell agreed that the spreadsheet was correct and that the amount of post-maturity interest owed by Plaintiff to Milestone was the $143,018.85 listed in Mr. Cohen's spreadsheet. Mr. McDonnell incorporated that number into the chart in the proposed judgment. Does Mr. Cohen now wish to prove that his own number is wrong?

In a May 13 e-mail to Mr. Cohen, Mr. McDonnell advised Mr. Cohen that McDonnell would include following statement in his Status Conference Statement.

> "The parties have stipulated that the amount owed to Milestone as of May 13, 2022 is $751,002.91 ...."

Mr. Cohen did not object to that amount. The parties agreed on the amount that should be in the proposed judgment is $751,002.91. Mr. Cohen's objection is that he is not stipulating that the Court's ruling is *correct*. That is never the case. The procedure is that the defendant is approving the proposed judgment *only* "as to form." Mr. McDonnell included the word "stipulated" because it

was accurate, and because Mr. McDonnell believed it was important that the Court know the parties agreed to these numbers in writing. If the Court prefers the words "determined" or "agreed," Plaintiff has no objection.

**2. The Moons are the prevailing party.**

In a prior e-mail exchange, Mr. notified Mr. Cohen that the following language would be put into the Plaintiff's May 13, Status Conference statement:

> "Plaintiffs are willing to dismiss all remaining claims provided the judgment provides that Plaintiff shall have judgment on the Second Cause of Action, breach of contract. Plaintiffs' Motion for Partial Summary Judgment (Docket #36] requested at page 16 that the court rule: "That the 10% acceleration penalty in the amount of $115,615.06 is an illegal penalty that Milestone can not collect, and that the demand for payment of this illegal penalty as part of the payoff quote was a breach of contract." The court has ruled that the 10% acceleration charge was illegal, so Plaintiffs should have judgment on the Second Cause of Action.
>
> The court should enter judgment consistent with its April 27 order, and adding judgment for Plaintiffs on the Second Cause of action."

The Court accepted this submission as the basis for its May 13, 2022 Order that no further proceedings were needed in the case.

The first ruling in the Court's April 27, 2020 Order on the motions stated, at page 9,

> "The Moon MSPJ is GRANTED on the usury claim and on the claim regarding the 10% acceleration charge on the balloon payment."

Because the Moons prevailed on these two claims, they also prevailed on the Second Cause of Action for Breach of Contract. As prevailing party on the contract, the Moons are entitled to an award of attorneys fees under Cal. Civil Code §1717.

**3. The Moons are entitled to judgment on the usury claim.**

As pointed out above, the Court held that "The Moon MSPJ is Granted as to the usury claim…" When a Motion for Partial Summary Judgment is granted, that partial judgment becomes part of the final judgment. There is no procedural barrier to issuing the final judgment. California law always permits a party to amend its pleadings to conform to proof. *Genger v. Albers* (1949) 90 Cal.App.2d 52, 55. In Federal Court, the rules are even broader. FRCP 15(b) provides for amendments to conform to proof at trial, or even after judgment. Rule 15(c) further provides:

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A

3

> party may move—at any time, even after judgment— to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

The usury issue was fully litigated by the parties. No amendment is needed.

**4. There is no ambiguity in the proposed judgment.**

Defendant's objection number 4 is a bit confusing. The first sentence quotes part of the proposed judgment out of context to try to create a non-existent ambiguity.

The proposed judgment states that Milestone is entitled to 7% post-maturity interest up to the time that the obligation is finally paid off. The proposed judgment incorporates the *deadline* set by the Court in its April 27, 2022 Order. The proposed judgment states that Plaintiff must tender the full amount owed by June 24, 2022, or the Defendant may move for relief from stay.

**5. The fifth objection raises a non-existent problem.**

The prior order and the proposed judgment require that the Moons pay the full debt by June 24. Objection 5 wonders; what if the Moons do not pay by June 24 and Milestone has to advance some money after that? Well, in the unlikely event that that does occur (the Defendant's spreadsheet shows that the Moons have not missed a property tax or insurance payment since October 2019), then any further Milestone payments would become part of its motion for relief from stay.

**6. Again, the Moons are the prevailing party.**

Objection 6 merely repeats the fact that Milestone does not like the fact that the Moons are the prevailing party on the contract. This is rebutted at #2, above.

                                                       Respectfully submitted,

Date: May 19, 2022                                  /s/ John McDonnell
                                                                 John P. McDonnell, Esq.
                                                                 Attorney for Plaintiffs