HARRIS L. COHEN, ESQ., State Bar # 119600
HARRIS L. COHEN, A PROF. CORP.
5305 Andasol Ave.
Encino, CA 91316
tel (818) 905-5599 / fax (818) 905-5660
Email: hcohen00@aol.com

JOYCE K. LAU (No. 267839)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852
Email: joyce@fullerlawfirm.net

Attorneys for Defendants,
Milestone Financial, LLC, William R. Stuart and
Bear Bruin Ventures, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re E. MARK MOON, Debtor, | CASE NO. 20-30711 |
| | CHAPTER 11 |
| E. MARK MOON AND LORI H. MOON | ADV NO. 20-03117 |
| Plaintiffs, | **MILESTONE FINANCIAL, LLC'S OBJECTION TO MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF HARRIS L. COHEN** |
| v. | |
| Milestone Financial, LLC, a California Limited Liability Company, William R. Stuart, Bear Bruin Ventures, Inc., a California Corporation, Evergreen Escrow, Inc. | |
| Defendants. | Hearing Date: July 1, 2022 |
| | Time: 10:30 a.m. |
| | Dept.: remote appearances |

Case: 20-03117   Doc# 110   Filed: 06/16/22   Entered: 06/16/22 18:01:38   Page 1 of 128

**TABLE OF CONTENTS**

I. INTRODUCTION. ............................................................................................................1

II. THE COURT HAS AN INDEPENDENT DUTY TO REVIEW ATTORNEYS' FEES APPLICATIONS. . . . . . . . . 3

III. MOONS BEAR THE BURDEN TO PROVE ATTORNEYS' FEES WERE REASONABLE AND THE COURT

    MUST APPLY STATE LAW TO DETERMINE THE RECOVERABLE FEES. . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV. MOONS' COUNSEL'S RATE WAS SET BY COURT ORDER AND SHOULD NOT BE INCREASED TO GIVE

    HIM A WINDFALL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

V. BLOCK BILLING SUBJECTS FEES TO REDUCTION AS DOES INADEQUATE DESCRIPTIONS, DUPLICATE

    BILLING, BILLING FOR NON-COMPENSABLE WORK AND WORK THAT COULD BE DONE BY CLERKS,

    SECRETARIES OR JUNIOR ATTORNEYS AT LOWER BILLING RATES.  EVEN ACROSS HE BOARD

    REDUCTIONS ARE AUTHORIZED IN SUCH CASES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

VI. MOONS' COUNSEL'S BILL INCLUDES OUTRAGEOUS AMOUNTS FOR INEFFECTIVE RESEARCH . . . . 12

VII. MOONS' DUPLICATIVE BRIEFING REQUIRES A FEE REDUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . 13

VIII. MOONS' COUNSEL STRUGGLED WITH THE LITIGATION RULES AND TAKING DEPOSITIONS, BUT

    BILLED FOR HIS LEARNING TIME. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

IX. MOONS' COUNSEL AGREED THAT HIS INTEREST PROVISION IN HIS FEE AGREEMENT WAS

    UNENFORCEABLE, YET NOW SEEKS TO RECOVER THE UNENFORCEABLE INTEREST PROVISION.  THIS

    REQUEST EVIDENCES THE STARK OVERREACHING HERE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

X. MOONS HAVE OVERSTATED THEIR RECOVERABLE COSTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

XI. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

_____ i _____
MILESTONE FINANCIAL, LLC'S OBJECTION TO MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM
OF POINTS AND AUTHORITIES; DECLARATION OF HARRIS L. COHEN

Case: 20-03117    Doc# 110    Filed: 06/16/22    Entered: 06/16/22 18:01:38    Page 2 of
128

# TABLE OF AUTHORITIES

## Cases

*In re Auto Parts Club, Inc.*, 211 B.R. 29, 33 (9th Cir. BAP 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Calvo Fisher & Jacob, LLP v. Lujan* (2015) 234 Cal. App. 4th 608, 617-618 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Center for Biological Diversity v. County of San Bernardino* (2010) 188 Cal. App. 4th 603, 615 . . . . . . . . . . . . . . . . . . 5

*Christian Research Institute v. Alnor* (2008) 165 Cal. App. 4th 1315 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*DCM Partners v. Smith* (1991) 228 Cal. App. 3d 729 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Egelhoff v. Pacific Lightwave*, 2013 WL 1212913, *2 (C.D. Cal. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Ghirardo v. Antonioli* (1995) 8 Cal. 4th 791 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Hardie v. Nationstar Mortgage, LLC (2019) 32 Cal. App. 5th 714, 724-25 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Hensley v. Eckerhart*, 461 U.S. 424 437 (1983); . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Hood River County School District v. Student* 2022 WL 1153986, *8 (D. Oregon 2022) . . . . . . . . . . . . . . . . . . . . . 19

*In re Arce Riverside LLC*, 538 B.R. 563, 571 (Bankr. N.D. Cal. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833, 842 (3d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re C.P. Del Caribe, Inc.*, 143 B.R. 11, 18 (Bankr. D. Puerto Rico 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*In re Coxeter* 2012 WL 7070198, *5 (Bankr. E.D. Cal. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re HPL Technologies, Inc. Securities Litigation*, 366 F. Supp. 2d 912, 922 (N.D. Cal. 2005) . . . . . . . . . . . . . . . . . . 8

*In re Mongelluzzi*, 2020 WL 5742906, *2 (Bankr. M.D. Fla. 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*In re Sullivan*, 454 B.R. 1, 4 (D.Mass.2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Kabatoff v. Safeco Ins. Co.*, 627 F.2d 207, 210 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Leon v. IDX Systems Corp.*, 464 F.3d 951, 962 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

*Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Millman v. Wilmington Savings Fund Society, FSB*, 2018 WL 2021236, *5 (N.D. Cal. 2018) . . . . . . . . . . . . . . . . . . . 15

*Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) . . . . . . . . . . . . . . . . . . . . . 12

*Mountjoy v. Bank of America, N.A.* (2016) 245 Cal. App. 4th 266, 280 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Pasternack v. McCullough* (2021) 65 Cal. App. 5th 1050 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

_____ii_____

MILESTONE FINANCIAL, LLC'S OBJECTION TO MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM
OF POINTS AND AUTHORITIES; DECLARATION OF HARRIS L. COHEN

Case: 20-03117    Doc# 110    Filed: 06/16/22    Entered: 06/16/22 18:01:38    Page 3 of
128

*Snider v. Wells Fargo Bank, N.A.* 2019 WL 3457854, *4 (N.D. Cal. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Syers Properties III, Inc. v. Rankin* (2014) 226 Cal. App. 4th 691 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 958–59 (9th Cir.1991). . . . . . . . . . . . . . . . . . 13

*Unsecured Creditors' Committee v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 958 (9th Cir. 1991) . . . . . . . . . . . . . . . . . 9

*Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## Statutes

11 U.S.C. § 328(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

11 U.S.C. § 330 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

11 U.S.C. § 330(a)(4)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28 U.S.C. §1924 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Civil Code § 1717(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Civil Code §1916.1(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Civil Local Rule ("CLR") 54-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CLR 54-1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

CLR 54-1(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

FRBP 7054(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Local Bankruptcy Rule 1001-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

iii

MILESTONE FINANCIAL, LLC'S OBJECTION TO MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF HARRIS L. COHEN

Case: 20-03117    Doc# 110    Filed: 06/16/22    Entered: 06/16/22 18:01:38    Page 4 of 128

Milestone Financial, LLC ("Milestone") objects to the request for attorneys' fees by the Moons for their counsel, John P. McDonnell, Esq. ("McDonnell"), as follows:

## I.      INTRODUCTION.

This case was not complex as to the number of issues or number of witnesses. **As discussed below, this case involved two material issues of law, a mediation, three (3) depositions**, and summary judgment motions. Other than a two-party dispute with the plaintiff and defendant as the only parties deposed, it is hard to imagine a case with fewer depositions or issues. Despite this, Moons' counsel seeks payment of $477,540.00 in attorneys' fees and $9,605 in costs, comprising almost 600 hours or work at the exorbitant rate of $800.00 per hour which he likely has never been paid in his career. He seeks this in spite of the fact that his agreed fair market rate is $425.00 per hour based on **his voluntary Court approved agreement with the Moons and his pre-petition rate to them.** It takes little more than the Court's common sense and vast experience to see that this is nothing more than a bloated fee application seeking far more than Mr. McDonnell would ever charge a paying client for each task performed. It is also noteworthy that he has no junior attorneys or paralegals to do the tasks that do not require his experience.

Moons' counsel is a tax attorney. However, his lack of experience in this case is evidenced by many wasteful hours learning bankruptcy procedure, including his failure to even know how to submit a costs bill. He also, by his own admission, had to learn to do remote depositions with exhibits and the technology, and seeks to be reimbursed for these administrative costs (which again, he could not pass onto any paying client). These learning costs should not be borne by Milestone. Screen sharing in Zoom was used by Milestone's counsel and similarly documents could be emailed and used that way.

Further, as conceded by Moons, they lost the preliminary injunction hearing in the Superior Court.[1] They also lost the declaratory relief, fraud and intentional interference with economic advantage and intentional interference with contract causes of action as two were adjudicated for Milestone on summary judgment and the others were dismissed with prejudice in the judgment. *Leon v. IDX Systems Corp.*, 464 F.3d 951, 962 (2006) ("dismissal with prejudice is a determination of the merits.").

At the end of the case, Moons lost their claims to recover late fees charged prior to the settlement agreement, post-maturity interest, treble damages, and the fraud claim that the stipulated amount due in the settlement agreement was fraudulent. They prevailed on the claims for usury, the late fee on maturity and some minor administrative fees after the settlement agreement.

This case had two primary issues, a) was the loan extension agreement exempt from usury, and b) was the liquidated damages late fee at maturity an improper penalty. The Court found that the extension agreement was subject to the usury law. It found that the same broker did not arrange the original loan and the extension agreement. That was a discrete set of facts and primarily a legal argument, and the Court found Carolyn Stuart did not qualify as the licensed broker for both loans to make the extension agreement exempt. The other issue was the application of Civil Code §1916.1(3). The Court interpreted this to make the agreement usurious and did not accept the argument that either *Ghirardo v. Antonioli* (1995) 8 Cal. 4th 791 or *DCM Partners v. Smith* (1991) 228 Cal. App. 3d 729 required a different

---

[1] This was after they filed a defective complaint to which defendants prepared a demurrer, but Moons agreed to amend the defective complaint rather than attempt to defend it.

ruling. This was the application of the code to the agreement and a finding that the two cases did not apply. While Moons' counsel seeks an exorbitant hourly rate (about twice his regular rate), and claims to have done extensive research, he did not find the Court's *In re Arce Riverside, LLC*, opinion prior to the Court requesting briefing on it and it ultimately was the case relied upon by the Court to decide the case. This defect by counsel speaks for itself.

## II. THE COURT HAS AN INDEPENDENT DUTY TO REVIEW ATTORNEYS' FEES APPLICATIONS.

Under 11 U.S.C. § 330, the Court has an independent duty to review the applications of estate professionals for reasonableness. "The bankruptcy court has a duty to review fee applications notwithstanding the absence of objections by the trustee, debtor, or creditors." *In re Auto Parts Club, Inc.*, 211 B.R. 29, 33 (9th Cir. BAP 1997) (*citing In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833, 841 (3d Cir. 1994)). "[T]he court will, in practical terms, act as a surrogate for the estate, reviewing the fee application much as a sophisticated non-bankruptcy client would review a legal bill." *In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833, 842 (3d Cir. 1994). Here, the client is disinterested, since he prevailed, and Milestone will be saddled with the fees in this action, subject to any appellate decision. Thus, the Court's duty is to act as the sophisticated client, who would review the legal bills to avoid overpaying the unsupervised counsel.

## III. MOONS BEAR THE BURDEN TO PROVE ATTORNEYS' FEES WERE REASONABLE AND THE COURT MUST APPLY STATE LAW TO DETERMINE THE RECOVERABLE FEES.

"Trial courts must carefully review attorneys' documentation of the hours they expended; ' 'padding' in the form of inefficient or duplicative efforts is not subject to compensation.' *Id.* The moving party bears the burden of establishing that its request is

reasonable. *Hensley*, 461 U.S. at 433." *Egelhoff v. Pacific Lightwave*, 2013 WL 1212913, *2 (C.D. Cal. 2013) (request for 313.2 hours billed reduced to 62 hours by Court).

When exercising supplemental jurisdiction over state law claims, federal courts must determine attorneys' fees by applying state law. *Kabatoff v. Safeco Ins. Co.*, 627 F.2d 207, 210 (9th Cir. 1980). Both the right to a fee and its calculations are matters of substantive state law, and not federal procedural law. *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). "The 'burden is on the party seeking attorney fees to prove that the fees it seeks are reasonable. [Citation.] . . .'" *Center for Biological Diversity v. County of San Bernardino* (2010) 188 Cal. App. 4th 603, 615.

Here, Moons judgment is for breach of contract, which is a state law claim. As to all other claims, Milestone prevailed. *See supra Leon v. IDX Systems Corp.*, 464 F.3d 951, 962 (2006) ("dismissal with prejudice is a determination of the merits.").

## IV. MOONS' COUNSEL'S RATE WAS SET BY COURT ORDER AND SHOULD NOT BE INCREASED TO GIVE HIM A WINDFALL.

McDonnell seeks to charge a rate of $800 an hour. Fee Motion, p.14. However, as Moons admit, this is not what McDonnell charged his clients. In his employment application, McDonnell agreed to charge an hourly rate of $425.00 an hour. See Attorney-Client Fee Agreement [Bky. Dkt. #77-2]. McDonnell's employment was approved by the Court based on that representation. Order Approving Employment [Bky. Dkt. #89].

The standard used by this Court to approve an employment application is the same as for determining fees and costs to the prevailing party. The Bankruptcy Code only allows employment of estate professionals on "on any reasonable terms." 11 U.S.C. § 328(a). The prevailing party on a contract is entitled to "reasonable attorney's fees." Cal. Civ. Code § 1717(a). Accordingly, the standard for both is reasonableness.

Case: 20-03117   Doc# 110   Filed: 06/16/22   Entered: 06/16/22 18:01:38   Page 8 of 128

In seeking approval of his attorneys' fees, neither the Moons nor McDonnell indicated that the $425.00 per hour rate was a reduced or otherwise discounted rate, even in the face of opposition to employment. This leads to the inference that the Moons believed that the fees sought were reasonable within section 328 and nothing more. And by approving the employment order, the Court similarly concluded that $425.00 an hour represented the reasonable fees for McDonnell's services. That determination carries over to section 1717's reasonable rate standard. Accordingly, this issue has already been decided.

Further, the Bankruptcy Code explicitly speaks to when an employed professional can modify the Court approved rate.

> Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

Nothing in the Moons' fee motion sets forth any unanticipated conditions that would justify a variance from the Court approved legal fees. This is not a case where McDonnell agreed to take a reduced rate, such as an insurance company negotiated reduced rate case or a large client-negotiated reduced rate case for a stream of cases. Here, counsel sought and accepted his normal hourly rate of $425.00 per hour from Moons, both in the state court and for work in this case. In the state court case, counsel could negotiate any agreement for fees with Moons that he pleased and he sought the fair market value of his services, $425.00 per hour. Again, that is the best evidence of the fair market value for McDonnell's services.

Then he removed the case to this Court where he did not know the procedures or how to take a remote deposition with exhibits. The value of his services either decreased based

on the learning curve or he should not have charged for learning bankruptcy procedures etc. **However, he billed for all his learning and education**. Further, he proposed a fee agreement with his fair market value of $425.00 to this Court and that rate was included in the Court's order. Now, after-the-fact, he wants to essentially double his rate.

Moons cite *Pasternack v. McCullough* (2021) 65 Cal. App. 5th 1050[2], regarding setting the hourly rate. However, there it was expressly acknowledged that as to the market rate, "**[T]his market rate approach has been applied in cases involving in-house counsel, contingency fees, and pro bono work**. In each of these cases, courts have refused to limit the market rate to the attorney's fee arrangement with the prevailing party. (*PLCM, supra*, 22 Cal.4th at p. 1096, 95 Cal.Rptr.2d 198, 997 P.2d 511 ; *Persson v. Smart Inventions, Inc.* (2005) 125 Cal.App.4th 1141, 1172–1176, 23 Cal.Rptr.3d 335 [contingency agreement]; *Rosenaur v. Scherer* (2001) 88 Cal.App.4th 260, 284–287, 105 Cal.Rptr.2d 674 [pro bono].)." *Id.* at 1055-1056 (Emphasis added). This case is does not involve in-house counsel, contingency fees, pro bono work or any other indicia that the negotiated hourly rate, starting in the state court, is anything other than the market value for this particular attorneys' fees when doing partner level work. Of course, when other levels of work are done, the fees should be reduced to paralegal or secretarial rates of $125.00 per hour or $35.00 per hour respectively.

Moons do not cite any case that would justify an increase in counsel's hourly rate in circumstances such as this case. *Syers Properties III, Inc. v. Rankin* (2014) 226 Cal. App. 4th 691 [adjusted negotiated insurance defense negotiated discount fees], *Pasternack, supra*,

---

[2] A case challenging limiting recovery to negotiated discount insurance company rates.

MILESTONE FINANCIAL, LLC'S OBJECTION TO MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF HARRIS L. COHEN

[adjusted negotiated insurance defense negotiated discount fees], *Calvo Fisher & Jacob, LLP v. Lujan* (2015) 234 Cal. App. 4th 608, 617-618 [fees awarded after firm voluntarily "**eliminated over $300,000 of the fees it had actually incurred**."], *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132 [attorney for tenant had contingent risk of non-payment not present here], and *In re HPL Technologies, Inc. Securities Litigation*, 366 F. Supp. 2d 912, 922 (N.D. Cal. 2005) [class action contingent fee common fund recovery case].

The Moons are not paying counsel monthly and they did not scrutinize or care about his bills as they were not sent the bills for payment. (...but I never submitted a bill to Mark" Motion at page 9:6). When counsel was hired as special counsel, he knew this and set his rate accordingly. The rate he set was $425.00. Now he seeks a windfall from Milestone.

The Court should not allow such an unfair overreach. Milestone should not have to pay him a premium rate that **he did not charge pre-bankruptcy and that he did not believe was his fair market rate when he sought employment prior to the case and for the bankruptcy case**. He knew the Moons had a house worth $2.25+ Million and would have been paid whether he prevailed or not. He did not take a payment risk and did not seek a contingent fee arrangement as he knew he would be paid. The same is true for Moons' chapter 11 counsel Ms. Moran who was hired on an hourly basis and is paid the Court approved rate.

Even employment authorization does not give counsel free reign to run up a tab based on the circumstances. *Unsecured Creditors' Committee v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 958 (9th Cir. 1991). "A bankruptcy court has broad discretion to determine the number of hours reasonably expended by a professional. *Wechsler v. Macke International Trade, Inc. (In re Macke International Trade, Inc.)*, 370 B.R. 236, 254 (9th Cir. BAP 2007).

"[E]ven where evidence supports [that] a particular number of hours [were] worked, the court may give credit for fewer hours if the time claimed is 'excessive, redundant, or otherwise unnecessary.' " *Id. (quoting Dawson v. Washington Mutual Bank, F.A. (In re Dawson)*, 390 F.3d 1139, 1152 (9th Cir. 2004))." *Id.* Here, the circumstances include the fact that the fox was guarding the hen house. **Moons' counsel admitted that he was billing into a vacuum. Nobody was reviewing the bills month-to-month**. He had free reign to overbill and that is what he did with almost 600 hours billed for a case with only 3 depositions (of which he only took 1 deposition and defended 2 depositions) and no trial.

Counsel was free to seek employment at his fair market value rate, and he did so at $425.00 per hour. That rate was ordered by the Court as his reasonable rate. Did anything change that would make the reasonable value of his rate different? No. **He did not discover through research the key case that the Court relied upon and he only took one deposition.**

For all of the foregoing reasons, the Court should not deviate from the agreed upon fair market value of counsel's services, which is $425.00 per hour.

## V. BLOCK BILLING SUBJECTS FEES TO REDUCTION AS DOES INADEQUATE DESCRIPTIONS, DUPLICATE BILLING, BILLING FOR NON-COMPENSABLE WORK AND WORK THAT COULD BE DONE BY CLERKS, SECRETARIES OR JUNIOR ATTORNEYS AT LOWER BILLING RATES. EVEN ACROSS HE BOARD REDUCTIONS ARE AUTHORIZED IN SUCH CASES.

The majority of McDonnel's time is block billed. This practice has been subject to automatic reduction by reviewing courts for several decades.

"The court arrived at its 20 percent reduction based on a report by the California State Bar's Committee on Mandatory Fee Arbitration, which concluded that block billing 'may increase time by 10% to 30%.' *See The State Bar of California Committee on*

*Mandatory Fee Arbitration, Arbitration Advisory 03–01* (2003) ('Fee Report'). The court adopted the 20 percent as within the Fee Report's 'middle range.'

We do not quarrel with the district court's authority to reduce hours that are billed in block format. The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *See Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir.1992). It was reasonable for the district court to conclude that Welch failed to carry her burden, because block billing makes it more difficult to determine how much time was spent on particular activities. *See, e.g., Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C.Cir.2004) (reducing requested hours because counsel's practice of block billing 'lump[ed] together multiple tasks, making it impossible to evaluate their reasonableness'); *see also Hensley*, 461 U.S. at 437, 103 S.Ct. 1933 (holding that applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims"); *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir.2000) (holding that a district court may reduce hours to offset "poorly documented" billing)."

*Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

" '[C]ounsel may not submit a plethora of noncompensable, vague, block-billed attorney time entries and expect particularized, individual deletions as the only consequence.' *Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1329. It is the obligation of the party (and attorney) seeking the fee award 'to prune the fee request to comply with the law,' and the party (and attorney) cannot 'transfer that responsibility onto the trial court.' " *Id.*

Substantial reductions in attorneys' fees requests are warranted both for billing issues such as those existing in this case and spending excessive time on tasks, including paralegal and secretarial tasks. For example, in *Christian Research Institute v. Alnor* (2008) 165 Cal. App. 4th 1315, the Court reduced counsel's fees from $250,000 based on a claimed 638.6 hours billed to $21,300. Bases to reduce fee requests include "prohibitively vague 'block billing,' excessive time spent on the stated task (including but not limited to drafting the complaint an opposition to summary judgment motion and document review tasks discussed above), double billing where two attorneys completed the same task, attorney fees for non-attorney work, fees for filings that did not actually occur in this case, and fees for otherwise

unreasonable tasks." *Mountjoy v. Bank of America, N.A.* (2016) 245 Cal. App. 4th 266, 280.
The overbilling and doing work that is not consistent with senior partner billing rates is
detailed in Exhibit "4."

"Furthermore, 'courts have recognized that it is unrealistic to expect a trial judge to
evaluate and rule on every entry in an application [and] have endorsed percentage cuts as a
practical means of trimming fat from a fee application.' *New York State Ass'n for Retarded
Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir.1983) (internal citations omitted). To
address problems like block billing and vagueness, courts routinely apply across the board
reductions. *United States Football League v. Nat'l Football League*, 887 F.2d 408, 415 (2d
Cir.1989) (affirming across the board reduction for vague time entries); *Copeland v.
Marshall*, 641 F.2d 880, 903 (D.C.Cir.1980) (en banc) (22% cut); *In re Thomas*, 2009 WL
7751299, at *7 (9th Cir.B.A.P.2009) (discussing percentage penalty for lumping ranging
from 5% to over 30%); *Colon v. City of New York*, 2012 WL 691544, at *21 (E.D.N.Y. Feb.
9, 2012) (collecting cases); *Reiter v. Metro. Transp. Auth. of the State of New York*, 2007 WL
2775144, at * 15 (S.D.N.Y. Sept. 27, 2007) (collecting cases); *Klimbach v. Spherion Corp.*,
467 F. Supp. 2d 323, 332 (W.D.N.Y.2006) (applying a 10% across the board reduction for
vague billing entries); *Ass'n of Holocaust Victims*, 2005 WL 3099592, at *7 (S.D.N.Y.2005);
(reducing lodestar amount by 25% to account for instances of block billing, vagueness and
excess)." *In re Coxeter* 2012 WL 7070198, *5 (Bankr. E.D. Cal. 2012) ("Based on the
foregoing, the Court concludes that the hours remaining, after deducting the hours that are
disallowed in their entirety, should be reduced by 40%"). *Id.* at *13.

The number of hours billed must be well documented and may not include: (1) non-
compensable time, such as time spent on administrative tasks or secretarial work billed at

paralegal rates, *see Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989); (2) time resulting from "duplicative, unproductive, excessive, or otherwise unnecessary" work, *In re Sullivan*, 454 B.R. 1, 4 (D.Mass.2011); accord 11 U.S.C. § 330(a)(4)(A); and (3) entries demonstrating that the applicant has failed to exercise prudent billing judgment, *Hensley v. Eckerhart*, 461 U.S. 424 437 (1983); *Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 958–59 (9th Cir.1991).

Milestone has conducted a line-by-line analysis of the bills. Each line is coded with comments and analysis. Milestone has determined that the bills are overstated, include block billing, include non-attorney work, have padding, have excessive billing, have inadequate descriptions, duplicate work and other non-compensable infirmities. **The reasonable number of hours based on this analysis and with reductions for improper billing is 389.10 hours at $425.00 which equals $165,367.50**. The details are attached as Exhibits "3" and "4."

By comparison, Milestone's counsel, Harris Cohen, billed 417.90 hours for the same period. The extra reduction to McDonnell's hours for inappropriate billing cannot be compared to Cohen's billing since it is not at issues and McDonnell's billing must stand on its own and is subject to independent analysis and review.

## VI. MOONS' COUNSEL'S BILL INCLUDES OUTRAGEOUS AMOUNTS FOR INEFFECTIVE RESEARCH

On August 24, 2021, McDonnell started work on Moons' summary judgment motion. Between then and November 16, 2021, McDonnell billed approximately 88 hours in drafting and opposing the summary judgment motions – a ludicrous amount of time. However, even this time was not well spent. On November 16, 2021, this Court ordered both parties to brief

whether this Court's decision in *In re Arce Riverside LLC*, 538 B.R. 563, 571 (Bankr. N.D. Cal. 2015) was relevant to the issue at hand. Order Requesting Supplemental Briefing [Dkt. #61]. McDonnell then spent an additional 13.2 hours briefing the *Arce* case.

This Court's memorandum decision as to the usury issued relied primarily, if not exclusively on the *Arce* case. See Memorandum Decision [Dkt. #72]. This Court found, this was the sole decision relevant to the facts in this matter. See Order on Motion for Summary Judgment [Dkt. #81] ("neither side cited to the court its own most relevant case, *In re Arce Riverside, LLC*"). Yet McDonnell, for his 88 hours of research and drafting, **did not even cite to the most relevant case, written by this Court, which if the Court chose to follow, would result in a favorable ruling for his clients.**

But for the Court's ordering briefing of the case, Moons' counsel likely would either not have found it, or would not have prevailed. **Having the Court do the heavy lifting on the Moons' research militates against granting fees for the 88 hours of legal research and drafting** which, for all intents in purposes, was entirely irrelevant to the Court's conclusion and did not aide the Court in finding in favor of Moons on that issue.

## VII.   MOONS' DUPLICATIVE BRIEFING REQUIRES A FEE REDUCTION.

Moons concede that they filed and lost their motion for a preliminary injunction in the Superior Court. They obtained relief on an ex-parte application without full briefing due to the ex-parte time constraints, later when the case was **fully briefed** for the Court, they lost the preliminary injunction hearing. Since they were required to show the likelihood of prevailing on the merits, Moons were required to fully brief the case. The issue of the liquidated damages v. penalty was at issue as early as 2020. That issue has not changed.

Moons rehashed that brief numerous times and should not be able to recover multiple times for briefing the same issues.

Additionally, state law does not require that attorneys' fees be awarded for the efforts to obtain a preliminary injunction **that are unsuccessful**. "[T]he award of attorney's fees under section 2924.12 **is discretionary** (§ 2924.12, subd. (h) [fees 'may' be awarded].) By permitting, rather than requiring a court to award attorney's fees, **section 2924.12 allows courts to avoid awards that would be inequitable or unconstitutional**. The ex parte nature of the proceedings, the relative merits of the TRO application, and a party's ultimate ability to obtain statutory compliance through imposition of an injunction are relevant factors the court may consider in determining **whether to award fees**." Hardie v. Nationstar Mortgage, LLC (2019) 32 Cal. App. 5th 714, 724-25 (Emphasis added)[3].

Moons' counsel sought $28,645 of attorneys' fees for 67.4 hours at $425.00 which McDonnell described as "Mr. McDonnell's standard billing rate of $425 per hour" for prevailing on a TRO **despite the Court denying the preliminary injunction**. The hearing was not concluded based on the bankruptcy filing. Nevertheless, the Court denied the

---

[3] *See also Millman v. Wilmington Savings Fund Society, FSB*, 2018 WL 2021236, *5 (N.D. Cal. 2018) refusing to award any fees for a TRO under §2924.12(h) - ("In any event, even if an ex parte TRO could provide a basis for fees, **the Court declines to exercise its discretion to award attorney's fees here**." (Emphasis added)), _See also Snider v. Wells Fargo Bank, N.A._ 2019 WL 3457854, *4 (N.D. Cal. 2019) – (after a preliminary injunction was issued, attorneys' fees were denied because no likelihood of success was shown - "The preliminary injunction at issue here was obtained under the 'sliding scale' test based on a 'serious question' going to the merits rather than a likelihood of success on the merits. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011) Furthermore, the production of additional evidence has undermined even the limited finding of a serious question going to the merits. **In view of these facts and in the interest of justice, the request for attorneys' fees is denied**." (Emphasis added))..

preliminary injunction motion and fees for that process should not be recovered since it is discretionary and the effort was a losing effort. (See Exhibit "11").

### VIII. MOONS' COUNSEL STRUGGLED WITH THE LITIGATION RULES AND TAKING DEPOSITIONS, BUT BILLED FOR HIS LEARNING TIME.

Moons conceded that counsel found it "almost impossible to determine where and how to make an ex parte application with the Court's closed." (Motion Page 4:12-13). He struggled not only with State Court procedures, but also with the Bankruptcy Rules (as there are numerous entries where counsel was seeking to learn Bankruptcy Procedures and the Rules) and how to take depositions with exhibits. The time counsel spent training on how to take depositions and show exhibits is part of office overheard for all clients and all depositions and not uniquely chargeable to this case or Milestone.[4] (e.g. entries on 4/7/21, 5/14/21, 6/2/21, 7/23/21, 8/2/21, 8/10/21, 9/7/21, 9/9/21, 9/15/21, 10/1/21, 1/18/22, 1/21/22, 3/2/22).

Counsel is obviously intelligent, but his lack of experience, and failure to either have staff or lower priced attorneys to do the work that does not require his billing rate should not be a burden to be borne by Milestone. This is another basis to reduce the number of compensable hours and not deviate from the approved rate.

---

[4] "Training is also part of the overhead expenses of an office providing professional services, and it would be very difficult to allocate this expense to one client in particular. In general, the training given to a particular person will benefit all the clients for whom that person will render services, not only the one billed for it. In the absence of evidence to the contrary this court hereby disallows this part of the application." *In re C.P. Del Caribe, Inc.,* 143 B.R. 11, 18 (Bankr. D. Puerto Rico 1992).

### IX. MOONS' COUNSEL AGREED THAT HIS INTEREST PROVISION IN HIS FEE AGREEMENT WAS UNENFORCEABLE, YET NOW SEEKS TO RECOVER THE UNENFORCEABLE INTEREST PROVISION. THIS REQUEST EVIDENCES THE STARK OVERREACHING HERE.

Moons' counsel's employment application had his fee agreement attached to it. It is Exhibit "B" to the motion. (Exhibit "6"). Paragraph 8 includes a provision that "Past due bills accrue interest at an annual rate of eight per cent [sic] (8%)." The fee application to this Court states in paragraph 5 that "Applicant proposes to compensate attorneys at the rate of $425 per hour, subject to the approval of the court **and consents and concurs with counsel's statement that paragraphs 8 and 16 are unenforceable in the bankruptcy context**." (Emphasis added) (Exhibit "7"). Contrary to the consent and order based on that consent, Moons' counsel now seeks $5,000 as interest on his fees. (Motion, Page 9:1-3). The Court should reject the request based on everyone's reliance on the Court order and consent by Moons' counsel in the fee application that the provision was unenforceable. This should also be non-compensable time.

### X. MOONS HAVE OVERSTATED THEIR RECOVERABLE COSTS.

McDonnell has sought costs without any explanation for numerous costs or how they relate to the litigation or why they are recoverable. Most egregiously he has failed to comply with the applicable rules, confirming that his unfamiliarity with procedures and rules are a basis for not changing his $425.00 per hour rate. It is also an untimely request and thus barred.

Local Bankruptcy Rule ("LBR") 1001-2 provides that certain Civil Local Rules ("CLR") apply in bankruptcy and adversary cases. See LBR 1001-1(a). CLR 54-1 through 54-4 apply in bankruptcy cases. LBR 1001-2. CLR 54-1(a) requires the prevailing party

claiming taxable costs to serve and file a bill of costs within 14 days after entry of judgment, which was June 8, 2022 "Any party who fails to file a bill of costs within the time period provided by this rule **will be deemed to have waived costs**.") . CLR 54-1(c). (Emphasis added). The mandatory language "will" is in contrast to permissive rules that use the verb "may."

There is a national form B2630 on the Court's website for a bill of costs. McDonnell failed to do this. **Thus the Court may not consider any costs incurred and/or should tax all costs for failure to timely file a bill of costs**.

The requirement of a bill of costs is more particular than just requiring a list of costs, "[I[ must be supported by an affidavit, pursuant to 28 U.S.C. §1924, that the costs are correctly stated, were necessarily incurred, and are allowable by law. Appropriate documentation to support each item claimed must be attached to the bill of costs." CLR 54-1(a). McDonnell also failed to comply with this rule.

FRBP 7054(b)(1) applies in adversary proceedings. It provides the Court "may" allow costs to the prevailing party. "[I]n bankruptcy adversary proceedings—unlike in federal civil cases—there is no presumption for an award of costs to prevailing parties, and an award of costs is within the broad discretion of the bankruptcy court." *In re Mongelluzzi*, 2020 WL 5742906, *2 (Bankr. M.D. Fla. 2020).

Again, all costs are waived by the failure to file a bill of costs and failure to provide the declaration and documentation to support the alleged costs. Even if McDonnell filed the bill, provided a declaration and provided backup documentation, none of which were done, many costs were still objectionable on their face, as follows:

| Ex. "C" Page | | Bill and Reason for Objection |
|---|---|---|
| 9 | Billing for two ex parte applications at $60.00 when only one went forward. The costs should be reduced by $60.00. | $60.00 |
| 14 | Double billed the $100 notice of appeal filing fee. Moons abandoned the appeal and Milestone should not pay appeal fees for an appeal that did not take place. The costs should be reduced by $200.00. "The Court agrees that time spent on the withdrawn motion to dismiss and time spent on the litigation caused by counsel's mistake are not compensable. They did not contribute to the ultimate victory in the lawsuit." *Hood River County School District v. Student* 2022 WL 1153986, *8 (D. Oregon 2022) ("*Hood River*") | $200.00 |
| 15 | Court of appeal filing fee for appeal that was abandoned before any action. The costs should be reduced by $775.00. (*Hood River*) | $775.00 |
| 17 | Notary and Recording fees of $188, no description or reason given for any recorded documents or notarized documents. | $188.00 |
| 22 | San Diego Court Records fees with no reason given and no use of any such records in the litigation. $35.60 | $35.60 |
| 29 | San Diego Flight and rental car and SFO parking, with no reason given, no description of the relation to the case, no justification for the expense and no use of any documents in the litigation. $333.68 + $119.57 + $35 = $488.25. | $488.25 |
| 35 | Fournier witness fee and subpoena charges with no reason given, no use of any Fournier testimony or documentation in the litigation. $210.00 | $210.00 |

However, McDonnell did not follow any of the rules, and now the costs request is time barred.

## XI.    CONCLUSION.

For all of the foregoing reasons, the Court should allow attorneys' fees to counsel in the amount of 389.10 hours at $425.00 which equals $165,367.50.   The Court should also disallow all costs.

HARRIS L. COHEN, A PROF. CORP.

By: _____
       Harris L. Cohen, Esq.
       Attorney for Milestone Financial, LLC

## DECLARATION OF HARRIS L. COHEN

I, Harris L. Cohen, hereby declare and state:

I have personal knowledge as to all facts set forth herein and if called upon to testify thereto I could and would competently do so.

1. I am an attorney for the defendants in this action, including Milestone Financial, LLC ("Milestone").

2. The only depositions taken in this case were the depositions of Mark Moon, Lori Moon and William Stuart.

3. Attached hereto as Exhibit "1" is a true and correct copy of the judgment in this action.

4. Attached hereto as Exhibit "2" is a true and correct copy of the Courts order on the motions for summary judgment and partial summary adjudication entered on January 31, 2022.

5. Attached hereto as Exhibit "3" is a summary of the deficiencies in the billing entries with coding for each type of deficiency by date

6. Attached hereto as Exhibit "4" is a true and correct copy of the actual billings provided by John McDonnell to my office for review and which has the billing entries and codes for deficiencies as to each entry.

7. Attached hereto as Exhibit "5" is a true and correct copy of the spreadsheet showing the number of hours I billed in each month and year through the date of Mr. McDonnell's billing and they total 417.9 hours compared to Mr. McDonnell's 596.9 hours billed.

MILESTONE FINANCIAL, LLC'S OBJECTION TO MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF HARRIS L. COHEN

8. Attached hereto as Exhibit "6" is a true and correct copy of the fee agreement between the Moons and John McDonnell that is attached as Exhibit "B" to the application for fees.

9. Attached hereto as Exhibit "7" is a true and correct copy of the application to employ John McDonnell representing the interest provision is unenforceable.

10. Attached hereto as Exhibit "8" is a true and correct copy of the application to employ Cathy Moran, Esq. as general bankruptcy counsel for the Moons.

11. Attached hereto as Exhibit "9" is a summary of the costs objected to indicating the stated pages numbers on Moons/McDonnell's Exhibit "C" to the attorneys' fees motion that has the costs interspersed among the bills.

12. Attached hereto as Exhibit "10" is a true and correct copy of the Form B2630 bill of costs form found on the Court's website.

13. Attached hereto as Exhibit "11" is a true and correct copy of page of John McDonnell's motion for attorneys' fees in the San Mateo Superior Court dated August 20, 2020 in which he states his standard billing rate is $425.00 per hour.

14. I have determined that the reasonable number of hours that should be compensated for Mr. McDonnell based on the billing deficiencies, overstated billing, including block billing, non-attorney work billed at attorney rates, padding, excessive billing, inadequate descriptions, duplicate work and other non-compensable infirmities is 389.10 hours at $425.00 which equals $165,367.50. The details are in Exhibits "2" and "3" attached hereto.

15. I graduated from UCLA with a bachelor's degree in economics in 1982. I graduated from Loyola Law School in 1985, cum laude and was in the St. Thomas More Law

Honor Society (which Loyola now deems the Order of the Coif – Top 10% of the class). I have practiced in California State Courts, Administrative Hearings, Federal Courts and Bankruptcy Courts and before the Beis Din for over 35 years. My billing rate to Milestone at this time for this case is $395.00 per hour and it has never exceeded that rate for this case.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. Executed at Encino, California.


Dated: June 16, 2022                                    _____
                                                                        Harris L. Cohen

# EXHIBIT "1"

Page 22

**Entered on Docket
May 26, 2022**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: May 25, 2022**

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re E. MARK MOON, Debtor, ) | CASE NO. 20-30711 |
| ) | CHAPTER 11 |
| E. MARK MOON AND LORI H. ) | ADV NO. 20-03117 |
| MOON ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| Milestone Financial, LLC, a California ) | **JUDGMENT FOR PLAINTIFFS** |
| Limited Liability Company, William R. ) | |
| Stuart, Bear Bruin Ventures, Inc., a ) | |
| California Corporation, Evergreen ) | |
| Escrow, Inc. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

1

**JUDGMENT FOR PLAINTIFFS**

This case came before the Court on cross-motions for summary judgment. Plaintiffs have elected to have a final judgment entered in the adversary action based on the Court's ruling on the Second Cause of Action against Milestone Financial LLC ("Milestone"). Pursuant to this Court's Order entered April 27, 2022, Plaintiffs shall have judgment on the Second Cause of Action which reduces the amount owed to Milestone secured by the real property located at 11 Mandalay Court, Redwood City, CA 94065 (the "Property").

Milestone is entitled to post-maturity interest in the amount of seven (7%) per annum beginning August 1, 2019. Plaintiffs are entitled to credits for amounts paid prior to the maturity of the loan on July 31, 2019, in the amount of Two Hundred Twenty Four Thousand Five Hundred Forty-Eight Dollars and fifty cents ($224,548.50). Milestone is entitled to pre-maturity credits in the amounts of Nine Hundred Two Thousand Five Hundred Twenty-Five Dollars and thirty-four cents ($902,525.34) in principal as of September 1, 2016, and Forty Thousand Five Hundred Seventeen Dollars and four cents ($40,517.04) of advances between September 1, 2016 and August 1, 2019. Pursuant to the Court's April 27, 2022 Order, based on the Court's ruling, the calculation of the amount due at maturity on August 1, 2019 was Seven Hundred Eighteen Thousand Four Hundred Ninety-Three Dollars and eighty-eight cents ($718,493.88). As of May, 13, 2022, the Plaintiffs are entitled to credit for payments after August 1, 2019, in the amount of One Hundred Twenty-Six Thousand Three Hundred Two Dollars and fifty cents ($126,302.50), and Milestone is entitled to credit for post August 1, 2019, advances of Fifteen Thousand Seven Hundred Ninety-Two Dollars and sixty-eight cents ($15,792.68)

1

**JUDGMENT FOR PLAINTIFFS**

Case: 20-03117    Doc# 88    Filed: 05/25/22    Entered: 05/26/22 16:30:17    Page 2 of 4

Case: 20-03117    Doc# 110    Filed: 06/16/22    Entered: 06/16/22 18:01:38    Page 28 of 128

and post August 1, 2019 interest of One Hundred Forty-Three Thousand Eighteen Dollars and eighty-five cents ($143,018.85). Milestone is entitled to daily interest at seven percent (7%) per annum of One Hundred Forty Dollars and eighty-two cents ($140.82) from May 13, 2022, until the obligation is paid in full, subject to any future advances or other credits based on the loan documents.  Therefore, the Court finds the following amount owed by Plaintiffs to Milestone as of May 13, 2022, secured by the Property:

| Principal as of September 1, 2016 | $902,525.34 |
|---|---|
| Plaintiffs Payments Before Maturity of August 1, 2019 ("Maturity") | ($224,548.50) |
| Milestone's Advances Before Maturity | $40,517.04 |
| Plaintiffs' Payments After Maturity | ($126,302.50) |
| Milestone's Advances After Maturity | $15,792.68 |
| Milestone's 7% Interest After Maturity | $143,018.85 |
| Total Owed to Milestone as of May 13, 2022 | $751,009.91 |

The obligation shall bear $140.82 interest per day from May 13, 2022, until the obligation is paid in full.  If payment is not tendered by June 24, 2022, then Milestone may request relief from the automatic stay.  All other terms and conditions of the note, deed of trust, Settlement Agreement, Indemnity and First Amendment to Promissory Note secured by Deed of Trust and other loan documents remain in full force and effect.

All remaining causes of action are dismissed with prejudice.

1

**JUDGMENT FOR PLAINTIFFS**

Case: 20-03117   Doc# 88   Filed: 05/25/22   Entered: 05/26/22 16:30:17   Page 3 of 4

Case: 20-03117   Doc# 110   Filed: 06/16/22   Entered: 06/16/22 18:01:38   Page 29 of 128

The Court reserves jurisdiction to hear and determine a motion for attorneys'
fees to be awarded to Plaintiffs as the prevailing party.

**END OF ORDER**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JUDGMENT FOR PLAINTIFFS**

# EXHIBIT "2"

Page 27



Signed and Filed: January 31, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case No. 20-30711-DM |
| | ) |
| MARK E. MOON, | ) Chapter 11 |
| | ) |
| | ) |
| Debtor. | ) |
| | ) |
| E. MARK MOON and LORI MOON, | ) Adversary Case No. 20-03117-DM |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| MILESTONE FINANCIAL, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM DECISION REGARDING**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

The following decision deals with the complex world of California's usury law and its piecemeal exemptions. Incongruous as a result may be, ". . . we must take the usury law as we find it. Indeed, the usury law is complex and is riddled with so many exceptions that the law's application

-1-

Case: 20-03117   Doc# 72   Filed: 01/31/22   Entered: 01/31/22 10:16:31   Page 1 of 25

Case: 20-03117   Doc# 110   Filed: 06/16/22   Entered: 06/16/22 18:01:38   Page 32 of 128

1  itself seems to be the exception rather than the rule." *Ghirardo*
2  *v. Antonioli*, 8 Cal.4th 791, 807 (Cal. 1994) ("*Ghirardo*").
3  This appears to be both a case of first impression and one of
4  the rare instances in which application of usury law must apply
5  with no applicable exemptions.

6  **II. THE LOAN AND EXTENSION**

7       On June 23, 2015, Plaintiffs Mark E. Moon and Lori Moon
8  ("Moons" or "Plaintiffs") entered into a hard money loan
9  agreement (the "Original Loan") with Defendant Milestone
10 Financial, LLC ("Milestone") secured by the Moons' residence.
11 At that time, Milestone did not have either a real estate broker
12 license or a mortgage loan originator license and had been
13 warned by the State of California about its lack of appropriate
14 licenses.[1]  The Moons were represented by licensed real estate
15 broker Marc Fournier.

16      One of the loan documents signed by the Moons was a
17 certification that the loan was a business or investment purpose
18 loan, meaning the protection found in the Truth in Lending Act
19 or other California laws meant to protect residential home loan
20 borrowers would not apply.[2]  The Original Loan was for $759,000

21 _____

22 [1] In March and April of 2015, the California Department of Real
    Estate issued Cease and Desist Orders to Milestone and related
23  parties. These Orders demanded in part that Milestone "desist
    and refrain from soliciting borrowers and/or performing services
24  for borrowers or lenders in connection with loans secured
    directly or collaterally on real property" until such licenses
25  were obtained. See Plaintiffs' RJN, Dkt. 40.

26
27 [2] Milestone makes much of the Moons' alleged misstatement of the
    purpose of the loans, and Moons make much of Milestone's alleged
28  last-minute insertion of documents to make a residential loan

                                  -2-

with an interest rate of 11.3%, a default interest rate of 17.3%
plus late fees, and interest-only payments of over $7,000 per
month until the balance came due in July 2017.

The Moons signed the Promissory Note. (Dkt. 1-26).
Paragraph 2, titled "Payments," makes clear that the Original
Loan is payable in full on the Maturity Date, and will include
the entire principal, unpaid interest, and any other costs at
that time.[3] Paragraph 4(a), titled "Late Charges; Default Rate"
states that should the Moons fail to make a monthly payment
within 10 days of the due date, a late charge (the "Late
Charge") equal to 10% of the monthly payment will be assessed as
a late charge, and **"it is extremely difficult and impractical to
ascertain the extent of such damages and that the Late Charge
represents a fair and reasonable estimate, considering all of
the circumstances on the date of the Execution of this Note, of
the costs the Holder will incur by reason of such late payment"**
(emphasis added).

Paragraph 4(b) reiterates the difficulty of ascertaining
the damages associated with the loss of timely payments as the
reason for the default interest rate set by the Promissory Note.

---

appear to be a business loan on paper. Ultimately, the dispute
over which party misled the other regarding the purpose of the
loan is a matter waived by terms of the Extension.

[3] Paragraph 2(a) says, in part: "The entire unpaid Principal
Balance, plus accrued interest and other amounts payable under
the Loan Documents, shall be due and payable in full on the
Maturity Date." Paragraph 2(c) says, in part: "**THIS LOAN IS
PAYABLE IN FULL ON THE MATURITY DATE SET FORTH HEREIN.**"
(Emphasis in original). It goes on to state that a substantial
portion of the original principal sum will be due at maturity
"IN THE FORM OF A BALLOON PAYMENT" (emphasis in original).

Case-20-03117   Doc# 72   Filed: 01/31/22   Entered: 01/31/22 10:16:31   Page 3 of 25

Case: 20-03117   Doc# 110   Filed: 06/16/22   Entered: 06/16/22 18:01:38   Page 34 of
128

1  Nowhere in Paragraph 4 is there any language regarding a late
2  charge on the balloon payment itself.
3      Paragraph 14, titled "Usury", contains a usury savings
4  clause that limits the interest charged to the applicable
5  statutory rate in the event that a court holds the amount of
6  interest charged "is in excess of applicable law."
7      The Moons began to struggle with payments almost
8  immediately.  At some points, Milestone advanced the taxes and
9  insurance on the residence.  About one year after the making of
10 the Original Loan, on August 26, 2016, the Moons and Milestone
11 entered into an agreement titled "Settlement Agreement,
12 Indemnity, and First Amendment to Promissory Note Secured by
13 Deed of Trust" (the "Extension") (Dkt. 1-27, 28)[4].  The Extension
14 supplemented and amended the Original Loan.  It did not replace
15 it.
16      Milestone still did not have its own real estate broker or
17 loan originator license, and this time the Moons were not
18 represented by Mr. Fournier or any licensed real estate broker
19 in the making of the Extension.  The Extension states that the
20 unpaid principal balance of the loan is $902,525.34 in no fewer
21 than three parts of the document.  The Extension extended the
22 Maturity Date of the loan to July 2019, slightly lowered the
23 initial interest rate to 11.05% and increased the monthly
24
25  _____
26  [4] At that time there was no real dispute between the parties, so
    it is unclear why Milestone chose to call the agreement a
27  "Settlement".  Perhaps calling it the "Forbearance" that it was
    invites invocation of the usury law that ultimately doomed its
28  strategy.

                              -4-

1  payments and default interest rate.  Paragraph 8 of the
2  Extension, titled "Late Charges," stated:

3           Should any payment due hereunder not be
4           received on or before the TENTH (10th) day
5           after its due date (the 'Grace Period'),
6           Borrower shall immediately pay to Lender,
7           without notice or demand by Lender, a late
8           charge calculated at TEN PERCENT (10.00%) of
9           any payment then due, <u>including the final</u>
10          <u>(balloon) payment.</u>"

11  Dkt. 1-28, p. 2 (emphasis in original).
12      The charge on the final balloon payment was a new addition
13  to the Extension, not part of the Original Loan.  Within the
14  same paragraph, the basis for these late charges was made clear:

15          Borrower agrees that Lender will incur
16          administrative costs and other damages not
17          compensated by payment of interest as a result
18          of any payment not being made when due and
19          acknowledges that calculation of actual
20          damages is extremely difficult and
21          impracticable and that the foregoing amount is
22          a reasonable estimate of those damages.

23      After executing the Extension, the Moons promptly began
24  missing loan payments, though some payments were tendered at
25  various times.
26      In March 2019, the Moons sought to refinance their
27  residence with a different lender and requested a payoff amount
28  from Milestone.  Milestone provided a payoff quote of

-5-

Case: 20-03117   Doc# 72   Filed: 01/31/22   Entered: 01/31/22 10:16:31   Page 5 of 25

Case: 20-03117   Doc# 110   Filed: 06/16/22   Entered: 06/16/22 18:01:38   Page 36 of 128

1  $1,288,792.28, which included what was initially called a
2  "prepayment penalty" of $115,615.06.  In later filings Milestone
3  notes the phrase "prepayment penalty" was in error, and the
4  amount represents a late charge on the principal balance in
5  accordance with the Extension.  The payoff was much higher than
6  what the Moons had anticipated, and they were ultimately unable
7  to refinance the loan.

8  **III.  PROCEDURAL HISTORY**

9       On November 18, 2019, the Moons filed a complaint in San
10  Mateo superior court against Milestone, William R. Stuart
11  ("William Stuart"); Bear Bruin Ventures, Inc. ("Bear Bruin");
12  and Evergreen Escrow, Inc. ("Evergreen") (collectively,
13  "Defendants").  On February 14, 2020, the Moons filed an Amended
14  Complaint against the same Defendants.  The Amended Complaint
15  seeks damages against the Defendants on four counts of alleged
16  wrongdoing:

17       1.   Declaratory Relief to determine the rights and
18            obligations of the Moons under the Extension;
19       2.   Breach of Contract against Milestone;
20       3.   Fraud against Stuart, Milestone, and Bear Bruin;
21       4.   Intentional Interference with a Contract by
22            Milestone and Evergreen.

23       While the lawsuit was pending, Milestone began foreclosure
24  proceedings.  After originally issuing a temporary restraining
25  order, the state court eventually denied the Moons' Motion for
26  Preliminary Injunction on September 4, 2020.  On September 10,
27  2020, the Moons filed a Notice of Appeal but on the same day,
28  Mark E. Moon filed a bankruptcy petition.  On October 16, 2020,

-6-

1  the Moons removed the Amended Complaint to this court via this

2  adversary proceeding.  Evergreen was voluntarily dismissed on

3  August 12, 2021.

4      After rounds of discovery disputes and an attempt at

5  settlement via the Bankruptcy Dispute Resolution Program, the

6  Moons filed a Motion for Partial Summary Judgment on September

7  9, 2021 (Dkt. 36) ("Moon MPSJ") and Defendants filed a Motion

8  for Summary Judgment on September 16, 2021 (Dkt. 43) ("Defendant

9  MSJ").

10     The Defendant MSJ seeks summary judgment on each of the

11  four counts of the Amended Complaint.  Anomalously, the Moon

12  MPSJ does not seek partial summary judgment on the four

13  enumerated claims of the Amended Complaint but seeks judgment on

14  three claims not found in the Amended Complaint:

15     1.   The Extension violated usury law[5];

16     2.   Milestone demanded an illegal acceleration

17          penalty from the Moons;

18     3.   Milestone illegally charged multiple late fees on

19          a single loan payment.

20     The Moons also belatedly presented a new theory of

21  interference with an economic advantage (Dkt. 49).

22  _____

23  [5]As noted above, the Moons did not raise the matter either as a
   claim or defense until the Moon MPSJ.  While the Court
24  recognizes that the Moons would not have been able to obtain
   relief by default on the usury claim in the Moon MPSJ because it
25  was not initially plead as a claim, or part of a defense, all
   parties have briefed and treated the matter in such a way, and
26  as such, the Court will consider the Defendants to have "entered
   the fray" and waived any objection on the issue of usury.  For
27  that reason, the matter is ripe for decision here and in the
   orders to follow.
28
                              -7-

1  The parties provided further briefing on the applicability
2  of this court's decision in *In re Arce Riverside LLC*, 538 B.R.
3  563 (Bankr. N.D. Cal. 2015) ("*Arce*") at the court's request.
4      For the reasons explained below, the court has determined
5  that as to the Moon MPSJ, the Moons should prevail on their
6  claims regarding usury and late fees but fail on their claim
7  regarding the acceleration penalty.  As to the Defendant MSJ,
8  Milestone should prevail as to the first claim for declaratory
9  relief and the Moons' belated claim for interference with an
10  economic advantage.  As to the breach of contract, intentional
11  interference with a contract, and fraud claims, disputes of
12  material fact remain to be resolved, and summary judgment must
13  be denied.

14  **IV.  STANDARDS GOVERNING MOTIONS FOR SUMMARY JUDGMENT**

15      On a motion for summary judgment, the court must determine
16  whether, viewing the evidence in the light most favorable to the
17  nonmoving party, there are any genuine issues of material fact
18  as to any claim, part of claim, defense, or part of defense.
19  *Simo v. Union of Needletrades, Indus. & Textile Employees,* 322
20  F.3d 602, 609-10 (9th Cir. 2003); Fed. R. Civ. P. 56.  Summary
21  judgment against a party is appropriate when the pleadings,
22  depositions, answers to interrogatories, and admissions on file,
23  together with the affidavits, if any, show that there is no
24  genuine issue as to any material fact and that the moving party
25  is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.
26      Usury may be presented as either a claim or affirmative
27  defense under California law. *See Korchemny v. Piterman*, 68 Cal.
28  5th 1032 (2021).

-8-

# V. DISCUSSION

## A. Usury Law and Exemptions

The Moon MPSJ asserts that by virtue of the Extension, Milestone charged interest in violation of the California usury law. The California Constitution fixes the maximum annual interest rate at 10% for "any loan or forbearance of any money, goods, or things in action." Cal. Const. Art. XV § 1. "The conscious and voluntary taking of more than the legal rate of interest constitutes usury and the only intent necessary on the part of the lender is to take the amount of interest which he receives; if that amount is more than the law allows, the offense is complete." *Ghirardo* at 798, quoting *Thomas v. Hunt Mfg. Co.* 42 Cal. 2d 734, 740 (Cal. 1954). "The essential elements of usury are: (1) The transaction **must be a loan or forbearance**; (2) the interest to be paid must exceed the statutory maximum; (3) the loan and interest must be absolutely repayable by the borrower; and (4) the lender must have a willful intent to enter into a usurious transaction." *Ghirardo* at 798 (emphasis added). On its face, therefore, the Original Loan violated the usury law unless an exemption saved it.

There are multiple exemptions to California's usury law, including loans made by nationally chartered banks and certain licensed businesses, Cal. Fin. Code § 22050, and pawnbrokers, Cal. Bus. And Prof. Code § 21626. These and other exemptions are not at issue here. The only exemption which is potentially applicable is Cal. Civ. Code § 1916.1 ("§ 1916.1"), which deals with loans or forbearances arranged by licensed real estate brokers:

-9-

Case: 20-03117   Doc# 72   Filed: 01/31/22   Entered: 01/31/22 10:16:31   Page 9 of 25

```
1         For the purposes of this section, a loan or
2    forbearance is arranged by a licensed real
3    estate broker when the broker:
4    (1) acts for compensation or in expectation of
5    compensation for soliciting, negotiating, or
6    arranging the loan for another,
7    (2) acts for compensation or in expectation of
8    compensation for selling, buying, leasing,
9    exchanging, or negotiating the sale, purchase,
10   lease, or exchange of real property or a
11   business for another **and**
12            (A) arranges a loan to pay all or any
13            portion of the purchase price of, or of
14            an improvement to, that property or
15            business or
16            (B) arranges a forbearance, extension, or
17            refinancing of any loan in connection
18            with that sale, purchase, lease, exchange
19            of, or an improvement to, real property
20            or a business, or
21   (3) arranges or negotiates for another a
22   forbearance, extension, or refinancing of any
23   loan secured by real property in connection
24   with a past transaction in which the broker
25   had acted for compensation or in expectation
26   of compensation for selling, buying, leasing,
27   exchanging, or negotiating the sale, purchase,
28
```

-10-

1      lease, or exchange of real property or a

2      business.

3  Cal. Civ. Code § 1916.1 (emphasis added). "A forbearance is

4  an agreement not to insist upon payment at the date of maturity

5  of a debt, or the giving of further time to pay." *Arce*, at 571,

6  citing *Buck v. Dahlgren*, 23 Cal. App. 3d 779, 785 (Cal. Ct. App.

7  1972). A forbearance can be agreed upon before the debt comes

8  due, *see, e.g., Jones v. Wells Fargo Bank*, 112 Cal. App. 4th

9  1527 (Cal. Ct. App. 2003) (forbearance arranged months prior to

10 Maturity Date of loan).

11     Here, the Extension modified the Original Loan in some

12 ways, including by extending the Maturity Date. It also lowered

13 the interest rate slightly, but not below the maximum permitted

14 by usury law if not eligible for an exemption. The Extension

15 must be considered a forbearance even if the parties neglected

16 to call it by its name.

17     "Note that there are only two instances of forbearance

18 mentioned [in § 1916.1]: in connection with a sale and in

19 connection with a past sale in which the broker acted as such."

20 *Arce,* 538 B.R. at 574. Neither applies here. The statute

21 "provides a restricted definition of the term "arranged" in

22 relation to a forbearance." *The Law of Usury*, Miller and Starr

23 California Real Estate 4th § 37:6. The statute painstakingly

24 sets forth the instances in which a forbearance negotiated by a

25 real estate broker would be exempt under usury law: when that

26 broker was previously involved in arranging the original loan

27 and that loan was in connection with a sale, lease, or other

28 transaction, or when that broker had previously arranged for the

-11-

sale, lease or other transaction for compensation.
§ 1916.1(2)(B), (3). Conspicuously absent from those instances
is a scenario in which a forbearance is arranged on a simple
loan of money secured by real estate, with no other sale, lease,
or other transaction involved. This court cannot create an
exemption here to save Milestone.

Mr. Fournier, the licensed real estate broker involved in
the making of the initial loan, was not involved in the
Extension. While Milestone belatedly attempts to argue that
Carolyn Stuart, one of Milestone's owners, was a licensed broker
involved in the creation of the Extension, this assertion is
contradicted by Milestone's own prior documents, which show
absolutely no involvement by Ms. Stuart in the making of the
Extension. No licensed real estate broker was involved in the
making of the Extension. However, whether a real estate broker
(including Ms. Stuart) was involved in the making of the
Extension is ultimately an immaterial fact, because the
Extension is a forbearance of a type which falls outside of
California's carefully crafted usury exemptions.

        i.    ***Ghirardo* Involves a Credit Sale, Not a
                Forbearance**

Milestone relies on *Ghirardo*[6] for the proposition that the
Extension is neither a loan or forbearance and therefore outside
the bounds of usury law.

--------

[6] Milestone also relies on *DCM Partners v. Smith*, 228 Cal. App.
3d 729, 278 Cal. Rptr. 778 (1991). *DCM* contains facts and
reasoning nearly identical to *Ghirardo*. Any analysis of
*Ghirardo* here is equally applicable to *DCM*.

-12-

1      In *Ghirardo*, the defendant Antonioli[7] purchased real
2  property in a seller-financed transaction (also known as a
3  credit sale) in which a promissory note was executed in favor of
4  the sellers.  Antonioli then sold the property to another party,
5  who then sold the property to plaintiff Ghirardo via another
6  seller-financed transaction, in which Ghirardo would pay his
7  seller, and that seller would then pay Antonioli.  A payment
8  dispute arose.  Ghirardo and Antonioli came to a settlement
9  which cut out the middleman and increased the interest rate.
10  Later, Ghirardo sued Antonioli for charging a usurious interest
11  rate on the new note.  The *Ghirardo* court explained the
12  negotiated promissory note fell outside usury law entirely,
13  because the original transaction was a credit sale, not a loan
14  or forbearance.  In a credit sale, "the seller finances the
15  purchase of property by extending payments over time and
16  charging a higher price for carrying the financing.  This type
17  of transaction . . . is not subject to the usury law because it
18  does not involve a loan or forbearance." *Ghirardo* at 803
19  (quoting *Southwest Concrete Products v. Gosh Construction Corp*.
20  51 Cal. 3d 701, 705 (Cal. 1990)).  Ghirardo argued the modified
21  promissory note resulted in a forbearance.  The court disagreed.
22  Simply put, a re-negotiated credit sale is still a credit sale.
23  It was not a loan.
24      Milestone likens the Extension to the type of settlement
25  found in *Ghirardo*: an agreement which is not a loan or

---

27
28 [7] The Defendants were a married couple, the Antoniolis. The
California Supreme Court referred to the Antoniolis in the
singular, so this Court does so as well.

-13-

1   forbearance and therefore falls outside of usury entirely.
2   However, the facts of this case are much closer to what this
3   court previously encountered in *Arce,* which involved a simple
4   loan secured by real estate, and a subsequent forbearance that
5   ran afoul of § 1916.1.  For the reasons set forth above, the
6   Extension is likewise a forbearance.  It was not the extension
7   of a credit sale and is thus not comparable to *Ghirardo*.
8   Milestone's assertion that the Extension is something other than
9   a forbearance is incorrect.  The most critical element—a loan of
10  money followed by a forbearance—was what this was.

11      **ii.  The Extension is Not Exempt Simply Because the**
12          **Original Loan was Exempt**

13      Milestone also relies on *Ghirardo* for the premise that an
14  originally non-usurious transaction cannot be transformed into a
15  usurious transaction at a later point.  This again is a
16  misstatement of *Ghirardo*, which involved a type of transaction
17  that fell outside of usury because it was not a loan in the
18  first instance.  No modification of that agreement could
19  transform the transaction into a loan or forbearance of a loan.

20      The reliance on *Ghirardo* is also an incorrect statement of
21  law, since non-usurious loans *can* be transformed into usurious
22  forbearances under certain circumstances.  For instance, in
23  *Arce*, an originally non-usurious loan was transformed into a
24  usurious forbearance due to the increased interest rate and the
25  absence of any statutory exemption such as involvement of a
26  licensed real estate broker.  Upon determining that the
27  modification was a forbearance, this court concluded that the
28  forbearance did not fall within the exemptions of § 1916.1.

-14-

Were that so, the increased interest would not have violated usury law.  Despite the anomalous result, this court reasoned that the Legislature "knew what it was saying and meant what it said" when it limited the real estate broker exemption to forbearances only in very limited contexts.  *Arce*, 538 B.R. at 674.

Here, the loan providing for interest above ten percent is unlike *Ghirardo* (a credit transaction) or *Arce* (originally below ten percent).  The loan was not non-usurious, but rather a usurious loan subject to an exemption.  The difference between a non-usurious loan and a loan subject to an exemption is slight but distinct, and not just a matter of semantics.  One is outside of usury law entirely, and the other is within usury law but subject to an exemption to that law.  Once the exemption (no real estate broker involved) ceased to apply, the exemption disappeared, and the transaction became subject to the full consequences of the usury law.

The California General Assembly enacted § 1916.1 on the basis that "real estate brokers are qualified by the state on the basis of education, experience, and examination, and that the licenses of real estate brokers can be revoked or suspended." Cal. Stats 1983 Ch. 307, Sec. 2.  The legislature was careful to only exempt those forbearances that were in connection with sales, leases, or other exchanges of property.

The Extension does not fit within the exemption for forbearances set forth in § 1916.1.  A loan broker was not involved in the making of the Extension, and even so, the Extension was not in connection with a sale, lease, or other

-15-

Case: 20-03117   Doc# 72   Filed: 01/31/22   Entered: 01/31/22 10:16:31   Page 15 of 25

Case: 20-03117   Doc# 110   Filed: 06/16/22   Entered: 06/16/22 18:01:38   Page 46 of 128

1  type of exchange of property.  It makes no difference that the
2  Extension slightly lowered the interest rate of the Original
3  Loan: the bright lines of § 1916.1 are clear.  The law is
4  equally clear that it does not matter if a creditor intended to
5  stay within the usury exemption, and if the intent to loan a
6  usurious amount of interest exists without an exemption, then
7  the element of intent to commit usury has been met.

8      While the outcome may seem harsh, the court and the parties
9  must keep in mind that the goal of all usury law is to prevent
10 the making of usurious loans.  Hard-money lenders have options
11 if they are not eligible for the protection of § 1916.1.
12 Milestone had the option to get licensed, lower the interest
13 rate, or foreclose on the property, however unappealing and
14 consequential that would have been to the Moons.

15     The Extension's interest rate and default interest rate
16 both violated California's usury law.  Due to Milestone's
17 violation of usury law, Milestone is entitled only to the
18 principal balance of the Extension minus the amount of usurious
19 interest paid. *See, e.g., Westman v. Dye* 214 Cal. 28, 31–38
20 (1931); *District Bond Co. v. Haley* (1935) 2 Cal. 2d 308, 311;
21 *Shirley v. Britt* 152 Cal. App. 2d 666, 670 (Cal. Ct. App. 1957);
22 *Korchemny v. Piterman*, 68 Cal. App. 5th 1032, 1043 (Cal. Ct.
23 App. 2021).

24     **B. The 10% Fee on the Balloon Payment**

25     Next, the Moons' MPSJ argues that the $115,615.06 charge
26 associated with a 10% fee on the Moons' balloon payment,
27 initially called an "acceleration penalty" by Evergreen, was an
28 unlawful penalty.  This penalty was not part of the Original

-16-

Loan but was inserted into the terms of the loan by the Extension.  Milestone contends the fee was a bargained-for and reasonable estimated amount of liquidated damages.

Both parties frame the issue of whether the 10% fee on the balloon is permissible in the context of liquidated damages. Upon its previous finding of usury, the court must first consider whether such the 10% fee should be deemed to be part and parcel of the interest the court has found to be usurious. The court concludes that the fee should be deemed separate from the interest (and default interest) set forth in the Loan and the Extension.

"Interest is the compensation allowed by law or fixed by the parties for the use, forbearance, or detention of money." Cal. Civ. Code § 1915.  Liquidated damages are a pre-set measure of damages agreed upon by parties to a contract "[t]o avoid uncertainty and the cost of litigation if a breach occurs." *Poseidon Development, Inc. v. Woodland Lane Estates, LLC*, 152 Cal. App. 4th 1106, 1115 (2007) (internal citations omitted). The court concludes that the liquidated damages provision of the Extension stands separately from the interest charged by the Extension.  Even if the loan were not deemed to be usurious, the court would still need to determine whether the liquidated damages provision, which is pegged solely to the principal balance of the Extension, is permissible.

"A provision in a contract liquidating the damages for the breach of the contract is valid unless the party seeking to invalidate the provision establishes that the provision was

-17-

unreasonable under the circumstances existing at the time the contract was made." *Id.*, quoting Cal. Civ. Code § 1671(b).

"A liquidated damages clause will generally be considered unreasonable, and hence unenforceable under section 1671(b), if it bears no reasonable relationship to the range of actual damages that the parties could have anticipated would flow from a breach." *Krechuniak v. Noorzoy,* 11 Cal. App. 5th 713, 722 (2017) (*citing Ridgley v. Topa Thrift & Loan Ass'n,* 17 Cal. 4th 970, 977 (1998)). Whether the damages are reasonable under circumstances is a "question of law when the facts are undisputed and susceptible of only one reasonable interpretation." *Krechuniak* at 723.

In *Poseidon*, the parties executed a promissory note that provided for interest-only monthly payments, and a final balloon payment. The promissory note stated that because any late payments would cause the lender to incur costs that would be "difficult or otherwise impractical to assess," a 10% fee would be imposed on every late-paid installment. The note was silent as to whether this fee applied to the balloon payment when due. The court found that even though a balloon payment may be considered an "installment," the 10% fee as applied to the balloon payment would be an unenforceable penalty under Cal. Civ. Code § 1671(b).

The original Promissory Note was like *Poseidon*, providing for late charges only on installment payments. The Extension, drafted without a broker, modified the language to include a late charge on top of the balloon payment.

-18-

1    While the language of the liquidated damages clause in both
2    the Promissory Note and in the Extension states that calculation
3    of damages is extremely difficult, that does not explain why a
4    new 10% charge on a hefty balloon payment would suddenly be
5    necessary to make Milestone whole in the event of default.
6    Milestone is fully able to calculate the unpaid principal it is
7    owed and the advances in taxes and insurance it made.  Milestone
8    argues that the 10% fee also contemplates the lost points and
9    profit it would have made had it been able to re-lend the money
10   owed.  This belated suggestion of damages does not account for
11   the 10% being chargeable whether the Moons were one day late or
12   many months late. *Dobson Bay Club IIDD, LLC v. La Sonrisa de*
13   *Diena, LLC*, 242 Ariz. 108 (Ariz. 2017) (finding a 5% fee on a
14   loan's balloon payment to be an unenforceable penalty).

15       Accordingly, the $115,615.06 is an illegal penalty under
16   Cal. Civ. Code § 1671(b).[8]

17       **C. Multiple Late Charges**

18       The Moon MPSJ alleges that Milestone violated Cal. Civ.
19   Code § 2954.4, which addresses "late payment charges on real
20   estate loans encumbering single-family owner-occupied
21   dwellings."  This law provides that "[a] charge may not be
22   imposed more than once for the late payment of the same
23   installment. . . For the purposes of determining whether late
24   charges may be imposed, any payment tendered by the borrower
25   shall be applied by the lender to the most recent installment

26   _____
27   [8] The court also presumes, but need not decide, that the fee on
     the balloon is also an illegal usury amount, similar to the
28   "bonus" that was disallowed as usurious in *Jones v. Dickerman*,
     114 Cal. App. 357 (1931).

                                    -19-

due." Cal. Civ. Code § 2954.4(a)-(b).  Loans arranged by a
licensed real estate broker are exempt from this law. Sec.
2954.4(e).

     Milestone does not dispute that its late fee practices
would contravene § 2954.4, if not for the exemption provision of
subsection (e).  Unlike § 1916.1, § 2954.4 does not provide for
specific instances in which forbearances must be treated
differently.

     Thus, because the Original Loan undisputedly involved a
real estate broker, § 2954.4 does not apply to the late fees
charged on either the Original Loan or the Extension.

     The court agrees with Milestone's assessment.  Even the
Moons' Reply (Dkt. 61) indicates agreement with Milestone and
states that "[t]here is *only one loan* in this case, the June
2015 $795,000 loan that is secured by the 2015 Deed of Trust.
The September 2016 document by its terms, is an extension of
that June 2015 loan.  There is only one loan and all the
payments by the Moons are covered by § 2954.4." (Dkt. 61 at 13).

     There is no factual dispute here.  Both parties agree that
the Original Loan brokered by Mr. Fournier controls.

     Accordingly, the court concludes as a matter of law that
the late fee exemption of § 2954.4(e) applies to the Extension.
Milestone is entitled to recover its unpaid late charges.

     D. **Declaratory Relief**

     A party to a contract may seek declaratory relief in a
California state court to determine each party's rights and
obligations under a contract. Cal. Code Civ. Proc. § 1060.  This
relief is sought by the Moons in the Amended Complaint.  Such

                              -20-

1  relief is too generalized when applied to the facts presented,
2  and the types of rights and obligations which each party seeks
3  to clarify are addressed by the rest of this decision.  The
4  Moons are not entitled to any recovery on their First Count of
5  the Amended Complaint, and Milestone is entitled to partial
6  judgment on that claim.

7      **E. <u>Breach of Contract</u>**

8      "A breach of contract is the wrongful, i.e., the
9  unjustified or unexcused, failure to perform the terms of a
10 contract." *Chen v. Paypal, Inc.*, 61 Cal. App.5th 559, 570
11 (2021).  The Amended Complaint alleges that Milestone breached
12 its contract with the Moons "by demanding a payoff amount far in
13 excess of the amount required by any contract, and demanding
14 amounts that were illegal under the law" (Dkt 1-7, pg. 6).

15     The Extension entered by the Plaintiffs released any and
16 all claims in existence prior to September 1, 2016.  Any breach
17 of contract relating to acts by Milestone prior to the Extension
18 has been waived.

19     It is an as-yet unanswered question whether the payoff
20 requested in 2019 was indeed in excess of what was owed by the
21 Moons.  Because the true amount of the payoff is unknown, and it
22 is a factual question as to whether an incorrect payoff
23 statement amounts to a breach on the part of Milestone, the
24 court will deny the Defendant MSJ on that portion of the Second
25 Count of the Amended Complaint.

26     **F. <u>Fraud</u>**

27     The elements of fraud are: (1) a misrepresentation (false
28 representation, concealment, or nondisclosure); (2) knowledge of

                                -21-

falsity (or scienter); (3) intent to defraud, i.e., to induce
reliance; (4) justifiable reliance; and (5) resulting damage.
*Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979
(2004).  The Moons allege Defendants committed fraud by inducing
them to enter an Extension which represented more money than
what the Moons owed to Milestone at the time and resulted in a
too-high payoff amount in 2019.  As stated above, the Moons
knowingly released all claims related to actions taken by
Defendants prior to September 1, 2016.  However, the same
material fact issue related to the breach of contract claim also
remains for the fraud claim: whether in 2019 Milestone knowingly
issued a false payoff amount to the Moons, and whether the Moons
knew of or relied on the falsity of the payoff amount. The court
will deny the Defendant MSJ on the Third Count of the Amended
Complaint.

    **G. Intentional Interference with a Contract**

    The elements of intentional interference with contract are
"(1) a valid contract between the plaintiff and a third party,
(2) the defendant's knowledge of that contract, (3) the
defendant's intentional acts designed to induce a breach or
disruption of the contractual relationship, (4) actual breach or
disruption of the contractual relationship, and (5) resulting
damage." *Reeves v. Hanlon*, 33 Cal. 4th 1140 (2004).

    The Moons have made a showing that there is a factual
dispute as to whether there was a valid contract between the
Moons and the third party with which the Moons were seeking to
refinance, and that production of such a contract is plausible.
Because a material fact regarding the claim is in dispute, the

Case: 20-03117   Doc# 72   Filed: 01/31/22   Entered: 01/31/22 10:16:31   Page 22 of
25

Case: 20-03117   Doc# 110   Filed: 06/16/22   Entered: 06/16/22 18:01:38   Page 53 of
128

1  court will deny the Defendant MSJ on the Fourth Count of the
2  Amended Complaint.

3      **H. Intentional Interference with an Economic Advantage**

4      The Moons attempted belatedly to insert an additional claim
5  for Interference with an Economic Advantage in their Opposition
6  to the Defendant MSJ (Dkt. 49) in case the court finds there is
7  merely a non-binding intention to enter into a contract.
8  Because such a claim was not plead in the Amended Complaint, or
9  even the Moon MPSJ, the Moons cannot prevail and must move
10  forward only on their initially plead claim for Intentional
11  Interference with a Contract.  Milestone is entitled to partial
12  summary judgment on that unnumbered claim.

13  **VI. DISPOSITION**

14      For the foregoing reasons:

15  A.   The Moon MPSJ will be GRANTED on the usury claim and on
16       the claim regarding the 10% acceleration charge on the
17       balloon payment; in all other respects it will be
18       DENIED.  What the Moons have paid in interest will be
19       credited to the principal and all accrued interest, at
20       least as of the Maturity Date of the Extension, will be
21       eliminated.

22  B.   Because of the usury savings clause and the unique
23       history of this case and the conduct of the parties, the
24       court will not consider punitive or other damages.

25  C.   After further briefing and argument, or consent by the
26       parties, the court will determine what Milestone is
27       entitled to by way of reimbursement of taxes, insurance
28       and other advances or costs.  This would result in

-23-

Case: 20-03117   Doc# 72   Filed: 01/31/22   Entered: 01/31/22 10:16:31   Page 23 of 25

Case: 20-03117   Doc# 110   Filed: 06/16/22   Entered: 06/16/22 18:01:38   Page 54 of 128

| | |
|---|---|
| 1 | amount owing as of the July 31, 2019 Maturity Date of |
| 2 | $902,52.34 MINUS interest actually paid through July 31, |
| 3 | 2019, PLUS insurance, taxes and other costs advanced by |
| 4 | Milestone. |
| 5 | D. After further briefing and argument, or consent by the |
| 6 | parties, the court will determine the amount, if any, of |
| 7 | interest accrued and owing after the Maturity Date of |
| 8 | the Extension. |
| 9 | E. The Milestone MSJ will be GRANTED, in part, on the claim |
| 10 | for late charges and on the First Count of the Amended |
| 11 | Complaint. |
| 12 | F. The Milestone MSJ will be DENIED as to the Second, |
| 13 | Third, and Fourth Claims of the Amended Complaint. |
| 14 | G. After further briefing and argument, or consent by the |
| 15 | parties, the court will issue orders consistent with the |
| 16 | foregoing. |
| 17 | **END OF MEMORANDUM DECISION** |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

-24-

1                          <u>COURT SERVICE LIST</u>

2     ECF Recipients

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -25-

Case: 20-03117    Doc# 72    Filed: 01/31/22    Entered: 01/31/22 10:16:31    Page 25 of
25

# EXHIBIT "3"

Page 53

McDonnell Reasonable Fee Analysis

| Date | Time | Description | | | REASONABLE TIME | | $ | Amount | | Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 6/18/2019 | 0.30 | | | | | | $ | 0.30 | | 0.00 |
| 6/24/2019 | 2.00 | BB | | | 1.60 | | $ | 1.60 | | 0.40 |
| 7/1/2019 | 1.10 | | | | | | $ | 1.10 | | 0.00 |
| 7/16/2019 | 0.50 | HC BILLED 0.1 | | | 0.10 | | $ | 0.10 | | 0.40 |
| 7/25/2019 | 0.60 | LD | | | 0.48 | | $ | 0.48 | | 0.12 |
| 7/26/2019 | 1.30 | | | | | | $ | 1.30 | | 0.00 |
| 7/26/2019 | 1.30 | BB, LD | | | 0.70 | | $ | 0.70 | | 0.60 |
| 7/29/2019 | 5.10 | BB,LD | | | 2.50 | | $ | 2.50 | | 2.60 |
| 7/30/2019 | 1.90 | BB, LD | | | 1.00 | | $ | 1.00 | | 0.90 |
| 7/31/2019 | | | | | | | $ | - | | 0.00 |
| | | | | | | | | | | |
| 8/7/2019 | 0.00 | | | | | | $ | - | | 0.00 |
| 8/8/2019 | 0.80 | | | | | | $ | 0.80 | | 0.00 |
| 9/10/2019 | 1.00 | BB, LD | | | 0.50 | | $ | 0.50 | | 0.50 |
| 9/11/2019 | 2.20 | BB, LD | | | 1.50 | | $ | 1.50 | | 0.70 |
| 9/17/2019 | 0.60 | | | | | | $ | 0.60 | | 0.00 |
| 9/18/2019 | 1.10 | | | | | | $ | 1.10 | | 0.00 |
| 11/10/2019 | 0.00 | | | | | | $ | - | | 0.00 |
| 11/12/2019 | 1.60 | TMT, LD | | | 0.80 | | $ | 0.80 | | 0.80 |
| 11/13/2019 | 2.30 | TMT, LD | | | 1.00 | | $ | 1.00 | | 1.30 |
| 11/15/2019 | 1.50 | TMT, LD | | | 1.00 | | $ | 1.00 | | 0.50 |
| 11/16/2019 | 3.30 | TMT, LD | | | 2.00 | | $ | 2.00 | | 1.30 |
| 11/18/2019 | 0.60 | | | | | | $ | 0.60 | | 0.00 |
| 12/11/2019 | 1.80 | BB | | | 1.44 | | $ | 1.44 | | 0.36 |
| 12/16/2019 | 0.40 | | | | | | $ | 0.40 | | 0.00 |
| 12/17/2019 | 0.30 | | | | | | $ | 0.30 | | 0.00 |
| 12/19/2019 | 1.30 | | | | | | $ | 1.30 | | 0.00 |
| 12/27/2019 | 3.30 | BB | | | 2.00 | | $ | 2.00 | | 1.30 |
| 12/30/2019 | 0.50 | | | | | | $ | 0.50 | | 0.00 |
| | | | | | | | | | | |
| 1/2/2020 | 1.70 | BB, LD | | | 1.36 | | $ | 1.36 | | 0.34 |
| 1/3/2020 | 0.80 | | | | | | $ | 0.80 | | 0.00 |
| 1/7/2020 | 1.30 | | | | | | $ | 1.30 | | 0.00 |
| 1/8/2020 | 1.90 | | | | | | $ | 1.90 | | 0.00 |
| 1/9/2020 | 0.40 | | | | | | $ | 0.40 | | 0.00 |
| 1/10/2020 | 0.70 | FALSE ENTRY SAYS NO CHARGE | | | 0.00 | | $ | 0.70 | | 0.00 |
| 1/11/2020 | 0.40 | | | | | | $ | 0.40 | | 0.00 |
| 1/13/2020 | 4.80 | TMT | | | 3.00 | | $ | 3.00 | | 1.80 |
| 1/23/2020 | 0.00 | | | | | | $ | - | | 0.00 |
| 1/30/2020 | 0.80 | NO ENTRY ON MY TIME RECORDS | | | 0.00 | | $ | 0.80 | | 0.00 |
| 2/3/2020 | 2.30 | BB, LD | | | 1.84 | | $ | 1.84 | | 0.46 |
| 2/4/2020 | 4.40 | BB, LD, TMT | | | 2.00 | | $ | 2.00 | | 2.40 |
| 2/5/2020 | 1.00 | BB, LD, TMT | | | 0.80 | | $ | 0.80 | | 0.20 |
| 2/6/2020 | 0.50 | BB, LD, TMT | | | 0.30 | | $ | 0.30 | | 0.20 |
| 2/10/2020 | 1.50 | | | | | | $ | 1.50 | | 0.00 |
| 2/14/2020 | 4.50 | BB, LD | | | 3.00 | | $ | 3.00 | | 1.50 |
| 2/18/2020 | 1.40 | BB | | | 1.00 | | $ | 1.00 | | 0.40 |
| 2/19/2020 | 1.60 | BB | | | 1.28 | | $ | 1.28 | | 0.32 |
| | | | | | | | | | | |
| 3/5/2020 | 2.00 | BB | | | 1.00 | | $ | 1.00 | | 1.00 |
| 3/9/2020 | 0.60 | | | | | | $ | 0.60 | | 0.00 |
| 3/10/2020 | 0.40 | | | | | | $ | 0.40 | | 0.00 |
| 3/11/2020 | 0.50 | BB N/A TO CASE | | | 0.00 | | $ | 0.50 | | 0.00 |
| 3/12/2020 | 0.80 | | | | | | $ | 0.80 | | 0.00 |
| 3/19/2020 | 0.30 | | | | | | $ | 0.30 | | 0.00 |
| 5/20/2020 | 1.10 | TMT | | | 0.40 | | $ | 0.40 | | 0.70 |
| 5/21/2020 | 1.40 | BB | | | 0.70 | | $ | 0.70 | | 0.70 |
| 5/22/2020 | 1.00 | LD | | | 0.80 | | $ | 0.80 | | 0.20 |
| 5/24/2020 | 0.40 | | | | | | $ | 0.40 | | 0.00 |
| 5/24/2020 | 0.20 | | | | | | $ | 0.20 | | 0.00 |
| 5/29/2020 | 3.00 | TMT | | | 2.00 | | $ | 2.00 | | 1.00 |

Page 54

| Date | Hours | Description | | | | | $ | | |
|---|---|---|---|---|---|---|---|---|---|
| 6/1/2020 | 0.60 | | | | | | $ 0.60 | | 0.00 |
| 6/8/2020 | 2.70 | BB, TMT | | | 1.50 | | $ 1.50 | | 1.20 |
| 6/9/2020 | 2.50 | BB | | | 1.00 | | $ 1.00 | | 1.50 |
| 6/12/2020 | 0.30 | | | | | | $ 0.30 | | 0.00 |
| 6/13/2020 | 1.60 | | | | | | $ 1.60 | | 0.00 |
| 6/14/2020 | 1.60 | | | | | | $ 1.60 | | 0.00 |
| 6/16/2020 | 4.70 | BB, LD | | | 3.00 | | $ 3.00 | | 1.70 |
| 6/17/2020 | 6.00 | BB | | | 3.00 | | $ 3.00 | | 3.00 |
| 6/18/2020 | 5.40 | BB | | | 2.70 | | $ 2.70 | | 2.70 |
| 6/19/2020 | 4.80 | BB, TMT | | | 2.40 | | $ 2.40 | | 2.40 |
| 6/17/2020 | 0.40 | | | | | | $ 0.40 | | 0.00 |
| 6/17/2020 | 0.40 | DUP ENTRY TO 6/17 | | | 0.00 | | $ 0.40 | | 0.00 |
| 6/20/2020 | 1.90 | BB | | | 1.00 | | $ 1.00 | | 0.90 |
| 6/22/2020 | 1.50 | BB | | | 1.00 | | $ 1.00 | | 0.50 |
| 6/23/2020 | 2.80 | DUP PRIOR TRO WORK | | | 0.00 | | $ 2.80 | | 0.00 |
| 6/24/2020 | 2.60 | ATTY DOING MESSENGER WORK | | | 1.00 | | $ 1.00 | | 1.60 |
| 6/2/2020 | 0.40 | | | | | | $ 0.40 | | 0.00 |
| 6/27/2020 | 0.40 | | | | | | $ 0.40 | | 0.00 |
| 6/29/2020 | 2.40 | BB | | | 1.92 | | $ 1.92 | | 0.48 |
| 6/29/2020 | 0.70 | | | | | | $ 0.70 | | 0.00 |
| 6/30/2020 | 3.60 | BB | | | 2.88 | | $ 2.88 | | 0.72 |
| 6/30/2020 | 0.60 | | | | | | $ 0.60 | | 0.00 |
| | | | | | | | $ - | | 0.00 |
| 7/1/2020 | 1.50 | BB | | | 1.20 | | $ 1.20 | | 0.30 |
| 7/6/2020 | 3.00 | BB,LD, TMT | | | 1.50 | | $ 1.50 | | 1.50 |
| 7/7/2020 | 0.60 | | | | | | $ 0.60 | | 0.00 |
| 7/8/2020 | 8.20 | BB, LD, TMT | | | 6.00 | | $ 6.00 | | 2.20 |
| 7/9/2020 | 6.20 | BB, LD, TMT | | | 4.00 | | $ 4.00 | | 2.20 |
| 7/10/2020 | 7.30 | BB, LD, TMT | | | 4.00 | | $ 4.00 | | 3.30 |
| 7/13/2020 | 2.10 | TMT, LD | | | 1.50 | | $ 1.50 | | 0.60 |
| 7/14/2020 | 1.30 | BB | | | 1.00 | | $ 1.00 | | 0.30 |
| 7/15/2020 | 1.20 | BB, TMT | | | 1.00 | | $ 1.00 | | 0.20 |
| 7/15/2020 | 0.30 | | | | | | $ 0.30 | | 0.00 |
| 7/20/2020 | 0.90 | LD | | | 0.70 | | $ 0.70 | | 0.20 |
| 7/21/2020 | 3.30 | LD, TMT | | | 2.00 | | $ 2.00 | | 1.30 |
| 7/22/2020 | 0.50 | LD | | | 0.30 | | $ 0.30 | | 0.20 |
| 7/23/2020 | 1.10 | BB, LD, TMT | | | 0.75 | | $ 0.75 | | 0.35 |
| 7/24/2020 | 2.80 | BB, LD, TMT | | | 2.00 | | $ 2.00 | | 0.80 |
| 7/25/2020 | | | | | | | $ - | | 0.00 |
| 7/27/2020 | 0.40 | | | | | | $ 0.40 | | 0.00 |
| 7/29/2020 | 1.20 | | | | | | $ 1.20 | | 0.00 |
| 7/31/2020 | 5.60 | BB, LD, TMT | | | 3.00 | | $ 3.00 | | 2.60 |
| | | | | | | | | | |
| 8/1/2020 | 5.70 | BB, LD, TMT | | | 3.00 | | $ 3.00 | | 2.70 |
| 8/2/2020 | 0.40 | | | | | | $ 0.40 | | 0.00 |
| 8/3/2020 | 3.70 | BB, LD | | | 2.00 | | $ 2.00 | | 1.70 |
| 8/4/2020 | 0.80 | | | | | | $ 0.80 | | 0.00 |
| 8/6/2020 | 1.60 | TMT | | | 0.70 | | $ 0.70 | | 0.90 |
| 8/10/2020 | 0.30 | | | | | | $ 0.30 | | 0.00 |
| 8/12/2020 | 0.40 | | | | | | $ 0.40 | | 0.00 |
| 8/14/2020 | 1.20 | LD, BB | | | 0.75 | | $ 0.75 | | 0.45 |
| 8/17/2020 | 0.40 | | | | | | $ 0.40 | | 0.00 |
| 8/17/2020 | 2.80 | BB,LD,TMT | | | 2.00 | | $ 2.00 | | 0.80 |
| 8/18/2020 | 1.40 | BB | | | 0.75 | | $ 0.75 | | 0.65 |
| 8/19/2020 | 3.30 | BB, LD, TMT | | | 2.00 | | $ 2.00 | | 1.30 |
| 8/20/2020 | 2.40 | BB, LD, TMT | | | 1.00 | | $ 1.00 | | 1.40 |
| 8/24/2020 | 2.20 | | | | | | $ 2.20 | | 0.00 |
| 8/25/2020 | 0.80 | | | | | | $ 0.80 | | 0.00 |
| 8/27/2020 | 1.70 | | | | | | $ 1.70 | | 0.00 |
| 8/31/2020 | 1.80 | BB, LD | | | 1.00 | | $ 1.00 | | 0.80 |
| 9/2/2020 | 2.00 | BB,LD,TMT | | | 1.00 | | $ 1.00 | | 1.00 |

Page 55

| Date | | Description | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 9/3/2020 | 2.50 | TMT | | | 1.50 | $ | 1.50 | 1.00 |
| 9/4/2020 | 0.40 | | | | 0.30 | $ | 0.40 | 0.00 |
| 9/7/2020 | 0.50 | BB | | | 0.30 | $ | 0.30 | 0.20 |
| 9/8/2020 | 2.10 | BB,LD,TMT | | | 1.50 | $ | 1.50 | 0.60 |
| 9/9/2020 | 1.00 | BB, LD | | | 0.50 | $ | 0.50 | 0.50 |
| | | | | | | | | |
| 9/10/2020 | 0.30 | | | | | $ | 0.30 | 0.00 |
| 9/11/2020 | 0.20 | | | | | $ | 0.20 | 0.00 |
| 9/14/2020 | 0.50 | | | | | $ | 0.50 | 0.00 |
| 9/15/2020 | 0.30 | | | | | $ | 0.30 | 0.00 |
| 9/18/2020 | 1.50 | | | | | $ | 1.50 | 0.00 |
| 9/20/2020 | 0.70 | | | | | $ | 0.70 | 0.00 |
| 9/25/2020 | 0.50 | | | | | $ | 0.50 | 0.00 |
| 10/3/2020 | 1.10 | BILLED PREVIOUSLY FOR SAME WORK | | | 0.00 | $ | 1.10 | 0.00 |
| 10/6/2020 | 0.60 | | | | | $ | 0.60 | 0.00 |
| 10/7/2020 | 1.80 | BB, LD, TMT | | | 1.00 | $ | 1.00 | 0.80 |
| 10/12/2020 | 3.80 | LD, TMT | | | 2.00 | $ | 2.00 | 1.80 |
| 10/13/2020 | 0.20 | | | | | $ | 0.20 | 0.00 |
| 10/14/2020 | 2.60 | TMT WITH 10/12/20 ENTRY | | | 1.00 | $ | 1.00 | 1.60 |
| 10/15/2020 | 1.30 | | | | | $ | 1.30 | 0.00 |
| 10/16/2020 | 0.30 | | | | | $ | 0.30 | 0.00 |
| 10/19/2020 | 1.50 | BB, LD, TMT | | | 1.10 | $ | 1.10 | 0.40 |
| 10/22/2020 | 1.00 | | | | | $ | 1.00 | 0.00 |
| 10/28/2020 | 0.60 | LD | | | 0.30 | $ | 0.30 | 0.30 |
| 10/29/2020 | 0.50 | | | | | $ | 0.50 | 0.00 |
| 11/10/2020 | 0.80 | | | | | $ | 0.80 | 0.00 |
| 11/16/2020 | 0.60 | | | | | $ | 0.60 | 0.00 |
| | | | | | | | | |
| 12/9/2020 | 1.00 | LOW LEVEL RESEARCH FOR THAT RATE | | | 0.25 | $ | 0.25 | 0.75 |
| 12/14/2020 | | | | | | $ | - | 0.00 |
| 12/17/2020 | 0.80 | | | | | $ | 0.80 | 0.00 |
| 12/18/2020 | 1.00 | | | | | $ | 1.00 | 0.00 |
| 12/23/2020 | 1.50 | BB, TMT | | | 0.60 | $ | 0.60 | 0.90 |
| 1/4/2021 | 2.30 | | | | | $ | 2.30 | 0.00 |
| 1/7/2021 | | | | | | $ | - | 0.00 |
| 1/15/2021 | | | | | | $ | - | 1.00 |
| 1/18/2021 | 1.00 | LD | | | 0.80 | $ | 0.80 | 0.20 |
| 1/20/2021 | 1.00 | BB, LD | | | 0.50 | $ | 0.50 | 0.50 |
| 1/22/2021 | 3.20 | BB, LD | | | 1.50 | $ | 1.50 | 1.70 |
| 1/23/2021 | 0.80 | | | | | $ | 0.80 | 0.00 |
| 1/25/2021 | 2.30 | BB, LD, TMT | dup other wk | | 1.00 | $ | 1.00 | 1.30 |
| 1/26/2021 | 0.50 | | | | | $ | 0.50 | 0.00 |
| 1/29/2021 | 4.10 | BB, LD, TMT | | | 2.00 | $ | 2.00 | 2.10 |
| | | | | | | | | |
| 2/1/2021 | 1.30 | TMT | | | 0.50 | $ | 0.50 | 0.80 |
| 2/3/2021 | 1.30 | LD, TMT | | | 0.50 | $ | 0.50 | 0.80 |
| 2/4/2021 | 0.30 | | | | | $ | 0.30 | 0.00 |
| 2/10/2021 | 0.20 | | | | | $ | 0.20 | 0.00 |
| 2/10/2021 | 2.20 | BB, TMT | | | 1.00 | $ | 1.00 | 1.20 |
| 2/11/2021 | 0.80 | DUP PRIOR WORK | | | 0.30 | $ | 0.30 | 0.50 |
| 2/12/2021 | 2.10 | BB, LD, TMT | | | 1.00 | $ | 1.00 | 1.10 |
| 2/15/2021 | 2.50 | TBB, TMT | DUP PRIOR WORK | | 1.50 | $ | 1.50 | 1.00 |
| 2/17/2021 | 1.90 | BB | | | 1.00 | $ | 1.00 | 0.90 |
| 2/22/2021 | | | | | | $ | - | 0.00 |
| 3/2/2021 | 1.30 | BB | | | 1.00 | $ | 1.00 | 0.30 |
| 3/3/2021 | 0.40 | | | | | $ | 0.40 | 0.00 |
| 3/9/2021 | 0.50 | TMT | | | 0.25 | $ | 0.25 | 0.25 |
| 3/10/2021 | 1.50 | BB, LD, TMT | | | 1.00 | $ | 1.00 | 0.80 |
| 3/25/2021 | 1.30 | TMT | | | 0.50 | $ | 0.50 | 0.80 |
| 3/31/2021 | | | | | | $ | - | 0.00 |
| | | | | | | | | |
| | 271.00 | | | | | | 180.75 | 90.25 |

Page 56

| Date | Hours | Initials | Notes | | Value | $ | | Value |
|---|---|---|---|---|---|---|---|---|
| 4/1/2021 | 1.40 | BB, LD | NO DEPO | | 0.80 | $ | 0.80 | 0.60 |
| 4/2/2021 | 0.00 | | | | | $ | - | 0.00 |
| 4/5/2021 | 0.70 | BB, LD | | | 0.50 | $ | 0.50 | 0.20 |
| 4/7/2021 | 0.90 | TMT | TO LEARN RULES | | 0.40 | $ | 0.40 | 0.50 |
| 4/9/2021 | 0.70 | | | | | $ | 0.70 | 0.00 |
| 4/11/2021 | 2.40 | BB, LD, TMT | | | 1.50 | $ | 1.50 | 0.90 |
| 4/13/2021 | 2.20 | BB, LD, TMT | NO TILA CLAIM NO EXPERT | | 1.00 | $ | 1.00 | 1.20 |
| 4/14/2021 | 0.70 | LD | | | 0.25 | $ | 0.25 | 0.45 |
| 4/16/2021 | 0.30 | | | | | $ | 0.30 | 0.00 |
| 4/19/2021 | 0.00 | | | | | $ | - | 0.00 |
| 5/13/2021 | 0.00 | | | | | $ | - | 0.00 |
| 5/3/2021 | 0.90 | | | | | $ | 0.90 | 0.00 |
| 5/4/2021 | 0.30 | | | | | $ | 0.30 | 0.00 |
| 5/4/2021 | 1.00 | | | | | $ | 1.00 | 0.00 |
| 5/7/2021 | 0.70 | | | | | $ | 0.70 | 0.00 |
| 5/10/2021 | 0.60 | | | | | $ | 0.60 | 0.00 |
| 5/14/2021 | 3.00 | BB, LD, TMT | LEARN ON OWN TIME | | 1.00 | $ | 1.00 | 2.00 |
| 5/15/2021 | 1.80 | | | | | $ | 1.80 | 0.00 |
| 5/17/2021 | 0.90 | TMT SHOW KNOW AT THIS RATE | | | 0.00 | $ | 0.90 | 0.00 |
| 5/19/2021 | 3.30 | TMT NEVER USED | | | 1.00 | $ | 1.00 | 2.30 |
| 5/20/2021 | 4.10 | BB, LT, TMT | DUP OTHER WORK | | 2.00 | $ | 2.00 | 2.10 |
| 5/21/2021 | 3.40 | TMT DUP OTHER WORK | | | 1.00 | $ | 1.00 | 2.40 |
| 5/22/2021 | 2.70 | TMT DUP OTHER WORK | | | 1.00 | $ | 1.00 | 1.70 |
| 5/24/2021 | 2.20 | BB, LD, TMT | | | 1.00 | $ | 1.00 | 1.20 |
| 5/25/2021 | 3.00 | BB, LD, TMT | | | 1.00 | $ | 1.00 | 2.00 |
| 5/26/2021 | 0.00 | | | | | $ | - | 0.00 |
| 5/27/2021 | 1.30 | BB | | | 1.00 | $ | 1.00 | 0.30 |
| 5/28/2021 | 5.30 | BB, LD | | | 3.00 | $ | 3.00 | 2.30 |
| 5/29/2021 | 2.50 | BB | | | 2.00 | $ | 2.00 | 0.50 |
| 5/30/2021 | 1.50 | TMT, LD | | | 1.00 | $ | 1.00 | 0.50 |
| | | | | | | $ | - | 0.00 |
| 6/1/2021 | 2.00 | BB, LD, TMT | SHOULD KNOW AT RATE | | 0.50 | $ | 0.50 | 1.50 |
| 6/2/2021 | 2.00 | TMT, LD FOR SENDING DOCS SECRETARY | | | 0.30 | $ | 0.30 | 1.70 |
| 6/3/2021 | 0.30 | | | | | $ | 0.30 | 0.00 |
| 6/4/2021 | 0.30 | | | | | $ | 0.30 | 0.00 |
| 6/6/2021 | 0.00 | | | | | $ | - | 0.00 |
| 6/7/2021 | 1.10 | BB, LD, TMT | | | 0.70 | $ | 0.70 | 0.40 |
| 6/8/2021 | 3.20 | | | | | $ | 3.20 | 0.00 |
| 6/18/2021 | 0.50 | | | | | $ | 0.50 | 0.00 |
| 6/19/2021 | 0.00 | | | | | $ | - | 0.00 |
| 6/21/2021 | 3.00 | BB, TMT | | | 2.00 | $ | 2.00 | 1.00 |
| 6/22/2021 | 0.50 | | | | | $ | 0.50 | 0.00 |
| 6/23/2021 | 3.40 | | | | | $ | 3.40 | 0.00 |
| 6/24/2021 | 2.90 | BB, LD, TMT | | | 2.00 | $ | 2.00 | 0.90 |
| 6/25/2021 | 0.50 | | | | | $ | 0.50 | 0.00 |
| 6/28/2021 | 0.00 | | | | | $ | - | 0.00 |
| 6/30/2021 | 1.80 | BB, LD | | | 1.30 | $ | 1.30 | 0.50 |
| | | | | | | $ | - | 0.00 |
| | | | | | | $ | - | 0.00 |
| 7/1/2021 | 0.80 | BB, LD | | | 0.50 | $ | 0.50 | 0.30 |
| 7/6/2021 | 0.60 | | | | | $ | 0.60 | 0.00 |
| 7/8/2021 | 1.50 | BB, LD | | | 1.00 | $ | 1.00 | 0.50 |
| 7/13/2021 | 0.60 | | | | | $ | 0.60 | 0.00 |
| 7/21/2021 | 1.50 | TMT | | | 1.00 | $ | 1.00 | 0.50 |
| 7/23/2021 | 1.00 | BB, TMT | DUP 7/17 BILL | | 0.00 | $ | 1.00 | 0.00 |
| 7/23/2021 | 1.10 | TMT | LEARN TECH ON OWN TIME | | 0.00 | $ | 1.10 | 0.00 |
| 7/24/2021 | 5.50 | BB, LD, TMT | DUP 7/17 AND 7/18 | | 0.00 | $ | 5.50 | 0.00 |
| 7/25/2021 | 3.30 | BB, LD, TMT | DUOPE 7/17 7/18 7/25 | | 0.00 | $ | 3.30 | 0.00 |
| 7/25/2021 | 7.50 | | | | | $ | 7.50 | 0.00 |
| 7/27/2021 | 1.70 | BB, LD, TMT | | | 0.50 | $ | 0.50 | 1.20 |
| 7/28/2021 | 4.80 | BB, LD, TMT | | | 3.00 | $ | 3.00 | 1.80 |

Page 57

| Date | Hours | Initials | Description | | $ | Amount | |
|---|---|---|---|---|---|---|---|
| 7/29/2021 | 1.50 | BB, LD, TMT | DUPE 7/28 | 0.00 | $ | 1.50 | 0.00 |
| 7/30/2021 | 3.30 | BB, LD, TMT | DUP EARLIER DOC REVIEW | 1.00 | $ | 1.00 | 2.30 |
| | | | | | $ | - | 0.00 |
| 8/2/2021 | 0.80 | BB, LD, TMT | SHOW KNOW RULES | 0.00 | $ | 0.80 | 0.00 |
| 8/3/2021 | 0.50 | | | | $ | 0.50 | 0.00 |
| 8/6/2021 | 0.00 | | | | $ | - | 0.00 |
| 8/7/2021 | 0.80 | | | | $ | 0.80 | 0.00 |
| 8/9/2021 | 2.00 | BB, LD, TMT | DUP EARLIER INCS REV | 1.00 | $ | 1.00 | 1.00 |
| 8/10/2021 | 0.80 | TMT | SECRETARY WORK MAIL DEP | 0.00 | $ | 0.80 | 0.00 |
| 8/12/2021 | 0.00 | | | | $ | - | 0.00 |
| 8/15/2021 | 0.80 | | | | $ | 0.80 | 0.00 |
| 8/17/2021 | 1.00 | TMT | FOR CALLS | 0.50 | $ | 0.50 | 0.50 |
| 8/18/2021 | 1.80 | BB | | 1.50 | $ | 1.50 | 0.30 |
| 8/19/2021 | 5.50 | BB, LD, TMT | | 4.50 | $ | 4.50 | 1.00 |
| 8/20/2021 | 3.00 | BB, LD | | 2.00 | $ | 2.00 | 1.00 |
| 8/22/2021 | 0.50 | TMT | | 0.40 | $ | 0.40 | 0.10 |
| 8/23/2021 | 1.00 | BB, LD, TMT | | 0.50 | $ | 0.50 | 0.50 |
| 8/24/2021 | 6.40 | BB, LD | | 5.00 | $ | 5.00 | 1.40 |
| 8/25/2021 | 2.50 | BB, LD, TMT | SHOULD KNOW AT RATE | 1.00 | $ | 1.00 | 1.50 |
| 8/26/2021 | 1.50 | BB | | 1.20 | $ | 1.20 | 0.30 |
| 8/27/2021 | 2.50 | BB, LD, TMT | | 1.50 | $ | 1.50 | 1.00 |
| 8/28/2021 | 0.80 | BB | | 0.50 | $ | 0.50 | 0.30 |
| | | | | | $ | - | 0.00 |
| 9/3/2021 | 1.20 | BB, LD | | 0.80 | $ | 0.80 | 0.40 |
| 9/4/2021 | 4.10 | | | | $ | 4.10 | 0.00 |
| 9/5/2021 | 3.50 | BB, LD | | 2.50 | $ | 2.50 | 1.00 |
| 9/6/2021 | 1.80 | BB, LD | | 1.00 | $ | 1.00 | 0.80 |
| 9/7/2021 | 2.00 | BB, LD, TMT | SHOULD KNOW RULES | 1.00 | $ | 1.00 | 1.00 |
| 9/8/2021 | 4.40 | BB, LD | | 4.00 | $ | 4.00 | 0.40 |
| 9/9/2021 | 2.00 | BB, LD | CLERK WORK AT $425 | 1.00 | $ | 1.00 | 1.00 |
| 9/13/2021 | 0.00 | | | | $ | - | 0.00 |
| 9/14/2021 | 2.70 | BB, LD, TMT | | 2.00 | $ | 2.00 | 0.70 |
| 9/15/2021 | 0.80 | BB, LD, TMT | CLERK WORK AT $425 | 0.20 | $ | 0.20 | 0.60 |
| 9/17/2021 | 4.50 | BB, LD, TMT | | 2.00 | $ | 2.00 | 2.50 |
| 9/18/2021 | 3.80 | BB, LD, TMT | | 2.00 | $ | 2.00 | 1.80 |
| 9/20/2021 | 3.50 | BB, LD | | 2.50 | $ | 2.50 | 1.00 |
| 9/21/2021 | 1.20 | BB, LD | | 1.00 | $ | 1.00 | 0.20 |
| 9/23/2021 | 0.80 | BB, LD | | 0.60 | $ | 0.60 | 0.20 |
| 9/25/2021 | 2.50 | BB, LD | DUP RESEARCH | 2.00 | $ | 2.00 | 0.50 |
| 9/26/2021 | 1.10 | BB | | 0.80 | $ | 0.80 | 0.30 |
| 9/28/2021 | 0.50 | | | | $ | 0.50 | 0.00 |
| 9/29/2021 | 7.10 | BB, LD, TMT | DUP WORK | 5.00 | $ | 5.00 | 2.10 |
| 9/30/2021 | 6.30 | BB, LD | | 5.00 | $ | 5.00 | 1.30 |
| | | | | | $ | - | 0.00 |
| 10/1/2021 | 5.10 | BB, LD | SECRETARY CLERICAL WORK | 4.00 | $ | 4.00 | 1.10 |
| 10/2/2021 | 0.40 | BB, LD | | 0.30 | $ | 0.30 | 0.10 |
| 10/4/2021 | 3.40 | BB, LD | | 2.50 | $ | 2.50 | 0.90 |
| 10/6/2021 | 5.70 | BB, LD, TMT | | 4.00 | $ | 4.00 | 1.70 |
| 10/7/2021 | 6.00 | BB, LD, TMT | | 4.50 | $ | 4.50 | 1.50 |
| 10/8/2021 | 3.80 | BB, LD | | 3.00 | $ | 3.00 | 0.80 |
| 10/12/2021 | 0.80 | BB | | 0.50 | $ | 0.50 | 0.30 |
| 10/13/2021 | 1.00 | BB,LD | | 0.70 | $ | 0.70 | 0.30 |
| 10/14/2021 | 5.10 | BB, LD, TMT | TILA NOT AN ISSUE | 3.00 | $ | 3.00 | 2.10 |
| 10/15/2021 | 3.20 | BB, LD | TILA NOT AN ISSUE | 2.00 | $ | 2.00 | 1.20 |
| 10/18/2021 | 0.00 | | | | $ | - | 0.00 |
| 10/19/2021 | 0.20 | | | | $ | 0.20 | 0.00 |
| 10/20/2021 | 0.80 | LD, TMT | | 0.20 | $ | 0.60 | 0.20 |
| | | | | | $ | - | 0.00 |
| 11/16/2021 | 1.50 | | | | $ | 1.50 | 0.00 |
| 11/17/2021 | 1.80 | BB, LD, TMT | | 1.00 | $ | 1.00 | 0.80 |
| 11/18/2021 | 3.30 | BB, LD, TMT | | 2.50 | $ | 2.50 | 0.80 |
| 11/19/2021 | 1.00 | | | | $ | 1.00 | 0.00 |

Page 58

| Date | Hours | Initials | Description | | | $ | Amount | | Balance |
|---|---|---|---|---|---|---|---|---|---|
| 11/22/2021 | 0.70 | | | | | $ | 0.70 | | 0.00 |
| 11/24/2021 | 3.40 | | DUP PRIOR WORK | | 1.00 | $ | 1.00 | | 2.40 |
| 11/29/2021 | 1.00 | | | | | $ | 1.00 | | 0.00 |
| 11/30/2021 | 0.70 | | | | | $ | 0.70 | | 0.00 |
| | | | | | | $ | - | | 0.00 |
| 12/14/2021 | 0.80 | BB | DUP PRIOR RESEARCH | | 0.40 | $ | 0.40 | | 0.40 |
| 12/20/2021 | 0.30 | | | | | $ | 0.30 | | 0.00 |
| | | | | | | $ | - | | 0.00 |
| 1/12/2022 | 2.10 | BB | | | | $ | 2.10 | | 0.00 |
| 1/17/2022 | 0.40 | | | | | $ | 0.40 | | 0.00 |
| 1/18/2022 | 0.70 | NOT CHARGEABLE TO MILESTONE | | | 0.00 | $ | 0.70 | | 0.00 |
| 1/19/2022 | 1.80 | BB, LD, TMT | | | | $ | 1.80 | | 0.00 |
| 1/21/2022 | 1.80 | BB, LD, TMT | STATE COURT MISTAKE | | 0.00 | $ | 1.80 | | 0.00 |
| 1/22/2022 | 1.20 | BB, LD, TMT | DUP RESEARCH | | 0.50 | $ | 0.50 | | 0.70 |
| 1/24/2022 | 2.20 | BB, LD, TMT | DUP EARLIER WORK | | 1.00 | $ | 1.00 | | 1.20 |
| 1/27/2022 | 0.00 | | | | | $ | - | | 0.00 |
| 1/28/2022 | 0.00 | | | | | $ | - | | 0.00 |
| 1/31/2022 | 3.70 | BB, LD, TMT | | | 2.00 | $ | 2.00 | | 1.70 |
| | | | | | | $ | - | | 0.00 |
| 2/1/2022 | 1.30 | LD, TMT | | | 0.80 | $ | 0.80 | | 0.50 |
| 2/2/2022 | 3.20 | BB, LD, TMT | | | 2.00 | $ | 2.00 | | 1.20 |
| 2/3/2022 | 1.40 | TMT | | | 0.30 | $ | 0.30 | | 1.10 |
| 2/12/2022 | 0.30 | | | | | $ | 0.30 | | 0.00 |
| 2/13/2022 | 2.60 | LD, TMT | NOT SOUGHT BY MILESTONE | | 1.00 | $ | 1.00 | | 1.60 |
| 2/15/2022 | 3.00 | BB, LD, TMT | NOT SOUGHT BY MILESTONE | | 1.00 | $ | 1.00 | | 2.00 |
| 2/16/2022 | 1.80 | BB, LD, TMT | | | 1.00 | $ | 1.00 | | 0.80 |
| 2/17/2022 | 4.30 | BB, LD, TMT | FAILED ARGS, DUP PRIOR | | 2.50 | $ | 2.50 | | 1.80 |
| 2/18/2022 | 3.30 | BB, LD, TMT | DUP PRIOR WORK | | 2.00 | $ | 2.00 | | 1.30 |
| 2/21/2022 | 3.70 | BB, LD, TMT | ARGS ALREADY DONE, DUP | | 1.00 | $ | 1.00 | | 2.70 |
| 2/22/2022 | 1.50 | BB, LD | | | 1.00 | $ | 1.00 | | 0.50 |
| 2/24/2022 | 0.00 | | | | | $ | - | | 0.00 |
| 2/25/2022 | 2.70 | BB, LD | | | 2.00 | $ | 2.00 | | 0.70 |
| | | | | | | $ | - | | 0.00 |
| 3/1/2022 | 0.50 | | | | | $ | 0.50 | | 0.00 |
| 3/2/2022 | 1.20 | BB, LD | INTERNAL ERRORS NOT MILE | | 0.40 | $ | 0.40 | | 0.80 |
| 3/8/2022 | 1.00 | BB | | | 0.80 | $ | 0.80 | | 0.20 |
| 3/11/2022 | 0.30 | | | | | $ | 0.30 | | 0.00 |
| 3/16/2022 | 1.70 | BB, LD, TMT | | | 1.00 | $ | 1.00 | | 0.70 |
| 3/17/2022 | 0.80 | LD, TMT | | | 0.40 | $ | 0.40 | | 0.40 |
| 3/24/2022 | 0.00 | | | | | $ | - | | 0.00 |
| 3/30/2022 | 1.30 | TMT | | | 0.50 | $ | 0.50 | | 0.80 |
| 3/31/2022 | 3.80 | BB, LD, TMT | | | 2.00 | $ | 2.00 | | 1.80 |
| | | | | | | $ | - | | 0.00 |
| 4/1/2022 | 5.50 | BB, LD, TMT | | | 3.00 | $ | 3.00 | | 2.50 |
| 4/6/2022 | 1.30 | BB, LD, TMT | ERRONEOUS DESCRIPTION | | 1.00 | $ | 1.00 | | 0.30 |
| 4/7/2022 | 1.10 | BB, LD, TMT | | | 0.90 | $ | 0.90 | | 0.20 |
| 4/27/2022 | 0.60 | BB, LD, TMT | | | 0.50 | $ | 0.50 | | 0.10 |
| 4/8/2022 | 1.00 | | | | | $ | 1.00 | | 0.00 |
| | | | | | | $ | - | | 0.00 |
| 5/2/2022 | 1.00 | TMT | DUP PRIOR WORK | | 0.50 | $ | 0.50 | | 0.50 |
| 5/4/2022 | 0.40 | | | | 0.20 | $ | 0.20 | | 0.20 |
| 5/5/2022 | 0.30 | | | | | $ | 0.30 | | 0.00 |
| 5/6/2022 | 0.40 | | | | | $ | 0.40 | | 0.00 |
| 5/9/2022 | 1.00 | BB, TMT | JUST SENT BILLS | | 0.40 | $ | 0.40 | | 0.60 |
| 5/11/2022 | 0.00 | | | | | $ | - | | 0.00 |
| 5/12/2022 | 0.00 | | | | | $ | - | | 0.00 |
| 5/13/2022 | 1.00 | BB, LD | | | 0.50 | $ | 0.50 | | 0.50 |
| 5/15/2022 | 1.20 | BB, TMT | | | 1.00 | $ | 1.00 | | 0.20 |
| 5/17/2022 | 1.50 | BB, LD, TMT | | | 1.00 | $ | 1.00 | | 0.50 |
| | 309.90 | | | | | | 208.35 | | 101.55 |

Page 59

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | 580.90 | | | | | | 389.10 | | 191.80 |
| | | | | | | | | | |
| | | | | | | | | | |
| | $ 246,882.50 | | | | | | $ 165,367.50 | | |

Page 60

EXHIBIT "4"

Page 61

LD lack adequate description to justify amount billed
BB block billing
TMT Too much time billed based on description of work

**Law Offices**
**JOHN P. McDONNELL**
40 Main Street
Los Altos, California 94022-2902
650-991-9909

**Statement for Services**
**June-July 2019**

Mr. Mark Moon                                         Invoice No. 3912
11 Mandalay Court
Redwood City, CA 94065                                August 20, 2019

| Date | Work Description | Hours | Total Fees |
|------|------------------|-------|------------|
| 6/18/19 | Meeting with new client [no charge] | | |
| 6/18/19 | Initial review of loan and payment documents from client. | 0.30 | 127.50 |
| 6/24/19 | Attention to Moon documents on mortgage loan; DRE accusation on Milestone: more research on Milestone and corporations; research truth in lending | BB 2.00 | 850.00 |
| 7/1/19 | Work on facts for letter to attorney; Review and revise letter to attorney Cohen | 1.10 | 467.50 |
| 7/16/19 | Call Cohen on Moon issues and e-mail on same | 1 Billed - 1  ~ 0.50 | 212.50 |
| 7/25/19 | Attention to caclulation of acceptable payoff demand | LD  — 0.60 | 255.00 |
| 7/26/19 | Review documents and meeting with client | 1.30 | 552.50 |
| 7/26/19 | E-mail to client re agreed steps on case; Attention to e-mail from client; work on 10% acceleratin penalty and check documents on no prepayment penalty | BB LD 1.30 | 552.50 |
| 7/29/19 | Work on analysis of payments from client records; call with expert on mortgage origination issues; work on numbers for e-mail to Cohen on proposed payoff | BB LD 5.10 | 2,167.50 |
| 7/30/19 | Call with DRE attorney Lazard re actions on Milestone; further call with DRE attorneys; more on client e-mails; final draft of e-mail to COhen re payoff proposal | BB LD 1.90 | 807.50 |
| 7/31/19 | Further e-mail re status and actions [no charge] | | |
| | **For professional services rendered** | **14.10** | **$5,992.50** |
| 6/28/19 | Initial Deposit | | ($1,500.00) |
| | **Balance due** | | **$4,492.50** |

Please make checks payable to John P. McDonnell
Taxpayer ID ▓▓▓▓▓▓▓

Due 15 days from invoice date

Page 62

# Law Offices
# JOHN P. McDONNELL
40 Main Street
Los Altos, California 94022-2902
650-991-9909

---

## Statement for Services
## November-December 2019

Mr. Mark Moon

Invoice No. 3926

11 Mandalay Court

Redwood City, CA 94065

January 10, 2020

| Date | Work Description | Hours | Total Fees |
|---|---|---|---|
| 8/7/19 | Calls with client [no charge] | | |
| 8/8/19 | E-mail to Stuart re Moon; meeting with Stuart re Moon | 0.80 | 340.00 |
| 9/10/19 | Attention to deal proposal for Stuart; e-mail Stuart re proposal    *BB LD* | 1.00 | 425.00 |
| 9/11/19 | Work on analysis of Moon's pays and shortfall; e-mail client; e-mail to Stuart  *BB LD* | 2.20 | 935.00 |
| 9/17/19 | Meeting with client; notes on case | 0.60 | 255.00 |
| 9/18/19 | Research on "extortion" claim against Milestone; further on potential Moon causes of action | 1.10 | 467.50 |
| 11/10/19 | E-mail client re actions and information on payments [no charge] | | |
| 11/12/19 | Work on factual background and law    *TMI* | 1.60 | 680.00 |
| 11/13/19 | Work on Complaint    *LD* | 2.30 | 977.50 |
| 11/15/19 | Further work on Moon Complaint | 1.50 | 637.50 |
| 11/16/19 | Review and revise Complaint; Prepare summons and Civil Cover sheet; work on case notes; research on DRE issues and corporation issues | 3.30 | 1,402.50 |
| 11/18/19 | Finalize complaint; E-file complaint summons etc. Attention to Notice default and letter to Milestone re NOD | 0.60 | 255.00 |
| 12/11/19 | Attention to to demurrer issues; research on same and court rules; Draft    *BB* letter to Cohen re issues | 1.80 | 765.00 |
| 12/16/19 | Initial review of discovery from Milestone; send to client | 0.40 | 170.00 |
| 12/17/19 | Call with Cohen re demurrer | 0.30 | 127.50 |
| 12/19/19 | Work on discovery and responses to Requests for Admissions | 1.30 | 552.50 |
| 12/27/19 | Further work on discovery responses; reviewing information from client; send  *BB* the Evergreen information to DRE | 3.30 | 1,402.50 |
| 12/30/19 | Attention to discovery extension; electronic service; some document collection | 0.50 | 212.50 |
| | For professional services rendered | 22.60 | $9,605.00 |

Additional charges

| | | Price |
|---|---|---|
| 11/18/19 | Filing Fee-Complaint | @435.00 |
| 11/18/19 | E-Serve company fees; | @34.00 |
| 11/18/19 | Court e-file fee | @5.75 |
| 11/18/19 | Priority Mail item to Milestone on NOD | @25.50 |
| 12/16/19 | Process Server-3 complaints in Moon | @225.00 |
| 12/30/19 | Process Server-Serve Evergreen | @95.00 |
| | **Total costs** | **$820.25** |
| | **Total time and expense charges** | **$10,425.25** |

Page 63

**Statement for Services-John P. McDonnell**
**November-December 2019**

Mr. Mark Moon                                                          Page 2
January 10, 2020

| | | |
|---|---|---|
| Previous balance | | $4,492.50 |
| 9/14/19 Payment Received | | ($4,492.50) |
| Balance due | | $10,425.25 |

Please make checks payable to John P. McDonnell
Taxpayer ID ▮▮▮▮▮▮

Due 15 days from invoice date

Page 64

Law Offices
**JOHN P. McDONNELL**
40 Main Street
Los Altos, California  94022-2902
650-991-9909

---

**Statement for Services**
**January-February  2020**

Mr. Mark Moon                                                     Invoice No. 3951
11 Mandalay Court
Redwood City, CA  94065                                   March 8, 2020

| Date | Work Description | Hours | Total Fees |
|---|---|---|---|
| 1/2/20 | Preparation for meeting; work on Chron and discovery; meeting with client re *BB LD* case; follow up e-mail re SM property records | 1.70 | 722.50 |
| 1/3/20 | Attention to new documents from client; more work on records of payments | 0.80 | 340.00 |
| 1/7/20 | Further work on responses to special interrogatories | 1.30 | 552.50 |
| 1/8/20 | Further work on responses to document requests and document production | 1.90 | 807.50 |
| 1/9/20 | Review Milestone FAX on calculation of amounts in Notice Default | 0.40 | 170.00 |
| 1/10/20 | Attention to client e-mails on background on case [no charge] *FALSE ENTRY B* | 0.70 | 297.50 |
| 1/11/20 | Assemble documents for document production; | 0.40 | 170.00 |
| 1/13/20 | Review and revise and finalize responses to discovery requests: send *TMT* documents and responses | 4.80 | 2,040.00 |
| 1/23/20 | Contact client re further information needed [no charge] | | |
| 1/30/20 | Cohen re meet and confer on case; e-mail to Cohen   *No ENTRY on MY TIME RECORDS* | 0.80 | 340.00 |
| 2/3/20 | Attention to discovery and other items; research on usury limits, back to research and new 2015 DRE cease and desist that predates our loan  *BB* | 2.30 | 977.50 |
| 2/4/20 | Attention to Cohen e-mail re house inspection; discovery meet and confer; draft meet and confer letter to Cohen; call on Case Management Conference  *BB LD TMT* | 4.40 | 1,870.00 |
| 2/5/20 | Further e-mail on no house inspection; Attention to discovery to seek from Evergreen  *BB L D TMT* | 1.00 | 425.00 |
| 2/6/20 | Attention to Evergreen POS and default-defer default to get discovery  *BB LD TMT* | 0.50 | 212.50 |
| 2/10/20 | Work on Amended complaint | 1.50 | 637.50 |
| 2/14/20 | Further work on amending complaint; issues on 2015 DRE orders; Check on Evergreen and default; skip default of Evergreen to get discovery from them; prepare some Evergreen discovery requests; document requests; Try to locate Blue water funding (now defunct)  *BB LD* | 4.50 | 1,912.50 |
| 2/18/20 | Send Amended complaint to Cohen; work on document requests for Evergreen;  work on case notes  *BB* | 1.40 | 595.00 |
| 2/19/20 | Research on HOEPA and TILA;  research on default interest; serve Amended complaint on Evergreen; initial drafting of document requests to Milestone  *BB* | 1.60 | 680.00 |
| | **For professional services rendered** | **30.00** | **$12,750.00** |

Page 65

Case: 20-03117   Doc# 110   Filed: 06/16/22   Entered: 06/16/22 18:01:38   Page 69 of 128

Law Offices
### JOHN P. McDONNELL
40 Main Street
Los Altos, California  94022-2902
650-991-9909

## Statement for Services
## March-May 2020

Mr. Mark Moon
11 Mandalay Court
Redwood City, CA  94065

Invoice No. 3959

June 1, 2020

| Date | Work Description | Hours | Total Fees |
|---|---|---|---|
| 3/5/20 | Draft e-mail for attorney Wei re Milestone Moon facts; work on discovery *BB* respones and organize information for further responses | 2.00 | 850.00 |
| 3/9/20 | Attention to new e-mail; work on Case Management Conference statement; file with court | 0.60 | 255.00 |
| 3/10/20 | Review loan servicer payment records; case notes | 0.40 | 170.00 |
| 3/11/20 | Call with attorney in other Milestone case re issues; check arbitration rules *N/A TO CASE* | 0.50 | 212.50 |
| 3/12/20 | Review court messages and status of 3/25 Case Management Conference; E-mail Patton Boggs attorney; Check SF Milestone case | 0.80 | 340.00 |
| 3/19/20 | Attention to discovery with Evergreen and extension; e-mail attorney | 0.30 | 127.50 |
| 5/20/20 | E-mail client re subpoena sent to Network financial; letter to Network re motion to quash subpoena *TMT* | — 1.10 | 467.50 |
| 5/21/20 | Attention to client e-mail re Trustee sale notice; research on court status for *BB* Motion to stop sale; COVID research; send Milestone attorney copy of the Network letter | 1.40 | 595.00 |
| 5/22/20 | Further research on foreclosure *LD* | 1.00 | 425.00 |
| 5/24/20 | Work on service on Evergreen; contact mortgage lawyer | 0.40 | 170.00 |
| 5/24/20 | E-mail client re documents on escrow for initial 2015 loan and payoff of prior mortgage | 0.20 | 85.00 |
| 5/29/20 | Initial review of Evergreen documents; update notes and chron for new *TMT* information in documents | 3.00 | 1,275.00 |
| | For professional services rendered | 11.70 | $4,972.50 |

Additional charges

| Date | | Price | |
|---|---|---|---|
| 2/19/20 | Court e-file fees amended complaint | @15.13 | |
| 3/9/20 | Court e-file fees CMC Statement | @15.13 | |
| 3/25/20 | Court Call Fee- Case Management Conference | @94.00 | |
| | Total costs | | $124.26 |
| | Total time and expense charges | | $5,096.76 |
| | Previous balance | | $12,785.61 |
| | Balance due | | $17,882.37 |

Page 66

**Statement for Services-John P. McDonnell**
**January-February 2020**

Mr. Mark Moon
March 8, 2020

Additional charges

| | | Price | |
|---|---|---|---|
| 1/31/20 | USPS Discovery responses out | @7.35 | |
| 2/6/20 | E-filing fees; Proof Service Evergreen | @14.13 | |
| 2/6/20 | E-filing fees; Amended complaint | @14.13 | |
| | Total costs | | $35.61 |
| | Total time and expense charges | | $12,785.61 |
| | Previous balance | | $10,425.25 |
| 2/4/20 | Payment Received | | ($10,425.25) |
| | Balance due | | $12,785.61 |

Please make checks payable to John P. McDonnell
Taxpayer ID ███████

Due 15 days from invoice date

Page 67

**Statement for Services-John P. McDonnell**
**June 2020**

Mr. Mark Moon .
August 9, 2020

Additional charges

|  |  | Price |
|---|---|---|
| 6/19/20 | Court Fee 6/19 ex parte | @60.00 |
| 6/24/20 | Court e-file fee Notice entry | @3.62 |
| 6/24/20 | One Legal e-file fee Notice entry | @10.75 |
| 6/23/20 | Court fee 6/23 ex parte | @60.00 |
| 6/30/20 | Court e-file fee POS TRO | @3.62 |
| 6/30/20 | One Legal e-file fee POS TRO | @11.75 |
|  | Total costs |  $149.74 |
|  | Total time and expense charges | $20,507.24 |
|  | Previous balance | $17,882.37 |
| 6/11/20 | Payment Received | ($12,000.00) |
| 6/30/20 | Payment Received | ($5,900.00) |
|  | Total payments | ($17,900.00) |
|  | Balance due | $20,489.61 |

Please make checks payable to John P. McDonnell
Taxpayer ID

Due 15 days from invoice date

Page 68

Law Offices
# JOHN P. McDONNELL
40 Main Street
Los Altos, California 94022-2902
650-991-9909

## Statement for Services
### June 2020

Mr. Mark Moon
11 Mandalay Court
Redwood City, CA 94065

Invoice No. 3960

August 9, 2020

| Date | Work Description | Hours | Total Fees |
|---|---|---|---|
| 6/1/20 | Document review and E-mail to evergreen counsel re improper objections | 0.60 | 255.00 |
| 6/8/20 | Attention to Trustee sale issues; case search for Milestone in San Mateo and BB TMT 2.70 Santa Clara; Research on foreclosure defense; more research on same | 2.70 | 1,147.50 |
| 6/9/20 | Research on foreclosures, HBOR, rules for TRO and injunction. Draft letter BB to attorney Cohen requestin cancel trustee sale | 2.50 | 1,062.50 |
| 6/12/20 | Attention to Moon e-mail on foreclosure numbers; e-mail from Cohen on numbers | 0.30 | 127.50 |
| 6/13/20 | Attention to Moon TRO outline and work on drafting TRO | 1.60 | 680.00 |
| 6/14/20 | Work in moon TRO | 1.60 | 680.00 |
| 6/16/20 | Work on TRO and second acceleration penalty; more research and work on BB LD 4.70 TRO; further work on TRO and research and analysis of SM court covid orders re ex parte applications | 4.70 | 1,997.50 |
| 6/17/20 | Work on Moon declaration and ex parte; further work on declaration; work on BB proposed order; research on loan modification rules in HBOR. | 6.00 | 2,550.00 |
| 6/18/20 | Calls on SM court ex parte filings and p;rocedures; work on ex parte notice; BB work on proposed order; work on points and authorities; further work on legal discussion and on declarations | 5.40 | 2,295.00 |
| 6/19/20 | Work on jpm declaration on ex parte; research on issue of retroactive TMT BB interest; Review and revise TRO; finialize TRO papers and Moon declaration; to court for TRO hearing | 4.80 | 2,040.00 |
| 6/17/20 | Work on e-mail regarding subpoena to Nework DUPENTRY | 0.40 | 170.00 |
| 6/17/20 | Work on e-mail regarding subpoena to Nework | 0.40 | 170.00 |
| 6/20/20 | Research default interest rate: one late fee rule; review of INCS documents BB to try to show no default acceleration in 2017 instead of 2019; check Newsom foreclosure rules | 1.90 | 807.50 |
| 6/22/20 | Work on second ex parte notice; Attention to subpoena for Network Cap BB records; some HOEPA research | 1.50 | 637.50 |
| 6/23/20 | Work on new TRO items: to court for TRO DUP PRIOR TRO | 2.80 | 1,190.00 |
| 6/24/20 | To court for filing and entry of order for TRO: File Notice entry of Order ATTY DOING → 2.60 INCSONGETR. | 2.60 | 1,105.00 |
| 6/25/20 | Research mortgage lending rules WORK | 0.40 | 170.00 |
| 6/27/20 | Further research on mortgage lending | 0.40 | 170.00 |
| 6/29/20 | Attention to moon documents on residence for injunction; telecon with client BB re same; Review Opposition to TRO; research on irreparable harm; work on injunction memo | 2.40 | 1,020.00 |
| 6/29/20 | Work on general document review, discovery and case notes | 0.70 | 297.50 |
| 6/30/20 | Work on supplemental memo on injunction; harm; work on new Moon BB declaration | 3.60 | 1,530.00 |
| 6/30/20 | Work on Network subpoena and call with attorney | 0.60 | 255.00 |
| | **For professional services rendered** | **47.90** | **$20,357.50** |

Page 69

# Law Offices
## JOHN P. McDONNELL
40 Main Street
Los Altos, California 94022-2902
650-991-9909

## Statement for Services
### July 2020

Mr. Mark Moon .
11 Mandalay Court
Redwood City, CA 94065

Invoice No. 3961

August 15, 2020

| Date | Work Description | | Hours | Total Fees |
|------|------------------|---|-------|------------|
| 7/1/20 | Work on supplemental injunction memo; work on supplemental JPM declaration; e-file the 6-23 moving papers | βB | 1.50 | 637.50 |
| 7/6/20 | Working on Moon payment records; notes, documents; match INCS records to Moon records | ββ τ m τ LD | 3.00 | 1,275.00 |
| 7/7/20 | Initial review of Opposition on injunction; | | 0.60 | 255.00 |
| 7/8/20 | Review Opposition on injunction; review declarations and exhibits; review Financial code issues raised; research cases raised;; research on no expert opinion on the law; work on objection re same | ββ Lp 7mη | 8.20 | 3,485.00 |
| 7/9/20 | Work on Brutshy ojbection; Attention to bond issue; further work on reply: CSAA and Timney cases; Witkin on illegal contract; Revise Reply | ββ ρ m τ | 6.20 | 2,635.00 |
| 7/10/20 | Further work on Reply; Issues of tender and bond; illegal late charge penalties; work on all objections; objections on Doss; review and finalize papers and file with court | ββ W τm ι | 7.30 | 3,102.50 |
| 7/13/20 | Attention to discovery items and amending responses on Requests for Admissions and Documents | τmτ LD | 2.10 | 892.50 |
| 7/14/20 | Research on bond requirements: bond company; time for TRO under Rul3 3.1150; work on bond applications | ββ | 1.30 | 552.50 |
| 7/15/20 | Work on form for preliminary injunction order; Attention to rules and courtcall; issue of no tentative, other docket continuance | ββ τm τ | 1.20 | 510.00 |
| 7/15/20 | Search Network Cap records for appraisal | | 0.30 | 127.50 |
| 7/20/20 | Attention to new document responses; appraisal for bonding company; | LD | 0.90 | 382.50 |
| 7/21/20 | Work on Moon special interrogatory responses and property records | LD τm τ | 3.30 | 1,402.50 |
| 7/22/20 | Attention to Moon property tax payments | LD | 0.50 | 212.50 |
| 7/23/20 | Further on document review and the 8/8 myNote item in file; | ββ LD τmτ | 1.10 | 467.50 |
| 7/24/20 | Review deposition notices and document requests; review issues in dispute e-mail; Attention to discovery respones; revise Requests for Admissions and document responses | ββ τm LD | 2.80 | 1,190.00 |
| 7/25/20 | Work on responses to special interrogatories; Attention to hardship loan from 401k for foreclosure defense | | | |
| 7/27/20 | Finalize and send amended responses on Requests for Admissions and document requests; review e-mails from client | | 0.40 | 170.00 |
| 7/29/20 | Preparation for hearing and hearing on informal discovery conference | | 1.20 | 510.00 |
| 7/31/20 | Working on the responses on special interrogatories; follow up information from Mark; caldulations of amount that would be due on 3/31/19 | ββ τm τ Lp | 5.60 | 2,380.00 |

For professional services rendered        47.50   $20,187.50

Page 70

**Statement for Services-John P. McDonnell**
**July 2020**

Mr. Mark Moon
August 15, 2020

Additional charges

|  |  | Price |
|---|---|---|
| 7/1/20 | One Legal e-file fee File 6/23 moving papers | @10.75 |
| 7/1/20 | Court e-file fee File 6/23 moving papers | @3.95 |
| 7/1/20 | One legal e-file fee File supplemental injunction memo | @11.75 |
| 7/1/20 | Court e-file fee File supplemental injunction memo | @3.95 |
| 7/10/20 | Court e-file fee Reply Injunction | @3.95 |
| 7/10/20 | One Legal e-file fee Reply Injunction | @11.75 |
| 8/3/20 | Court fee for copy of Del Toro v. Bear Bruin case | @13.17 |
|  | Total costs | $59.27 |

| Total time and expense charges | $20,246.77 |
|---|---|
| Previous balance | $20,489.61 |
| Balance due | $40,736.38 |

Please make checks payable to John P. McDonnell
Taxpayer ID

Due 15 days from invoice date

Page 71

## Law Offices
## JOHN P. McDONNELL
40 Main Street
Los Altos, California 94022-2902
650-991-9909

### Statement for Services
### June-Sept. 2020

Mr. Mark Moon
11 Mandalay Court
Redwood City, CA 94065

Invoice No. 3974

October 18, 2020

| Date | Work Description | Hours | Total Fees |
|---|---|---|---|
| 8/1/20 | Further work on discovery responses; bank records and calculation of ฿ß TmΓ correct amount owed. Evergreen document re April & May 2019 pays; Review LÞ and revise interrogatory responses | 5.70 | 2,422.50 |
| 8/2/20 | Further work on special interrogatory reponses | 0.40 | 170.00 |
| 8/3/20 | Work on finalizing interrogatory responses; meeting with Mark re responses; β β LÞ Review new documents from Mark; Attention to missed documents and interrogatories; review documents we have produced | 3.70 | 1,572.50 |
| 8/4/20 | Work on objections to deposition notices | 0.80 | 340.00 |
| 8/6/20 | Further review of 2015-2015 Moon bank statements to confirm payments and TᴍΓ dates | 1.60 | 680.00 |
| 8/10/20 | Initial work on fee motion | 0.30 | 127.50 |
| 8/12/20 | Work on fee application; hours and costs | 0.40 | 170.00 |
| 8/14/20 | Work on review of documents; notes on case; update documents in light of LÞ ฿ß discovery hearing | 1.20 | 510.00 |
| 8/17/20 | Work on fee application | 0.40 | 170.00 |
| 8/17/20 | Attention to broker usury exemption; moon responses on disputed items; ฿ß LÞ review of network items other than e-mails ᴛᴍᴛ | 2.80 | 1,190.00 |
| 8/18/20 | Trying for finalize moon document responses; more on documents and β β e-mail Cohen | 1.40 | 595.00 |
| 8/19/20 | Work on facts in fee application; more on facts; further work on app; Review ฿ß LÞ and revise app, complete same ᴛᴍᴛ | 3.30 | 1,402.50 |
| 8/20/20 | Attention to to issue of whether initial broker Bluewater did sufficient "made ฿ß LÞ or arranged" to meet exemption; moon chron re Bluewater and MJF; ᴛᴍᴛ checking MJF and Page mill licenses | 2.40 | 1,020.00 |
| 8/24/20 | Work on Evergreen documents and Chron; work on 8/27 submission; ฿ß LÞ ᴛᴍᴛ documents and supplemental memo | 2.20 | 935.00 |
| 8/25/20 | Work on supp memo; confirming the Ridgly is on point on the 115K penalty | 0.80 | 340.00 |
| 8/27/20 | Review and revise supplemental memo; draft new JPM declaration | 1.70 | 722.50 |
| 8/31/20 | Additional items to Cohen; e-mail Moon re bond; review Milestone response ฿ß LÞ to 8/27 submission; Notes on late fee on acceleration | 1.80 | 765.00 |
| 9/2/20 | Review updated California foreclosure limits; research loan from 401K; ฿ß LÞ further review of qualifications for COVID loans for bond; Attention to ᴛᴍᴛ tentative ruling; | 2.00 | 850.00 |
| 9/3/20 | Preparation for hearing on injunction; to court for injunction hearing ᴛᴍᴛ | 2.50 | 1,062.50 |
| 9/4/20 | Initial look at appeal and possible stay pending appeal. | 0.40 | 170.00 |
| 9/7/20 | E-mail client; research NHLP help; check on trustee sale date; contact β β bankruptcy attorney | 0.50 | 212.50 |
| 9/8/20 | Attention to AB 3088 signed 8/31 for potential protection; e-mail client, ฿ß LÞ Γ 2954.10 notes; call with bankruptcy attorney Moran | 2.10 | 892.50 |
| 9/9/20 | Call with client re bankruptcy; gather information for Moran, locate estimate ฿ß LÞ of correct payoff and send to Moran | 1.00 | 425.00 |

Page 72

Statement for Services-John P. McDonnell
June-Sept. 2020

Mr. Mark Moon                                              Page 2
October 18, 2020

| | For professional services rendered | | 39.40 | $16,745.00 |
|---|---|---|---|---|
| | Additional charges | | | |
| | | | Price | |
| 8/20/20 | Filing Fee-Fee Motion | @90.00 | | |
| 8/20/20 | Court e-file fee | @3.75 | | |
| 8/20/20 | One Legal e-file fee | @14.62 | | |
| 8/27/20 | Court e-file Supp memo | @3.62 | | |
| 8/27/20 | One Legal e-file fee | @11.65 | | |
| | Total costs | | | $123.64 |
| | Total time and expense charges | | | $16,868.64 |
| | Previous balance | | | $40,736.38 |
| 8/25/20 | Payment Received | | | ($20,358.00) |
| 9/8/20 | Payment Received | | | ($18,000.00) |
| | Total payments | | | ($38,358.00) |
| | Balance due | | | $19,247.02 |

Please make checks payable to John P. McDonnell
Taxpayer ID ███████████

Due 15 days from invoice date

Page 73

# Law Offices
## JOHN P. McDONNELL
40 Main Street
Los Altos, California 94022-2902
650-991-9909

---

### Statement for Services
### October-November. 2020

Mr. Mark Moon
11 Mandalay Court
Redwood City, CA 94065

Invoice No. 3981

December 7, 2020

| Date | Work Description | Hours | Total Fees |
|------|------------------|-------|------------|
| 9/10/20 | Prepare and file Notice of Appeal | 0.30 | 127.50 |
| 9/11/20 | FedEX appeal check to SM court | 0.20 | 85.00 |
| 9/14/20 | Call with Moon re Stuart contact; Attention to appeal status | 0.50 | 212.50 |
| 9/15/20 | Confirm appeal steps | 0.30 | 127.50 |
| 9/18/20 | Work on designating record on appeal and filing with court | 1.50 | 637.50 |
| 9/20/20 | Work on appeal notes and 21 day limit in 2941 | 0.70 | 297.50 |
| 9/25/20 | Work on the "correct payoff number" for Moran | 0.50 | 212.50 |
| 10/3/20 | Further work on Evergreen documents  *Billed as PREVIOUSLY TMT LD* ~1.10 | | 467.50 |
| 10/6/20 | Prepare and file Case Management Conference stmt | 0.60 | 255.00 |
| 10/7/20 | Attention to items from Moran; send documents to Moran; Review and revise *BB TMT LD* declaration and send to Moran | 1.80 | 765.00 |
| 10/12/20 | Review Opposition to fee motion; work on Reply, pull TRO that awarded fees *LD TMT* | 3.80 | 1,615.00 |
| 10/13/20 | Discussion with Moran on dismissing state appeal; | 0.20 | 85.00 |
| 10/14/20 | Work on Reply on Fee Motion  *tmt* | 2.60 | 1,105.00 |
| 10/15/20 | Attention to JPM declaration on Reply on Fee motion | 1.30 | 552.50 |
| 10/16/20 | Prepare and file Moon Case Management Conference stmt | 0.30 | 127.50 |
| 10/19/20 | Attention to appeal; prepare case information; payment to court; work on *BB* Court appeal filing system; file and serve papers | 1.50 | 637.50 |
| 10/22/20 | Preparation for hearing and attend remote hearing on Moon Fee motion; e-mail Moran re status | 1.00 | 425.00 |
| 10/28/20 | Work on appearance in bankruptcy case and ECF;  *LD* | 0.60 | 255.00 |
| 10/29/20 | Dismissal of state appeal and filing notice removal in state court | 0.50 | 212.50 |
| 11/10/20 | Zoom conference with attorney Moran re actions in Moon bankruptcy | 0.80 | 340.00 |
| 11/16/20 | Telephone call with Bob Schuman re new financing for Moon bankruptcy; file update on removal with State court | 0.60 | 255.00 |
| | For professional services rendered | 20.70 | $8,797.50 |

Additional charges

| Date | Description | Price |
|------|-------------|-------|
| 9/10/20 | One Legal e-file fee-Appeal | @11.65 |
| 9/10/20 | Court e-file fee | @3.62 |
| 9/10/20 | Court Filing Fee | @100.00 |
| 9/11/20 | FedEx Fee to court | @38.58 |
| 9/11/20 | Court filing fee-appeal | @100.00 |
| 9/18/20 | Court e-file Designate Record | @3.62 |
| 9/18/20 | One Legal e-file fee | @11.65 |
| 9/21/20 | Deposit Court Reporter | @38.58 |
| 9/21/20 | Court filing fee-reporter deposit | @375.00 |

Page 74

Statement for Services-John P. McDonnell
October-November 2020

Mr. Mark Moon                                                    Page 2
December 7, 2020

| | | Price | |
|---|---|---|---|
| 10/19/20 | Court appeal filing fee | @775.00 | |
| 10/29/20 | Moon Abandon Appeal Court Fee | @3.62 | |
| 10/29/20 | Moon Abandon Appeal One Legal | @12.65 | |
| 10/29/20 | Moon File Removal One Legal | @12.65 | |
| 10/29/20 | Moon File Removal Court fee | @3.62 | |
| | Total costs | | $1,490.24 |
| - | Total time and expense charges | | $10,287.74 |
| | Previous balance | | $19,247.02 |
| | Balance due | | $29,534.76 |

Please make checks payable to John P. McDonnell
Taxpayer ID ████████

Due 15 days from invoice date

Page 75

Law Offices
## JOHN P. McDONNELL
40 Main Street
Los Altos, California 94022-2902
650-991-9909

### Statement for Services
### Dec. 2020-Jan. 2021

Mr. Mark Moon
11 Mandalay Court
Redwood City, CA 94065

February 9, 2021

| Date | Work Description | Hours | Total Fees |
|---|---|---|---|
| 12/9/20 | Attention to bankruptcy discovery rules and Rule 26  AT RATE SHOULD KNOW TMT | 1.00 | 425.00 |
| 12/14/20 | Forward Open SKy check to Moran [no charge] | | |
| 12/17/20 | Initial review objection to bankrupt employment; research on bankruptcy law | 0.80 | 340.00 |
| 12/18/20 | Further research on bankruptcy discovery rules and FRCP 26, local rules | 1.00 | 425.00 |
| 12/23/20 | Review items to disclose; send Rule 26 discovery e-mail to atny Cohen  RB TMT | 1.50 | 637.50 |
| 1/4/21 | Work on Opposition to employment of McDonnell | 2.30 | 977.50 |
| 1/7/21 | Attention to courtcall appearance; Montall rules [no charge] | | |
| 1/15/21 | Attention to Moran compensation claim letter; [no charge] | | |
| 1/18/21 | Research into high-cost loans and HOEPA coverage   L-D | 1.00 | 425.00 |
| 1/20/21 | Attention to Case Management Conference  Rules, 7026, Pacer; E-mail Milestone attorneys re CMC   LD  &B | 1.00 | 425.00 |
| 1/22/21 | Prepare Case Management Conference stmt; Balloon loan and HOEPA; review of Paniaga Court of Appeal decision   BB  LD | 3.20 | 1,360.00 |
| 1/23/21 | Further research on coverage of HOEPA | 0.80 | 340.00 |
| 1/25/21 | Research on APOR for june 2015 and HOEPA; research on MJF as broker  LD &B TMT | 2.30 | 977.50 |
| 1/26/21 | Discussion with broker re loan for full 1.65; Bluewater issues | 0.50 | 212.50 |
| 1/29/21 | Moon meeting; Attend status conference;  Research rules on broker as  LD B& TMT fiduciary.; research on party that claims exemption from staute has burden of proof | 4.10 | 1,742.50 |
| | For professional services rendered | 19.50 | $8,287.50 |
| | Additional charges | | |
| | | | Price |
| 1/5/21 | Courtcall fee for Employment Hrg | | @22.50 |
| 1/28/21 | Courtcall Moon Status conference | | @22.50 |
| | Total costs | | $45.00 |
| | Total time and expense charges | | $8,332.50 |
| | Previous balance | | $29,534.76 |
| | Balance due | | $37,867.26 |

Page 76

Case: 20-03117   Doc# 110   Filed: 06/16/22   Entered: 06/16/22 18:01:38   Page 80 of 128

## Law Offices
## JOHN P. McDONNELL
40 Main Street
Los Altos, California  94022-2902
650-991-9909

### Statement for Services
### Feb.-March 2021

Mr. Mark Moon
11 Mandalay Court
Redwood City, CA  94065

April 7, 2021

| Date | Work Description | Hours | Total Fees |
|---|---|---|---|
| 2/1/21 | Draft letter to Moran re developments in Moon case re brokers   TMT | 1.30 | 552.50 |
| 2/3/21 | Attention to BDRP rules on mediation; send 8/8/19 etc. to Moran   TMT L-D | 1.30 | 552.50 |
| 2/4/21 | Review BDRP mediators and send to Cohen | 0.30 | 127.50 |
| 2/10/21 | Moon CourtCall status conference | 0.20 | 85.00 |
| 2/10/21 | Work on Moon re no post April 2019 pays; e-mail to Moran re HBOR and  BB TMT HBOR research; Call with Moran Attention to information on new loan to cover full 1.6; potential deposit for Milestone; usury issues  PRIOR WORK | 2.20 | 935.00 |
| 2/11/21 | Attention to bankruptcy issues and possible settlement;  research on brokers DJP | 0.80 | 340.00 |
| 2/12/21 | Attention to Cohen request for Plaintiff demand; respond to Cohen re bad  BB LD faith; Review Milestone submissions Opposing loan approval; review  TMT unsconscionable items in their documents; new information in Stuart declaration | 2.10 | 892.50 |
| 2/15/21 | Further review of Stuart declaration and new exhibits;  more on the  BB TMT inconsistent numbers, including bankruptcy demands; Review of Evergreen DJP PRIOR WORK documents for 3/6 payoff calculations. | 2.50 | 1,062.50 |
| 2/17/21 | Status conference hearing; Attention to BDRP rules; review Evgreen  BB documents for defaults | 1.90 | 807.50 |
| 2/22/21 | Attention to review of mediators [no charge] | | |
| 3/2/21 | Attention to BDRP order and bankruptcy rules on ADR; research preemption BB re HOEPA etc. | 1.30 | 552.50 |
| 3/3/21 | Attention to Rule 26 and Cohen e-mail | 0.40 | 170.00 |
| 3/9/21 | Review Milestone loan documents for usury savings clause   TMT | 0.50 | 212.50 |
| 3/10/21 | Attention to BDRP procedures; e-mail Cohen and counsel about Rule 26  BB L-D discovery conference and plan; more on inconsistent Evergreen numbers | 1.50 | 637.50 |
| 3/25/21 | Call with Cohen; review deposition notices for duplicate requests; check TMT status of mediator | 1.30 | 552.50 |
| 3/31/21 | Attention to Chapter 11 fee issues; review rules for application; call with Moran re timing and procedures; e-mail Moran [no charge] | | |
| | For professional services rendered | 17.60 | $7,480.00 |

Additional charges

| | | Price | |
|---|---|---|---|
| 2/10/21 | Notary Fees-travol & 2 items | @145.00 | |
| 2/11/21 | San Mateo Recorder Fees Affid & Deed | @43.00 | |
| | Total costs | | $188.00 |
| | Total time and expense charges | | $7,668.00 |

Page 77

for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance

| Description/Matter/Date | Attorney Client Slip# Activity | Rate | Time | Total |
|---|---|---|---|---|
| ...........................11643 Attention to Chapter 11 fee issues; review rules for application; call with Moran re timing and procedures; e-mail Moran [no charge] 3/31/21 | JPM 425 Moon Legal Work BILLED | 425.00* 425.00 | 0.00s | * |
| ...........................11688 Update CEB research on liquidated damages; Attention to Network documents for deposition; e-mail Moran 4/1/21 | JPM 425 Moon Legal Work | 425.00* 425.00 | 1.40s | 595.00* 595.00 |
| ...........................11689 Review Moran e-mail; status of BDRP [no charge] 4/2/21 | JPM 425 Moon Legal Work | 425.00* 425.00 | 0.00s | * |
| ...........................11697 Review duplicate requests in deposition document requests; e-mail Cohen re same 4/5/21 | JPM 425 Moon Legal Work | 425.00* 425.00 | 0.70s | 297.50* 297.50 |
| ...........................11699 Attention to BDRP items and research on procedure 4/7/21 | JPM 425 Moon Legal Work | 425.00* 425.00 | 0.90s | 382.50* 382.50 |
| ...........................11703 Further research on HOEPA; Cal 4793 covdered loan 4/9/21 | JPM 425 Moon Legal Work | 425.00* 425.00 | 0.70s | 297.50* 297.50 |
| ...........................11709 Prepare and send item to potential mortgage expert;  further on TILA notes, HOEPA and RESPA;  notes re research 4/11/21 | JPM 425 Moon Legal Work | 425.00* 425.00 | 2.40s | 1020.00* 1020.00 |
| ...........................11713 Attention to TILA as offset if no injunction; prepare summary of facts for legal expert 4/13/21 | JPM 425 Moon Legal Work | 425.00* 425.00 | 2.20s | 935.00* 935.00 |

*(handwritten annotations: "BB LD THERE WAS NO DEPO" by slip 11688; "BB" by slip 11697; "TMT TO LEARN BK RULES" by slip 11699; "BB LD TMT" by slip 11709; "BB LD TMT NO TILA CLAIM NO EXPERT" by slip 11713)*

Page 78

Case: 20-03117   Doc# 110   Filed: 06/16/22   Entered: 06/16/22 18:01:38   Page 82 of 128

for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance

| Description/Matter/Date      Slip# | Attorney<br>Client<br>Activity | Rate | Time | Total |
|---|---|---|---|---|
| .............................11716 | | | | |
| Contact Plaintiff's firm re Del | JPM 425 | 425.00* | 0.70s | 297.50* |
| Toro suit | Moon | 425.00 | | 297.50 |
| 4/14/21 | Legal Work | LD | | |
| .............................11718 | | | | |
| E-mails with Moran, call re Chap 11 | JPM 425 | 425.00* | 0.30s | 127.50* |
| plan and adv case | Moon | 425.00 | | 127.50 |
| 4/16/21 | Legal Work | | | |
| .............................11722 | | | | |
| More work converting Network | JPM 425 | 425.00* | 0.00s | * |
| e-mails [no charge] | Moon | 425.00 | | |
| 4/19/21 | Legal Work | | | |
| .............................11743 | | | | |
| E-mail client re e-mails given to | JPM 425 | 425.00* | 0.00s | * |
| Network [no charge] | Moon | 425.00 | | |
| 5/13/21 | Legal Work | | | |
| .............................11751 | | | | |
| Reviewing Document request | JPM 425 | 425.00* | 0.90s | 382.50* |
| responses | Moon | 425.00 | | 382.50 |
| 5/3/21 | Legal Work | | | |
| .............................11753 | | | | |
| Attention to SM Court order for ADR | JPM 425 | 425.00* | 0.30s | 127.50* |
| in 2022;  review and respond; | Moon | 425.00 | | 127.50 |
| calendar same; | Legal Work | | | |
| 5/4/21 | | | | |
| .............................11754 | | | | |
| Prepare additional documents for | JPM 425 | 425.00* | 1.00s | 425.00* |
| Cohen; organize and send | Moon | 425.00 | | 425.00 |
| 5/4/21 | Legal Work | | | |
| .............................11759 | | | | |
| Initial review of Milestone | JPM 425 | 425.00* | 0.70s | 297.50* |
| document production | Moon | 425.00 | | 297.50 |
| 5/7/21 | Legal Work | | | |
| .............................11760 | | | | |
| Research on unconscionability in | JPM 425 | 425.00* | 0.60s | 255.00* |
| mortgage contracts | Moon | 425.00 | | 255.00 |
| 5/10/21 | Legal Work | | | |

Page 79

for Rate: *=bill rate/amount
for Time: s=spent   e=estimated   v=variance

| Description/Matter/Date | Slip# | Attorney Client Activity | Rate | Time | Total |
|---|---|---|---|---|---|
| ...........................11765 | | | | | |
| Attention to TALTY remote deposition tutorial; pulling troublesome Milestone documents; more work on Moon documents 5/14/21 | | JPM 425 Moon Legal Work | 425.00* 425.00 *BB LD TMT LEARN TECH ON OWN TIME* | 3.00s | 1275.00* 1275.00 |
| ...........................11766 | | | | | |
| Meeting with Moon re depositions and documents 5/15/21 | | JPM 425 Moon Legal Work | 425.00* 425.00 | 1.80s | 765.00* 765.00 |
| ...........................11767 | | | | | |
| Attention to Fed deposition and document rules 5/17/21 | | JPM 425 Moon Legal Work | 425.00* 425.00 *SHOULD KNOW RULES AT THIS RATE TMT* | 0.90s | 382.50* 382.50 |
| ...........................11770 | | | | | |
| Further review of all Evergreen and Network docs 5/19/21 | | JPM 425 Moon Legal Work | 425.00* 425.00 *TMT NEVER USED* | 3.30s | 1402.50* 1402.50 |
| ...........................11772 | | | | | |
| Telephone call with mortgage expert; work on Moon notes and further review of Evergreen and Network e-mails 5/20/21 | | JPM 425 Moon Legal Work | 425.00* 425.00 *BB LT TMT* | 4.10s | 1742.50* 1742.50 |
| ...........................11773 | | | | | |
| Full review of Evergreen documents for deposition preparation and chron 5/21/21 | | JPM 425 Moon Legal Work | 425.00* 425.00 *DUP WORK TMT* | 3.40s | 1445.00* 1445.00 |
| ...........................11774 | | | | | |
| Further on full review of 182 Network e-mails 5/22/21 | | JPM 425 Moon Legal Work | 425.00* 425.00 *DUP WORK TMT* | 2.70s | 1147.50* 1147.50 |
| ...........................11778 | | | | | |
| Further call with expert; work on notes in main file on new issues 5/24/21 | | JPM 425 Moon Legal Work | 425.00* 425.00 *BB LD TMT* | 2.20s | 935.00* 935.00 |

Case: 20-03117    Doc# 110    Filed: 06/16/22    Entered: 06/16/22 18:01:38    Page 84 of 128

for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance

| Description/Matter/Date | Attorney<br>Client<br>Slip# Activity | Rate | Time | Total |
|---|---|---|---|---|
| ..............................11781 | | | | |
| Review further information from law<br>firm; more on case notes<br>5/25/21 | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00<br>BB TMT<br>LD | 3.00s | 1275.00*<br>1275.00 |
| ..............................11782 | | | | |
| Client e-mails [no charge]<br>5/26/21 | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00 | 0.00s | * |
| ..............................11784 | | | | |
| Work on preparation notes for Moon<br>declaration; items for Stuart<br>Deposition; prior declaration; DRE<br>matters<br>5/27/21 | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00<br>BB | 1.30s | 552.50*<br>552.50 |
| ..............................11786 | | | | |
| Work on further deposition<br>preparation; Review all moon<br>documents produced and all<br>Milestone documents produced:<br>review chron and some notes;<br>calculations on accrued interest at<br>Sept 2016<br>5/28/21 | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00<br>BB LD | 5.30s | 2252.50*<br>2252.50 |
| ..............................11788 | | | | |
| Meeting with clients re deposition<br>preparation; E-mail further<br>information to mark; research on<br>broker participation in extension<br>or refi; CC 1919<br>5/29/21 | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00<br>BB | 2.50s | 1062.50*<br>1062.50 |
| ..............................11789 | | | | |
| Review all documents on computer to<br>be sure all are produced prior to<br>deposition.<br>5/30/21 | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00<br>TMT LD | 1.50s | 637.50*<br>637.50 |
| ..............................11793 | | | | |
| San Diego Court Records fee<br>5/20/21 | JPM 425<br>Moon<br>Misc. | *<br>Qty Amount<br>1  35.60 | | 35.60 |

Page 81

for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance

| Description/Matter/Date | Attorney Client Slip# Activity | Rate | Time | Total |
|---|---|---|---|---|
| ...........................11797 Attention to Fed deposition procedures; research on 1619 and related cases Winnett ; Attention to INCS accrued interest 6/1/21 | JPM 425 Moon Legal Work BILLED | 425.00* 425.00 *BB LD TMT SHOULD KNOW RULES AT THAT RATE* | 2.00s | 850.00* 850.00 |
| ...........................11798 Call and send addtional documents to Cohen 6/2/21 | JPM 425 Moon Legal Work BILLED | 425.00* 425.00 *TMT LD FOR SENDING DOC* | 2.00s | 850.00* 850.00 |
| ...........................11802 Checking Panaigua case; 6/3/21 | JPM 425 Moon Legal Work BILLED | 425.00* 425.00 | 0.30s | 127.50* 127.50 |
| ...........................11804 Locate initial Moon 2015 bankruptcy lawyer; e-mail same re initial loan 6/4/21 | JPM 425 Moon Legal Work BILLED | 425.00* 425.00 | 0.30s | 127.50* 127.50 |
| ...........................11808 E-mail to client re deposition items [no charge] 6/6/21 | JPM 425 Moon Legal Work BILLED | 425.00* 425.00 | 0.00s | * |
| ...........................11809 Call with former Moon bankruptcy attorney  re Milestone referral; no referral to lender or broker; collect prior Moon discovery responses for deposition preparation; Cohen e-mail and locate and and send checks 6/7/21 | JPM 425 Moon Legal Work BILLED | 425.00* 425.00 *BB LD* | 1.10s | 467.50* 467.50 |
| ...........................11810 In for Moon deposition; defend deposition by Zoom 6/8/21 | JPM 425 Moon Legal Work BILLED | 425.00* 425.00 | 3.20s | 1360.00* 1360.00 |

Page 82

Case: 20-03117   Doc# 110   Filed: 06/16/22   Entered: 06/16/22 18:01:38   Page 86 of 128

for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance

| Description/Matter/Date | Attorney<br>Client<br>Slip# Activity | Rate | Time | Total |
|---|---|---|---|---|
| ...........................11814<br>Prepare and file status conference<br>statement in Milestone case<br>6/18/21 | JPM 425<br>Moon<br>Legal Work<br>BILLED | 425.00*<br>425.00 | 0.50s | 212.50*<br>212.50 |
| ...........................11815<br>Further on status conference<br>statement [no charge]<br>6/19/21 | JPM 425<br>Moon<br>Legal Work<br>BILLED | 425.00*<br>425.00 | 0.00s | * |
| ...........................11816<br>More research on Usury; C.C.P.<br>§1916.1 and need for broker at<br>extension.<br>6/21/21 | JPM 425<br>Moon<br>Legal Work<br>BILLED | 425.00*<br>425.00<br>BB TMT | 3.00s | 1275.00*<br>1275.00 |
| ...........................11821<br>Work on Lori deposition dates and<br>Stuart deposition notes<br>6/22/21 | JPM 425<br>Moon<br>Legal Work<br>BILLED | 425.00*<br>425.00 | 0.50s | 212.50*<br>212.50 |
| ...........................11822<br>Stuart deposition work; outline;<br>some exhibits; some other Moon<br>notes<br>6/23/21 | JPM 425<br>Moon<br>Legal Work<br>BILLED | 425.00*<br>425.00 | 3.40s | 1445.00*<br>1445.00 |
| ...........................11823<br>Research pari delicto on usury;<br>illegal contract issues; Deposition<br>documents; 2924.55; Fed rules on<br>deposition notice; Review prior<br>Stuart declarations; deposition<br>notice and e-mail Cohen<br>6/24/21 | JPM 425<br>Moon<br>Legal Work<br>BILLED | 425.00*<br>425.00<br>BB LD<br>TMT | 2.90s | 1232.50*<br>1232.50 |
| ...........................11826<br>Finish document list and serve<br>Stuart deposition notice<br>6/25/21 | JPM 425<br>Moon<br>Legal Work<br>BILLED | 425.00*<br>425.00 | 0.50s | 212.50*<br>212.50 |

Page 83

for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance

|                                                                  | Attorney<br>Client    |              |              |              |
| Description/Matter/Date                            Slip# | Activity        | Rate         | Time         | Total        |
| --- | --- | --- | --- | --- |
| ............................11829<br>Check and send deposition<br>transcript to Mark [no charge]<br>6/28/21 | JPM 425<br>Moon<br>Legal Work<br>BILLED | 425.00*<br>425.00 | 0.00s | * |
| ............................11834<br>Call with Lori re deposition<br>preparation;  send items to Lori;<br>Call with LA firm re Evergreen; and<br>potential dismissal; update Moon<br>Chron<br>6/30/21 | JPM 425<br>Moon<br>Legal Work<br>BILLED | 425.00*<br>425.00<br>ßß LD | 1.80s | 765.00*<br>765.00 |
| ............................11837<br>Deposition Transcript<br>6/28/21 | JPM 425<br>Moon<br>Misc.<br>BILLED | Qty<br>1 | Amount<br>549.20 | 549.20* |
| ............................11842<br>Call with Lori Moon re deposition<br>preparation; Attention to need to<br>redact documents produced in<br>deposition; another review of all<br>produced documents for deposition<br>preparation;<br>7/1/21 | JPM 425<br>Moon<br>Legal Work<br>BILLED | 425.00*<br>425.00<br>ßß LD | 0.80s | 340.00*<br>340.00 |
| ............................11847<br>Attention to NCLC reports on new<br>protections for mortgage homeowners<br>7/6/21 | JPM 425<br>Moon<br>Legal Work<br>BILLED | 425.00*<br>425.00 | 0.60s | 255.00*<br>255.00 |
| ............................11850<br>Revise and serve Stuart deposition<br>notice: work on Moon privacy<br>issues; send moon discovery<br>response;<br>7/8/21 | JPM 425<br>Moon<br>Legal Work<br>BILLED | 425.00*<br>425.00<br>ßß | 1.50s | 637.50*<br>637.50 |
| ............................11857<br>Start review of full Moon notes<br>file as preparation for Stuart<br>deposition<br>7/13/21 | JPM 425<br>Moon<br>Legal Work<br>BILLED | 425.00*<br>425.00 | 0.60s | 255.00*<br>255.00 |

Case: 20-03117   Doc# 110   Filed: 06/16/22   Entered: 06/16/22 18:01:38   Page 88 of
128

```
for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance
```

| Description/Matter/Date | Attorney<br>Client<br>Slip# Activity | Rate | Time | Total |
|---|---|---|---|---|
| ...........................11858<br>Telephone call with Mark; further<br>work on review of notes for Stuart<br>deposition; check the 2015 DRE<br>actions; research on the Del Toro<br>v. Milestone lawsuit; ; back to<br>notes re stuart deposition: work on<br>Gibbo case and 1916.1 annotations;<br>7/14/21 | JPM 425<br>Moon<br>Legal Work<br>BILLED<br>*BB LD*<br>*TMT* | 425.00*<br>425.00 | 3.80s | 1615.00*<br>1615.00 |
| ...........................11862<br>Preparation for 9:30 hearing:<br>attend hearing; Attention to Chron<br>and documents for documents missed<br>earlier in Stuart preparation;<br>Check 7/6/20 for loan application;<br>e-mail on bank statements;  Call<br>with mortgage expert; redacting<br>moon documents for deposition<br>7/15/21 | JPM 425<br>Moon<br>Legal Work<br>BILLED<br>*BB* | 425.00*<br>425.00 | 2.30s | 977.50*<br>977.50 |
| ...........................11869<br>Further review of case notes and<br>documents for Stuart depo<br>7/17/21  DUP | JPM 425<br>Moon<br>Legal Work<br>BILLED<br>*TMT* | 425.00*<br>425.00 | 3.70s | 1572.50*<br>1572.50 |
| ...........................11870<br>More on case note review;  research<br>Wyatt case<br>7/18/21 | JPM 425<br>Moon<br>Legal Work<br>BILLED<br>*BB LD*<br>*DUP TMT* | 425.00*<br>425.00 | 1.50s | 637.50*<br>637.50 |
| ...........................11871<br>Further work on case note review;<br>Del Toro and Evergreen payment<br>histories in our Rule 26<br>disclosure;  Back to Review and<br>work on DRE actions;  Looking at<br>documents needed as deposition<br>exhibits; more on review for<br>exhibits<br>7/19/21 | JPM 425<br>Moon<br>Legal Work<br>BILLED<br>*BB, LD*<br>*TMT* | 425.00*<br>425.00 | 4.40s | 1870.00*<br>1870.00 |

Page 85

for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance

|                                          |           | Attorney Client |           |       |           |
| Description/Matter/Date                  | Slip#     | Activity        | Rate      | Time  | Total     |
| ---------------------------------------- | --------- | --------------- | --------- | ----- | --------- |
| ...........................11875         |           |                 |           |       |           |
| Reviewing Moon Chron for exhibit         | JPM 425   |                 | 425.00*   | 1.50s | 637.50*   |
| items for depo                           | Moon      |                 | 425.00    |       | 637.50    |
| 7/21/21                                  | Legal Work| TMT             |           |       |           |
|                                          | BILLED    |                 |           |       |           |
| ...........................11877         |           |                 |           |       |           |
| Working on Stuart deposition notes       | JPM 425   |                 | 425.00*   | 1.00s | 425.00*   |
| and issues: further on deposition        | Moon      |                 | 425.00    |       | 425.00    |
| preparation and issues;                  | Legal Work| BB TMT          |           |       |           |
| 7/23/21                                  | BILLED    | DUP 7/17 Bill   |           |       |           |
| ...........................11878         |           |                 |           |       |           |
| Review Agile Law videos for              | JPM 425   |                 | 425.00*   | 1.10s | 467.50*   |
| presentation of exhibits at remote       | Moon      |                 | 425.00    |       | 467.50    |
| deposition;                              | Legal Work| TMT             |           |       |           |
| 7/23/21                                  | BILLED    | LETTEN TECH ON  |           |       |           |
|                                          |           | OWN TIMO        |           |       |           |
| ...........................11880         |           |                 |           |       |           |
| Detailed stuart deposition               | JPM 425   |                 | 425.00*   | 5.50s | 2337.50*  |
| preparation; outline, questions          | Moon      |                 | 425.00    |       | 2337.50   |
| exhibit order                            | Legal Work| BB LD           |           |       |           |
| 7/24/21                                  | BILLED    | TMT             |           |       |           |
|                                          |           | DUP 7/17 7/18   |           |       |           |
| ...........................11881         |           |                 |           |       |           |
| Further on depo outline questions        | JPM 425   |                 | 425.00*   | 3.30s | 1402.50*  |
| and exhibits;  checking facts on         | Moon      |                 | 425.00    |       | 1402.50   |
| some issues in the Chron and             | Legal Work| BB LD           |           |       |           |
| Milestone documents; finalize            | BILLED    | TMT             |           |       |           |
| outline                                  |           | DUP 7/17 7/18   |           |       |           |
| 7/25/21                                  |           | 7-25            |           |       |           |
| ...........................11882         |           |                 |           |       |           |
| Attend Stuart deposition at Talty        | JPM 425   |                 | 425.00*   | 7.50s | 3187.50*  |
| in San Jose.                             | Moon      |                 | 425.00    |       | 3187.50   |
| 7/25/21                                  | Legal Work|                 |           |       |           |
|                                          | BILLED    |                 |           |       |           |
| ...........................11883         |           |                 |           |       |           |
| Attention to Old republic closing        | JPM 425   |                 | 425.00*   | 1.70s | 722.50*   |
| documents from Milestone; Attention      | Moon      |                 | 425.00    |       | 722.50    |
| to declaration to give on bank           | Legal Work| BB LD           |           |       |           |
| statements to Network                    | BILLED    | TMT             |           |       |           |
| 7/27/21                                  |           |                 |           |       |           |

Page 86

for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance

| Description/Matter/Date | Attorney<br>Client<br>Slip# Activity | Rate | Time | Total |
|---|---|---|---|---|
| ...........................11885 | | | | |
| Work on post deposition notes and updates;  Review the lender broker disclosure for illegal terms; issue of unconscionable: the improper 2954.5 disclosure in Notice of Default<br>7/28/21 | JPM 425<br>Moon<br>Legal Work<br>BILLED | 425.00*<br>425.00<br>$BB\ LD$<br>$TMT$ | 4.80s | 2040.00*<br>2040.00 |
| ...........................11888 | | | | |
| Further analysis of Milestone documents to get all items with Broker disclosure; Items missing from Milestone production; case notes re same<br>7/29/21 | JPM 425<br>Moon<br>Legal Work<br>BILLED | 425.00*<br>425.00<br>$BB\ LD$<br>$TMT$<br>$DJP\ 7-28$ | 1.50s | 637.50*<br>637.50 |
| ...........................11889 | | | | |
| Attention to review of documents re 2015 loan closing; and no e-mails; Mark e-mail re closing;  research on Paniagua; to Stuart deposition session 2:<br>7/30/21 | JPM 425<br>Moon<br>Legal Work<br>BILLED | 425.00*<br>425.00<br>$BB\ LD$<br>$TMT$<br>$DJP\ EARLIER$<br>$DOC\ REVIEW$ | 3.30s | 1402.50*<br>1402.50 |
| ...........................11891 | | | | |
| Computer assistant conversion of Network Outlook files<br>5/17/21 | JPM 425<br>Moon<br>Misc. | Qty<br>1 | Amount<br>185.00 | 185.00* |
| ...........................11895 | | | | |
| Deposition Fees- Lori Depo<br>7/25/21 | JPM 425<br>Moon<br>Misc.<br>BILLED | *<br>Qty<br>1 | Amount<br>402.15 | 402.15 |
| ...........................11897 | | | | |
| Mediator Fees<br>8/25/21 | JPM 425<br>Moon<br>Misc. | *<br>Qty<br>1 | Amount<br>100.00 | 100.00 |
| ...........................11898 | | | | |
| Deposition fees Stuart Part 2<br>8/18/21 | JPM 425<br>Moon<br>Misc. | *<br>Qty<br>1 | Amount<br>663.30 | 663.30 |

Case: 20-03117   Doc# 110   Filed: 06/16/22   Entered: 06/16/22 18:01:38   Page 91 of 128

for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance

| Description/Matter/Date | Slip# | Attorney<br>Client<br>Activity | Rate | Time | Total |
|---|---|---|---|---|---|
| ............................11899 |  |  |  |  |  |
| Filing fees Evergreen dismissal<br>state court<br>8/23/21 | JPM 425<br>Moon<br>Misc. | * | Qty<br>1 | Amount<br>17.12 | 17.12 |
| ............................11900 |  |  |  |  |  |
| San Diego Airfare<br>8/11/21 | JPM 425<br>Moon<br>Misc. | * | Qty<br>1 | Amount<br>333.68 | 333.68 |
| ............................11901 |  |  |  |  |  |
| Car rental San Diego<br>8/11/21 | JPM 425<br>Moon<br>Misc. | * | Qty<br>1 | Amount<br>119.57 | 119.57 |
| ............................11902 |  |  |  |  |  |
| SFO parking<br>8/11/21 | JPM 425<br>Moon<br>Misc. | * | Qty<br>1 | Amount<br>35.00 | 35.00 |
| ............................11903 |  |  |  |  |  |
| Deposition Fee Stuart part 1<br>9/10/21 | JPM 425<br>Moon<br>Misc. | * | Qty<br>1 | Amount<br>2289.60 | 2289.60 |
| ............................11904 |  |  |  |  |  |
| Research bankruptcy procedure<br>Evergreen dismissal; Rule 41; case<br>notes on Evergreen CEO<br>8/2/21 | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00<br>*BB LD TMT*<br>*SHOULD KNOW RULES*<br>*AT THAT RATE* | 0.80s | 340.00*<br>340.00 |
| ............................11908 |  |  |  |  |  |
| Work on declaration re Bank<br>statements<br>8/3/21 | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00 | 0.50s | 212.50*<br>212.50 |
| ............................11914 |  |  |  |  |  |
| Call with LAfirm re Milestone [no<br>charge]<br>8/6/21 | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00 | 0.00s |  * |
| ............................11915 |  |  |  |  |  |
| Trying to locate 2017 entries in<br>the INCS documents<br>8/7/21 | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00 | 0.80s | 340.00*<br>340.00 |

Case: 20-03117   Doc# 110   Filed: 06/16/22   Entered: 06/16/22 18:01:38   Page 92 of
128

for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance

| Description/Matter/Date | Attorney<br>Client<br>Slip# Activity | Rate | Time | Total |
|---|---|---|---|---|
| ...........................11916<br>Further on INCS documents; collect<br>documents for 8/11 meeting ;<br>finalize and file Rule 41 motion<br>and order<br>8/9/21 | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00<br>BB LD Tmy<br>DVP cARklea<br>INCS REVIEW | 2.00s | 850.00*<br>850.00 |
| ...........................11923<br>Send deposition and items to<br>consulting expert<br>8/10/21 | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00<br>TmT<br>Damil-A Depo<br>secRETARY wuRK | 0.80s | 340.00*<br>340.00 |
| ...........................11925<br>Collect and forward further items<br>to expert per request [no charge]<br>8/12/21 | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00 | 0.00s | * |
| ...........................11928<br>Initial work on Moon Mediation<br>brief<br>8/15/21 | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00 | 0.80s | 340.00*<br>340.00 |
| ...........................11931<br>Call with mediator on case; Call<br>expert re 1916.1 and usury on the<br>extension<br>8/17/21 | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00<br>TmT FoR<br>CALLS | 1.00s | 425.00*<br>425.00 |
| ...........................11933<br>Work on mediation; full analysis of<br>Ridgely and how it applies to this<br>case; get Evergreen documents re<br>removing 68K from the July amount<br>8/18/21 | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00<br>BB | 1.80s | 765.00*<br>765.00 |
| ...........................11935<br>Work on all the issues in the<br>mediation brief, usury on the<br>extension; cases on this; the 115<br>is illegal; the 68K was not due and<br>they wrongfully charged cascading<br>late fees  (brief is draft of MSJA)<br>8/19/21 | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00<br>BB LD<br>TMT | 5.50s | 2337.50*<br>2337.50 |

Page 89

for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance

| Description/Matter/Date | Slip# | Attorney<br>Client<br>Activity | Rate | Time | Total |
|---|---|---|---|---|---|
| .............................11948 | | | | | |
| More hassles from Cohen re Network<br>bank statements;  audio of prior<br>conference: attend today's status<br>conference; collect bank statements<br>given to Network by Moon<br>8/27/21 | | JPM 425<br>Moon<br>Legal Work<br><br>BB LD<br>TMT | 425.00*<br>425.00 | 2.50s | 1062.50*<br>1062.50 |
| .............................11949 | | | | | |
| Locate 2019 bank information to add<br>to production;  Moon TRO<br>declaration to use for MSJA. Fed<br>deposition form<br>8/28/21 | | JPM 425<br>Moon<br>Legal Work<br>BB | 425.00*<br>425.00 | 0.80s | 340.00*<br>340.00 |
| .............................11958 | | | | | |
| Work on Request Judicial Notice on<br>Cease and Desist; e-mail Cohen re<br>change in Requests for Admissions;<br>Moon RJN and Federal rules<br>9/3/21 | | JPM 425<br>Moon<br>Legal Work<br>BB LD | 425.00*<br>425.00 | 1.20s | 510.00*<br>510.00 |
| .............................11959 | | | | | |
| Work on Moon motion for summary<br>judgment<br>9/4/21 | | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00 | 4.10s | 1742.50*<br>1742.50 |
| .............................11960 | | | | | |
| Further work on motion for summary<br>judgment and Mark moon declaration;<br>exhibits for Moon Declaration<br>9/5/21 | | JPM 425<br>Moon<br>Legal Work<br>BB LD | 425.00*<br>425.00 | 3.50s | 1487.50*<br>1487.50 |
| .............................11961 | | | | | |
| Further work on Moon declaration<br>and revisions; exhibits<br>9/6/21 | | JPM 425<br>Moon<br>Legal Work<br>BB LD | 425.00*<br>425.00 | 1.80s | 765.00*<br>765.00 |
| .............................11964 | | | | | |
| Notes on 2923 and Fiduciary duty;<br>prepare Supplemental Rule 26 for<br>missed documents; e-mail to Cohen;<br>Getting rules and setting hearing<br>on motion for summary judgment;<br>9/7/21 | | JPM 425<br>Moon<br>Legal Work<br>BB LD<br>TMT<br>SHOULD KNOW<br>RULES | 425.00*<br>425.00 | 2.00s | 850.00*<br>850.00 |

Case: 20-03117   Doc# 110   Filed: 06/16/22   Entered: 06/16/22 18:01:38   Page 94 of
128

for Rate: *=bill rate/amount
for Time: s=spent   e=estimated   v=variance

| Description/Matter/Date | Attorney<br>Client<br>Slip# Activity | Rate | Time | Total |
|---|---|---|---|---|
| ............................11937 | | | | |
| Work on 2954 "one penalty" section;<br>further on mediation brief legal<br>issues<br>8/20/21 | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00<br>*BB LD* | 3.00s | 1275.00*<br>1275.00 |
| ............................11938 | | | | |
| Work on Lori e-mail and Chron.<br>Check broker status at DRE.<br>8/22/21 | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00<br>*TMT* | 0.50s | 212.50*<br>212.50 |
| ............................11939 | | | | |
| Call with Mediator Simon;  Dismiss<br>Evergreen from state case;  e-mail<br>mark on items needed for mediation<br>8/23/21 | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00<br>*BB LD<br>TMT* | 1.00s | 425.00*<br>425.00 |
| ............................11940 | | | | |
| Attend BDRP mediation (4.0)  Post<br>mediation research on William<br>Stuart as "broker" on the<br>extension.  Broker rules on<br>salesmen.  Their story does not<br>work due to non-involvment of<br>actual broker and no fee to him.<br>More on 1916.1 and e-mail Moran<br>8/24/21 | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00<br>*BB LD* | 6.40s | 2720.00*<br>2720.00 |
| ............................11941 | | | | |
| Researching bankruptcy rules on<br>Motion for Summary Adjudication and<br>application of FRCP 56 and northern<br>district Local rules;  on the DRE<br>orders; partial motion for summary<br>judgment rules; Montali procedures<br>for same; further research on<br>"salesperson" rules for MSJA<br>8/25/21 | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00<br>*BB LD<br>TMT<br>S HOULD KNOW<br>AT THAT RATE* | 2.50s | 1062.50*<br>1062.50 |
| ............................11944 | | | | |
| Starting modifications to mediation<br>brief to convert to Motion for<br>Summary Adjudication;  Call from<br>Cohen re further mediation.<br>8/26/21 | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00<br>*BB* | 1.50s | 637.50*<br>637.50 |

Page 91

for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance

| Description/Matter/Date | Slip# | Attorney Client Activity | Rate | Time | Total |
|---|---|---|---|---|---|
| ....................................11985 Work on chart of Milestone Motion for Summary Adjudication arguments and responses; Research on DCM and Ghirardo as inapplicable; further on estoppel and statute of limitations 9/20/21 | | JPM 425 Moon Legal Work | 425.00* 425.00 *BB,LD* | 3.50s | 1487.50* 1487.50 |
| ....................................11988 Work on Motion for Summary Adjudication counterpoints; research on the "forbearance" items and other cases 9/21/21 | | JPM 425 Moon Legal Work | 425.00* 425.00 *BB LD* | 1.20s | 510.00* 510.00 |
| ....................................11992 Attention to Network e-mails on commitment and ready to fund the loan on April 19, 2019.  CFPB rules and information on business purpose and 1026.3 9/23/21 | | JPM 425 Moon Legal Work | 425.00* 425.00 *BB,LD* | 0.80s | 340.00* 340.00 |
| ....................................11994 Research on credit sale cases and forbearance; older cases on credit sale. 9/25/21 | | JPM 425 Moon Legal Work | 425.00* 425.00 *BB LD DJP RESEARCH* | 2.50s | 1062.50* 1062.50 |
| ....................................11995 Further on business purpose rules; cases; research on the "absence of evidence" as admissible under hearsay rule 9/26/21 | | JPM 425 Moon Legal Work | 425.00* 425.00 *BB* | 1.10s | 467.50* 467.50 |
| ....................................12000 Work on drafting Opposition to Milestone msja 9/28/21 | | JPM 425 Moon Legal Work | 425.00* 425.00 | 0.50s | 212.50* 212.50 |
| ....................................12001 Drafting some credit sale rules and quotes; 1026.3 business purpose items; issues on C Stuart declaration; "broker" definition items;  further on C Stuart broker issues; no MLO;  initial work on | | JPM 425 Moon Legal Work | 425.00* 425.00 *BB LD TMT DJP WORK* | 7.10s | 3017.50* 3017.50 |

Page 92

for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance

| Description/Matter/Date | Slip# | Attorney Client Activity | Rate | Time | Total |
|---|---|---|---|---|---|
| ...........................11967 | | | | | |
| Work on motion for summary judgment brief;  work on JPM declaration; review brief with to confirm all facts supported by declaration and exhibits 9/8/21 | | JPM 425 Moon Legal Work  BB, LD | 425.00* 425.00 | 4.40s | 1870.00* 1870.00 |
| ...........................11968 | | | | | |
| Review and revise Moon motion and declarations; review and finalize all documents; file with court 9/9/21 | | JPM 425 Moon Legal Work  BB LD CLERKWORK AT 425 | 425.00* 425.00 | 2.00s | 850.00* 850.00 |
| ...........................11976 | | | | | |
| Call So Cal re Motion for Summary Adjudication issues [no charge] 9/13/21 | | JPM 425 Moon Legal Work | 425.00* 425.00 | 0.00s | * |
| ...........................11977 | | | | | |
| Research on "business purpose" rules for al classifcation; 12 CFR 1026.3; start on Fournier subpoena and deposition notices 9/14/21 | | JPM 425 Moon Legal Work  BB LD TMT | 425.00* 425.00 | 2.70s | 1147.50* 1147.50 |
| ...........................11979 | | | | | |
| Confirm fed subpoena and deposition notice rules; locate Fournier address; send to process server 9/15/21 | | JPM 425 Moon Legal Work  BB LD TMT CLERKWIRK | 425.00* 425.00 | 0.80s | 340.00* 340.00 |
| ...........................11982 | | | | | |
| Initial look at new argument in Milestone Motion for Summary Adjudication that Carolyn Stuart brokered the extension; reviewing MLO issues; work on business purpose 9/17/21 | | JPM 425 Moon Legal Work  BB LD TMT | 425.00* 425.00 | 4.50s | 1912.50* 1912.50 |
| ...........................11984 | | | | | |
| Further work on C stuart issues; locate amount of Milestone bankruptcy claim;  problems with facts suggested by C Stuart; locate and review July 2016 e-mails; 9/18/21 | | JPM 425 Moon Legal Work  BB LD TMT | 425.00* 425.00 | 3.80s | 1615.00* 1615.00 |

Page 93

for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance

```
                                    Attorney
                                    Client
Description/Matter/Date         Slip# Activity        Rate    Time       Total
----------------------------------- --------          ----- -------   ----------
2016 settlement agreement and
waiver
9/29/21

...........................12002
Work on objection to Brutschy   JPM 425          425.00*   6.30s    2677.50*
items; Fed Rules Evidence on expert  Moon         425.00             2677.50
and cases;  on Opposition,      Legal Work    BB LD
settlement is not waiver of illegal
terms;  work on estoppel; work on
Mark decl and exhibits;  finish
Mark declaration and e-mail to him.
9/30/21                                             \

...........................12006
Fournier Witness Fee & Service  JPM 425          *
9/17/21                         Moon               Qty Amount
                                Misc.               1  210.00      210.00

...........................12009
Work on Opposition to Defendant JPM 425          425.00*   5.10s    2167.50*
Motion for Summary Adjudication; Moon            425.00             2167.50
Review and revise same; work on Legal Work   BB LD
declarations; work on judicial
admissions; "interference"                  SECRETARY WORK
defenses; FRE 803; Req. Judicial             CLERK
Notice #2; Finalize and file all
Opposition documents
10/1/21

...........................12010
Attention to problems with DRE  JPM 425          425.00*   0.40s     170.00*
documents; revise and file amended Moon          425.00              170.00
Req Judicial Notice             Legal Work   BB
10/2/21

...........................12012
Get official court filed copies of JPM 425       425.00*   3.40s    1445.00*
Milestone Opposition to Moon Motion Moon         425.00             1445.00
for Summary Adjudication; start on Legal Work BB LD
Reply items; note re Fournier
review; Research on broker as agent
for dealing with third parties.
10/4/21
```

Page 94

```
for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance
```

|                                          | Attorney<br>Client |        |       |            |
| Description/Matter/Date                  | Slip# Activity     | Rate   | Time  | Total      |
| ---------------------------------------- | ------------------ | ------ | ----- | ---------- |

```
............................12014
Attention to requirement of          JPM 425       425.00*   5.70s   2422.50*
"intermediary", Gibbo Case: Stuart   Moon          425.00            2422.50
Reply on penalty, show no            Legal Work    ßß,ĊD
liquidated damages; work on Liq                    ᴛᴍ⌐
damage section, Review and revise
same
10/6/21

                  •
............................12015
On ghirardo case; work on broker     JPM 425       425.00*   6.00s   2550.00*
and agent law section; add CEB       Moon          425.00            2550.00
information on Agency; drafting      Legal Work    ßß  LD
section; initial work on multiple                  ᴛᴍ⌐
late fees, broker exemption and
Akopyan
10/7/21

............................12018
Drafting and finalizing Reply        JPM 425       425.00*   3.80s   1615.00*
points and authorities;              Moon          425.00            1615.00
declarations; exhibits for RJN:      Legal Work    ßß LD
reponse on Brutschy
10/8/21

............................12020
Checking Milestone papers for any    JPM 425       425.00*   0.80s    340.00*
denial of claim that they had no     Moon          425.00        .    340.00
information on residence or          Legal Work    ßß
business purpose prior to getting
the 6/24 documents signed by Moons;
checking Fournier status and call
with attorney
10/12/21

............................12022
Attention to court 10/13 order on    JPM 425       425.00*   1.00s    425.00*
Motion for Summary Adjudication      Moon          425.00             425.00
hearing and issues;  work on same    Legal Work    ßß ╷LD
10/13/21

............................12023
Attention to issues raised by Judge  JPM 425       425.00*   5.10s   2167.50*
Montali in order;  issues on DRE     Moon          425.00            2167.50
orders; research on statutes         Legal Work    ßß ,LD
stating that statements in                         ᴛᴍᴛ
documents not controlling, reality                 ᴛ⌐LA ᴺ⌐ᴛ
governs.  TILA statute on this and                 Aᴺ ᴵ₷ᴜᴇ
no waiver rules in TILA
```

        Page 95

```
for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance
```

| Description/Matter/Date | Slip# | Attorney Client Activity | Rate | Time | Total |
|---|---|---|---|---|---|

```
10/14/21
```

| ...........................12026 | | | | | |
| Research on TILA and Faisson case; also Gasbe on re broker on extension; attend hearing on cross Motions for Summary Adjudication 10/15/21 | | JPM 425 Moon Legal Work | 425.00* 425.00 *BB,LD* | 3.20s | 1360.00* 1360.00 |
| ...........................12028 | | | | | |
| E-mail attorney Moran re motion for summary judgment hearing  [no charge] 10/18/21 | | JPM 425 Moon Legal Work | 425.00* 425.00 | 0.00s | * |
| ...........................12033 | | | | | |
| Call with Attorney Martinre Fournier deposition; 10/19/21 | | JPM 425 Moon Legal Work | 425.00* 425.00 | 0.20s | 85.00* 85.00 |
| ...........................12034 | | | | | |
| Information for Attorney Martin; e-mail same 10/20/21 | | JPM 425 Moon Legal Work | 425.00* 425.00 *LD,tMT* | 0.80s | 340.00* 340.00 |
| ...........................12058 | | | | | |
| Attention to court order for new brief on Arce case;  review of Arce case 11/16/21 | | JPM 425 Moon Legal Work | 425.00* 425.00 | 1.50s | 637.50* 637.50 |
| ...........................12060 | | | | | |
| Track down all three Arce cases; Attention to Epstein offset; Attention to statute of limitation; Attention to treble damages and attorney fees 11/17/21 | | JPM 425 Moon Legal Work | 425.00* 425.00 *BB LD TmT* | 1.80s | 765.00* 765.00 |
| ...........................12063 | | | | | |
| Research if expresio unius is helpful; Cases on Pac Gas Quote: meant what they said;  Work on support for each point in Arce case 11/18/21 | | JPM 425 Moon Legal Work | 425.00* 425.00 *BB LD Tmt* | 3.30s | 1402.50* 1402.50 |

Case: 20-03117   Doc# 110   Filed: 06/16/22   Entered: 06/16/22 18:01:38   Page 100 of 128

```
for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance
```

| Description/Matter/Date | Slip# | Attorney Client Activity | Rate | Time | Total |
|---|---|---|---|---|---|
| ..............................12065 | | | | | |
| Research on forbearance casesm | | JPM 425 | 425.00* | 1.00s | 425.00* |
| Buck, Sheehy etc. and Witkin | | Moon | 425.00 | | 425.00 |
| 11/19/21 | | Legal Work | | | |
| ..............................12069 | | | | | |
| Start on brief on Arce | | JPM 425 | 425.00* | 0.70s | 297.50* |
| 11/22/21 | | Moon | 425.00 | | 297.50 |
| | | Legal Work | | | |
| ..............................12072 | | | | | |
| Work on Arce supp brief | | JPM 425 | 425.00* | 3.40s | 1445.00* |
| 11/24/21 | | Moon | 425.00 | | 1445.00 |
| | | Legal Work | DUP PRIOR WORK | | |
| ..............................12073 | | | | | |
| Add Epstein section on Brief; | | JPM 425 | 425.00* | 1.00s | 425.00* |
| Review and revise, finalize and | | Moon | 425.00 | | 425.00 |
| file | | Legal Work | | | |
| 11/29/21 | | | | | |
| ..............................12075 | | | | | |
| Review Milestone Brief on Arce | | JPM 425 | 425.00* | 0.70s | 297.50* |
| 11/30/21 | | Moon | 425.00 | | 297.50 |
| | | Legal Work | | | |
| ..............................12078 | | | | | |
| Mediator Fee Martha Simon | | JPM 425 | | Qty Amount | |
| 11/15/21 | | Moon | | | |
| | | Misc. | | 1 1500.00 | 1500.00* |
| ..............................12083 | | | | | |
| Court e-filing fees-SM Case | | JPM 425 | * | | |
| Management Conference Stmt | | Moon | | Qty Amount | |
| 12/20/21 | | Misc. | | 1  16.02 | 16.02 |
| ..............................12102 | | | | | |
| Further review of Milestone brief | | JPM 425 | 425.00* | 0.80s | 340.00* |
| on Arce; research hist or credit | | Moon | 425.00 | | 340.00 |
| sale in California case law | | Legal Work | BB | | |
| 12/14/21 | | | DUP PRIOR RESEARCH | | |
| ..............................12110 | | | | | |
| Draft and file Case Management | | JPM 425 | 425.00* | 0.30s | 127.50* |
| Conference Statement in State Case | | Moon | 425.00 | | 127.50 |
| 12/20/21 | | Legal Work | | | |

Case: 20-03117   Doc# 110   Filed: 06/16/22   Entered: 06/16/22 18:01:38   Page 101 of 128

Law Offices
TIMESLIPS Detail Time Usage Report

for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance

| Description/Matter/Date | Slip# | Attorney<br>Client<br>Activity | Rate | Time | Total |
|---|---|---|---|---|---|
| .............................12126<br>Attend adversary status conference;<br>get court's oral ruling: work on<br>post hearing notes; e-mails with<br>Moran; look at attorney fees;<br>1/12/22 | | JPM 425<br>Moon<br>Legal Work<br>*BB* | 425.00*<br>425.00 | 2.10s | 892.50*<br>892.50 |
| .............................12127<br>Searching Milestone claims in<br>bankruptcy<br>1/17/22 | | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00 | 0.40s | 170.00*<br>170.00 |
| .............................12128<br>Work on 473 motion in state court<br>to get case "undismissed."<br>1/18/22 | | JPM 425<br>Moon<br>Legal Work<br>*NOT CHARGEABLE<br>TO MILESTONE* | 425.00*<br>425.00 | 0.70s | 297.50*<br>297.50 |
| .............................12129<br>Research on statute of limitations;<br>Notes re Westman and Shirley cases;<br>statute does not start until loan<br>paid off<br>1/19/22 | | JPM 425<br>Moon<br>Legal Work<br>*BB LD<br>TMT* | 425.00*<br>425.00 | 1.80s | 765.00*<br>765.00 |
| .............................12130<br>Attention to Cohen e-mail on the<br>Epstein issue; send response on<br>that issue, equitable estoppel;<br>research on failure to mitigate and<br>no damages for Milestone after 4/19<br>breach; prepare and file 473 motion<br>in state court to correct the<br>mistaken dismissal<br>1/21/22 | | JPM 425<br>Moon<br>Legal Work<br>*BB LD<br>TMT<br>STATE COURT MISTAKE<br>NOT CHARGEABLE<br>TO MILESTONE* | 425.00*<br>425.00 | 1.80s | 765.00*<br>765.00 |
| .............................12134<br>Further research on estoppel; party<br>in breach can not profit from<br>breach; case law on the timing of<br>borrower credits to reduce the<br>balance that might earn Epstein<br>interest<br>1/22/22 | | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00<br>*BB LD<br>TMT<br>DUP RESEARCH* | 1.20s | 510.00*<br>510.00 |

Page 98

for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance

| Description/Matter/Date | Slip# | Attorney<br>Client<br>Activity | Rate | Time | Total |
|---|---|---|---|---|---|
| ............................12135 | | | | | |
| Confirm all listed payments are in<br>the bank statements; further on<br>Epstein; e-mail Cohen re amounts.<br>1/24/22 | | JPM 425<br>Moon<br>Legal Work<br>*BB LD*<br>*TMT*<br>*DUP EARLIER*<br>*WORK* | 425.00*<br>425.00 | 2.20s | 935.00*<br>935.00 |
| ............................12141 | | | | | |
| Further on  final numbers to Cohen<br>[no charge]<br>1/27/22 | | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00 | 0.00s | * |
| ............................12146 | | | | | |
| Attention to Missing Jan 2018<br>statement [no charge]<br>1/28/22 | | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00 | 0.00s | * |
| ............................12150 | | | | | |
| Initial review of Montali Memo<br>Decision; send information to<br>Moran; issues in decision, late<br>charge.  Research on 10245.5 and<br>Akopyan re late charges<br>1/31/22 | | JPM 425<br>Moon<br>Legal Work<br>*BB LD*<br>*TMT* | 425.00*<br>425.00 | 3.70s | 1572.50*<br>1572.50 |
| ............................12151 | | | | | |
| San Mateo Court Filing Fee-473<br>motion<br>1/21/22 | | JPM 425<br>Moon<br>Misc. | Qty<br>1 | Amount<br>90.00 | 90.00* |
| ............................12152 | | | | | |
| Electronic Filing fees    .<br>1/21/22 | | JPM 425<br>Moon<br>Misc. | Qty<br>1 | Amount<br>23.36 | 23.36* |
| ............................12153 | | | | | |
| Work on items for status conference<br>2/1/22 | | JPM 425<br>Moon<br>Legal Work<br>*LD* | 425.00*<br>425.00 | 1.30s | 552.50*<br>552.50 |
| ............................12156 | | | | | |
| Detailed analysis of Akopyan case;<br>Attention to Milestone lacking<br>finance lender license prior to<br>2018; notes on treble damages<br>2/2/22 | | JPM 425<br>Moon<br>Legal Work<br>*BB LD*<br>*TMT* | 425.00*<br>425.00 | 3.20s | 1360.00*<br>1360.00 |

Case: 20-03117   Doc# 110   Filed: 06/16/22   Entered: 06/16/22 18:01:38   Page 103
of 128

for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance

| Description/Matter/Date | Attorney Client Slip# Activity | Rate | Time | Total |
|---|---|---|---|---|
| ............................12157 | | | | |
| Shephardize Akopyan and cases following 2/3/22 | JPM 425 Moon Legal Work | 425.00* 425.00 *TMT* | 1.40s | 595.00* 595.00 |
| ............................12171 | | | | |
| Review of case law and "relative guilt" items 2/12/22 | JPM 425 Moon Legal Work | 425.00* 425.00 | 0.30s | 127.50* 127.50 |
| ............................12172 | | | | |
| Work on section on no late fees on usurious payments 2/13/22 | JPM 425 Moon Legal Work | 425.00* 425.00 *LD TMT THEY WERE NOT SOUGHT BY MILESTONE* | 2.60s | 1105.00* 1105.00 |
| ............................12179 | | | | |
| Further work on late fee on usurious interest; outline of items for "relative guilt" 2/15/22 | JPM 425 Moon Legal Work | 425.00* 425.00 *BB LD TMT* | 3.00s | 1275.00* 1275.00 |
| ............................12181 | | | | |
| Attention to rules for treble damages and relative guilt.  Some work on Espstein cases 2/16/22 | JPM 425 Moon Legal Work | 425.00* 425.00 *BB LD TMT* | 1.80s | 765.00* 765.00 |
| ............................12182 | | | | |
| Further on reasons Epstein does not apply; work on breach of contract and excuse of counter performance; statute of limitations inapplicable; work on request to reconsider late fees and interest void; work on correct credits for Milestone 2/17/22 | JPM 425 Moon Legal Work | 425.00* 425.00 *BB LD FAILED ARGUMENT! TMT DUP. PRIOR ARGUMENTS* | 4.30s | 1827.50* 1827.50 |
| ............................12184 | | | | |
| Attention to Shirley cases; application of 10324 and Akopyan; review and revise for filing 2/18/22 | JPM 425 Moon Legal Work | 425.00* 425.00 *BB LD TMT DUP PRIOR WORK* | 3.30s | 1402.50* 1402.50 |

Page 100

Case: 20-03117   Doc# 110   Filed: 06/16/22   Entered: 06/16/22 18:01:38   Page 104 of 128

for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance

| Description/Matter/Date | Slip# | Attorney Client Activity | Rate | Time | Total |
|---|---|---|---|---|---|
| ...........................12185 | | | | | |
| Review Milestone status conference statement; Attention to misleading deposition excerpts and irrelevant character evidence in Ex. 12: further on sum certain requirement in Epstein and related cases 2/21/22 | | JPM 425 Moon Legal Work | 425.00* 425.00 | 3.70s | 1572.50* 1572.50 |
| ...........................12189 | | | | | |
| Checking Milestone number in status report; 7% or lower bankruptcy rate; calculate differences 2/22/22 | | JPM 425 Moon Legal Work | 425.00* 425.00 | 1.50s | 637.50* 637.50 |
| ...........................12195 | | | | | |
| Collect payment items for status conference [no charge] 2/24/22 | | JPM 425 Moon Legal Work | 425.00* 425.00 | 0.00s | * |
| ...........................12196 | | | | | |
| Preparation for status conference; attend conference; rework Moon calculations;  e-mail attorney Moran 2/25/22 | | JPM 425 Moon Legal Work | 425.00* 425.00 | 2.70s | 1147.50* 1147.50 |
| ...........................12209 | | | | | |
| Work on revised numbers for Cohen 3/1/22 | | JPM 425 Moon Legal Work | 425.00* 425.00 | 0.50s | 212.50* 212.50 |
| ...........................12212 | | | | | |
| Review post bankruptcy bank statements to confirm all payments in statements; locate one payment Mark missed ; send official list 3/2/22 | | JPM 425 Moon Legal Work | 425.00* 425.00 | 1.20s | 510.00* 510.00 |
| ...........................12226 | | | | | |
| Attention to admin fees claimed by Milestone and 10% - review Prom Note and Deed Trust for authorization; locate the uncodified usury statutes 3/8/22 | | JPM 425 Moon Legal Work | 425.00* 425.00 | 1.00s | 425.00* 425.00 |

[handwritten annotations: "BB LD / TM T / ARGUMENT ALREADY DONE / JUST COPIED", "BB LD", "BB LD", "BB LD INTERNAL ERRORS MILESTONE SHOULD NOT PAY", "BB"]

Page 101

Case: 20-03117   Doc# 110   Filed: 06/16/22   Entered: 06/16/22 18:01:38   Page 105 of 128

for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance

| Description/Matter/Date | Slip# | Attorney Client Activity | Rate | Time | Total |
|---|---|---|---|---|---|
| ..............................12234 | | | | | |
| Attention to Cohen claimed missed Moon payments: statements to Cohen 3/11/22 | JPM 425 | 425.00* 425.00 Legal Work | 0.30s | 127.50* 127.50 |
| ..............................12241 | | | | | |
| Attention to numbers provided by Cohen; e-mail to Cohen re agreements and dispute 3/16/22 | JPM 425 | 425.00* 425.00 Legal Work *BB LD* *TM T* | 1.70s | 722.50* 722.50 |
| ..............................12242 | | | | | |
| Attention to e-mail to client re settlement 3/17/22 | JPM 425 | 425.00* 425.00 Legal Work *LD TMT* | 0.80s | 340.00* 340.00 |
| ..............................12253 | | | | | |
| Call with Mark [no charge]; 3/24/22 | JPM 425 | 425.00* 425.00 Legal Work | 0.00s | * |
| ..............................12257 | | | | | |
| Further comparison and correction on Cohen numbers; isolate dispute; e-mail 3/30/22 | JPM 425 | 425.00* 425.00 Legal Work *TMT* | 1.30s | 552.50* 552.50 |
| ..............................12258 | | | | | |
| Work on memo for 4/8 status conference: further work on memo 3/31/22 | JPM 425 | 425.00* 425.00 Legal Work *BB LD* *TM T* | 3.80s | 1615.00* 1615.00 |
| ..............................12259 | | | | | |
| Review and revise memo; search Deed trust for language used by Cohen; Attention to differences and 3287 law; furher on memo, objections, "sum certain" cases and drafting review and finalize; file with court 4/1/22 | JPM 425 | 425.00* 425.00 Legal Work *BB LD* *TMT* | 5.50s | 2337.50* 2337.50 |
| ..............................12269 | | | | | |
| Attention to new "errata" submission by Milestone; no number proposed for 7/31/19 debt; further review on deed of trust 4/6/22 | JPM 425 | 425.00* 425.00 Legal Work *BB LD* *TM T* *ERRONEOUS DESCRIPTION* | 1.30s | 552.50* 552.50 |

Page 102

for Rate: *=bill rate/amount
for Time: s=spent  e=estimated  v=variance

| Description/Matter/Date | Attorney Client Slip# Activity | Rate | Time | Total |
|---|---|---|---|---|
| ..............................12274 | | | | |
| Work on preparation for status conference;  list of points to raise; locate Brutschy declaration re incorrect number 4/7/22 | JPM 425 Moon Legal Work | 425.00* 425.00 *BB , LD* | 1.10s | 467.50* 467.50 |
| ..............................12304 | | | | |
| Review Court's final order on the motions for summary judgment; calculation of new correct numbers; e-mails client and Cathy Moran 4/27/22 | JPM 425 Moon Legal Work | 425.00* 425.00 *BB* | 0.60s | 255.00* 255.00 |
| ..............................12313 | | | | |
| Attend status conference 4/8/22 | JPM 425 Moon Legal Work | 425.00* 425.00 | 1.00s | 425.00* 425.00 |
| ..............................12314 | | | | |
| Review Cohen's updated numbers: check moon bnak statements 5/2/22 | JPM 425 Moon Legal Work | 425.00* 425.00 *TMT* | 1.00s | 425.00* 425.00 |
| ..............................12315 | | | | |
| Review Moon payments in bankruptcy 5/4/22 | JPM 425 Moon Legal Work | 425.00* 425.00 *TMT DUP PRIOR WORK* | 0.40s | 170.00* 170.00 |
| ..............................12316 | | | | |
| E-mail to Moran re fee issues 5/5/22 | JPM 425 Moon Legal Work | 425.00* 425.00 | 0.30s | 127.50* 127.50 |
| ..............................12317 | | | | |
| E-mail Mark Moon re further bank statements nc 5/6/22 | JPM 425 Moon Legal Work | 425.00* 425.00 | 0.40s | 170.00* 170.00 |
| ..............................12318 | | | | |
| Review records and e-mail to Cohen re fees; further e-mail to Moran re fees 5/9/22 | JPM 425 Moon Legal Work | 425.00* 425.00 *BB TMT TO SEND BILLS* | 1.00s | 425.00* 425.00 |

Page 103

for Rate: *=bill rate/amount
for Time: s=spent   e=estimated   v=variance

| Description/Matter/Date | Slip# | Attorney<br>Client<br>Activity | Rate | Time | Total |
|---|---|---|---|---|---|
| ...........................12319<br>Further Moran e-mail on fee<br>application [no charge]<br>5/11/22 | | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00 | 0.00s | * |
| ...........................12320<br>Send fee e-mail to Cohen; Follow up<br>call with Cohen re same<br>5/12/22 | | JPM 425<br>Moon<br>Legal Work | 425.00*<br>425.00 | 0.00s | * |
| ...........................12321<br>On Cohen final numbers; confirm;<br>draft status report; file status<br>report with court;<br>5/13/22 | | JPM 425<br>Moon<br>Legal Work<br>BB,LD | 425.00*<br>425.00 | 1.00s | 425.00*<br>425.00 |
| ...........................12322<br>Review Judge's order; draft<br>proposed judgment ; send to Cohen<br>5/15/22 | | JPM 425<br>Moon<br>Legal Work<br>BB | 425.00*<br>425.00 | 1.20s | 510.00*<br>510.00 |
| ...........................12323<br>Review Cohen comments in their<br>status reports; make some changes<br>to mine on ineteres; send Rev  1;<br>review Cohen proposed judgment;<br>make some changes to mine and send<br>Rev 2<br>5/17/22 | | JPM 425<br>Moon<br>Legal Work<br>BB,LD | 425.00*<br>425.00 | 1.50s | 637.50*<br>637.50 |
| Grand Total          — | | Attorney<br>Client<br>Activity<br>Billable<br>Unbillable | | 596.90s<br><br><br>596.60<br>0.30 | 253259.50<br>253682.50<br>9605.61<br>263160.61*<br>127.50 |

Case: 20-03117   Doc# 110   Filed: 06/16/22   Entered: 06/16/22 18:01:38   Page 108
of 128

# EXHIBIT "5"

Page 105

| COHEN HOURS BILLED TO MATTER | | | |
|---|---|---|---|
| | | | |
| | | | |
| 2019 | 6 | 3.35 | |
| | 7 | 4.05 | |
| | 8 | 2.25 | |
| | 9 | | |
| | 10 | | |
| | 11 | 6.55 | |
| | 12 | 4.4 | |
| 2020 | 1 | 3.7 | |
| | 2 | 3.85 | |
| | 3 | 1.8 | |
| | 4 | 0.25 | |
| | 5 | 11.15 | |
| | 6 | 2.5 | |
| | 7 | 27.05 | |
| | 8 | 8.65 | |
| | 9 | 23.45 | |
| | 10 | 22.3 | |
| | 11 | 3.75 | |
| | 12 | 9.6 | |
| 2021 | 1 | 6.5 | |
| | 2 | 15.45 | |
| | 3 | 3.25 | |
| | 4 | 0.85 | |
| | 5 | 2.25 | |
| | 6 | 14.15 | |
| | 7 | 36.15 | |
| | 8 | 32.75 | |
| | 9 | 57.3 | |
| | 10 | 31.8 | |
| | 11 | 23.15 | |
| | 12 | 0.5 | |
| 2022 | 1 | 12 | |
| | 2 | 11.15 | |
| | 3 | 17.95 | |
| | 4 | 7.55 | |
| | 5 | 6.5 | |
| | | 417.9 | |

Page 106

# EXHIBIT "6"

Page 107

# EXHIBIT B

Case: 20-03117    Doc# 96-2    Filed: 06/03/22    Entered: 06/03/22 17:53:11    Page 1 of
4

LAW OFFICES
**JOHN P. McDONNELL**
40 MAIN STREET
LOS ALTOS, CALIFORNIA 94022-2902
(650) 991-9909                                    TELECOPIER: (844) 607-7525

June 28, 2019

### ATTORNEY-CLIENT FEE AGREEMENT

JOHN P. McDONNELL ("Attorney") and EDWARD MARK MOON ("Client") hereby agree that Attorney will provide legal services to Client on the terms set forth below.

California law generally requires that a fee agreement between an attorney and an individual must be in writing and signed by the client. You should also be aware that under California law, if you have any dispute concerning the fees, you have the right to submit the matter to arbitration by the State Bar. State law also requires that I advise you whether I maintain sufficient errors and omissions insurance to cover this type of engagement, and I do maintain such insurance.

1. CONDITIONS. This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until Clients returns a signed copy of this Agreement and provides the deposit outlined in Section 4.

2. SCOPE OF SERVICES. Client is hiring Attorney to assist Client in a dispute with Milestone Financial LLC, Evergreen Note Servicing, and other potential Defendants regarding improper demands for payoff of a loan made to Client. At the present time, it is hoped that the matter can be resolved without a lawsuit, but if a lawsuit becomes necessary, that work will be covered by this Agreement, unless Client and Attorney agree in writing otherwise. This is the only matter in which Attorney is representing Client, and Attorney is not required to provide any other representation to Client unless the new representation is the subject of a separate written fee agreement.

3. DUTIES OF CLIENT. Client agrees to be truthful with Attorney, to provide all relevant documents and information to Attorney, to cooperate, to keep Attorney informed of any information and developments which may come to Client's attention, to abide by this Agreement, to pay Attorney's bills on time. Client will assist Attorney by timely providing necessary information and documents.

4. LEGAL FEES. Client agrees to pay by the hour at the prevailing rate for all time spent on Client's matter by Attorney. Attorney's current rate in this matter is $425 per hour. The rate is subject to change whenever Attorney revises his rates to all Clients. Client is responsible for rates shown on any bill unless Client objects in writing to the new rates within 30 days of the date of a bill containing the new rates. If Client declines to pay increased rates, Attorney will have the right to withdraw as attorney for Client.

5. DEPOSIT. Client agrees to pay Attorney an initial deposit of $1,500. The deposit can be paid by check or by credit card at https://secure.lawpay.com/pages/law-offices-of-john-mcdonnell/operating. Client authorizes Attorney to use the deposit to pay the fees, costs, disbursements and other expenses incurred under this Agreement. When Client's deposit is exhausted, Attorney reserves the right to require further deposits, each deposit up to a maximum of $2,000.

EMM

1

JPM

Edward Mark Moon
June 28, 2019
Page 2

6. NEGOTIABILITY OF FEES. The rates set forth above are not set by law, but are negotiable between an attorney and client.

7. COSTS AND EXPENSES. Attorney may incur various costs and expenses in performing legal services under this Agreement. Client agree to pay for all costs, disbursements and expenses advanced by Attorney on Client' behalf. Costs and expenses would be minimal if the matter is resolved without mediation or litigation. Costs, disbursements and litigation expenses commonly include court fees (including e-filing fees for mandatory e-filing), service of process charges, court and deposition reporters' fees, messenger and other delivery fees, travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses, consultant, expert witness, trial exhibit costs, professional mediator, arbitrator and/or special master fees and other similar items. Costs and expenses will be charged at Attorney's cost. Attorney does not charge for routine phone or photocopy costs.

8. MONTHLY BILLING STATEMENTS. Attorney will send Client monthly billing statements for fees, costs, and disbursements incurred in connection with the representation. Each statement is to be paid in full within 15 days after the date of such statement. Past due bills accrue interest at an annual rate of eight per cent (8%).

9. DISCHARGE AND WITHDRAWAL. Client may discharge Attorney at any time, upon written notice to Attorney. Attorney may withdraw from representation (a) with the consent of Client; (b) if Client's conduct renders it unreasonably difficult for the Attorney to carry out the engagement effectively; or (c) Client fails to pay Attorney's fees or costs as required by this Agreement. Notwithstanding the discharge or withdrawal, Client will remain obligated to pay Attorney for all services provided and to reimburse Attorney for all costs advanced.

10. CONCLUSION OF SERVICES. When Attorney's services conclude, all unpaid charges will become due and payable. Attorney is authorized to use any funds held in Attorney's trust account as a deposit against costs to apply to such unpaid charges. After Attorney's services conclude, upon request, Client's file and property will be delivered to Client, or Client's other attorney, whether or not Client has paid any fees and/or costs owed to Attorney.

11. DISCLAIMER OF GUARANTEE AND ESTIMATES. Nothing in this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of any matter covered by this representation. Attorney's comments about possible outcomes or results are expressions of opinion only. Any estimate of fees given by Attorney shall not be a guarantee. Actual fees may vary from any such estimates given.

12. ENTIRE AGREEMENT. This Agreement contains the entire agreement of the parties. No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties.

EMM

Edward Mark Moon
June 28, 2019
Page 3

13. SEVERABILITY IN EVENT OF PARTIAL INVALIDITY. If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

14. MODIFICATION BY SUBSEQUENT AGREEMENT. This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by all of them or an oral agreement only to the extent that the parties carry it out.

15. EFFECTIVE DATE. This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first consulted with Client.

16. ARBITRATION. In any dispute subject to the jurisdiction of the State of California over attorney's fees, charges, costs or expenses, Client has the right to elect arbitration pursuant to the fee arbitration procedures of the State Bar of California, as set forth in California Business and Professions Code Section 6200, *et seq.*

Any other controversy between the parties regarding the construction, application or performance of any services under this Agreement, and any claim arising out of or relating to this Agreement or its breach, shall be submitted to binding arbitration upon the written request of one party after the service of that request on the other party. The parties shall appoint one person to hear and determine the dispute. If the parties cannot agree, then the Superior Court of San Mateo County shall choose an impartial arbitrator whose decision shall be final and conclusive on all parties. Attorney and Client shall each have the right of discovery in connection with any arbitration proceeding in accordance with Code of Civil Procedure Section 1283.05. The cost of the arbitration, excluding legal fees and costs, shall be borne by the losing party or in such proportion as the arbitrator shall decide. The prevailing party in any such dispute shall be entitled to recover reasonable attorneys fees and costs. The sole and exclusive venue for the arbitration and or any legal dispute, shall be San Mateo County, California.

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES. CLIENT SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.

Date ___6/28/2019___

Edward Mark Moon
Address: 11 Mandalay Court
Redwood City, CA 94065

Date ___June 28, 2019___

John P. McDonnell, Esq.

EMM

JPM

3

# EXHIBIT "7"

Page 112

1  MORAN LAW GROUP, INC.
   CATHLEEN COOPER MORAN, I.D. #83758
2  RENEE C. MENDOZA, I.D. #139939
   643 Bair Island Road, Suite 403
3  Redwood City, CA 94063
   Tel.: (650) 694-4700
4  Fax: (650) 368-4818
   E-mail: ccmoran@moranlaw.net
5
   Attorney for Debtor
6

7

8                    UNITED STATES BANKRUPTCY COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA, DIVISION 3
9

10

11  In Re:                        )    Chapter 11
                                  )
12  MARK E. MOON,                 )    Bankruptcy No. 20-30711
                                  )
13                                )
                                  )
14               Debtor.          )
    _____      )    HON. DENNIS MONTALI
15

16       APPLICATION FOR EMPLOYMENT OF LITIGATION COUNSEL

17
         Applicant, Mark E. Moon, in support of his Application alleges as follows:
18
    1.   Applicant filed a voluntary petition for relief under Chapter 13 of the Bankruptcy
19
         Code on September 10, 2020.  The case was converted to Chapter 11 on November
20
         24, 2020.
21
    2.   Applicant, as a Debtor-in-possession, wishes to retain and to employ attorney John
22
         P. McDonnell, to represent him in his pending dispute with secured creditor
23
         Milestone Financial.  The business and mailing address of John P. McDonnell is
24
         2171 Junipero Serra Blvd. Ste. 520,  Daly City, CA 94014-1975 and the telephone
25
         number is 650-991-9909.
26
    3.   Applicant needs the services of counsel to prosecute his claims against Milestone
27
         Financial and associated parties in an adversary proceeding removed to this court.
28

1 | 4. Applicant is satisfied that McDonnell is qualified and competent to represent

2 | Applicant in this case based on his experience and his familiarity with the issues in

3 | the dispute.

4 | 5. Applicant has entered into a written employment agreement with McDonnell, a

5 | copy of which is attached to his Declaration filed herewith. Applicant proposes to

6 | compensate attorneys at the rate of $425 per hour, subject to the approval of the

7 | court and consents and concurs with counsel's statement that paragraphs 8 and 16

8 | are unenforceable in the bankruptcy context.

9 | 6. To the best of Applicant's knowledge and information, McDonnell has no conflicts

10 | with the Debtor-in-possession, his creditors, any party in interest or their

11 | representatives or the United States Trustee. or the UST's staff.

12 | WHEREFORE, Applicant prays that the Court enter an order authorizing him to

13 | employ John P. McDonnell as counsel for the purposes set forth above.

14

15

Dated: 12/11/2020                    By:    /s/ Mark E. Moon

16                                               MARK E. MOON

17

# EXHIBIT "8"

Page 115

| | |
|---|---|
| 1 | MORAN LAW GROUP, INC.<br>CATHLEEN COOPER MORAN, I.D. #83758 |
| 2 | RENÉE C. MENDOZA, I.D. #139939<br>643 Bair Island Road, Suite 403 |
| 3 | Redwood City, CA 94063<br>Tel.: (650) 694-4700 |
| 4 | Fax: (650) 368-4818<br>E-mail: ccmoran@moranlaw.net |
| 5 | |
| 6 | Attorney for Debtor |
| 7 | |
| 8 | UNITED STATES BANKRUPTCY COURT |
| 9 | FOR THE NORTHERN DISTRICT OF CALIFORNIA, DIVISION 3 |
| 10 | |
| 11 | In Re: ) Chapter 11 |
| 12 | MARK E. MOON, ) Bankruptcy No. 20-30711 |
| 13 | ) |
| 14 | Debtor. ) |
| 15 | HON. DENNIS MONTALI |

### APPLICATION FOR EMPLOYMENT OF COUNSEL
### FOR DEBTOR

Applicant, Mark E. Moon, in support of his Application alleges as follows:

1.     Applicant filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on September 10, 2020.  The case was converted to Chapter 11 on November 24, 2020.

2.     Applicant, as a Debtor-in-possession, wishes to retain and to employ the Moran Law Group, to represent him in this Chapter 11 case.  The business and mailing address of the Moran Law Group is 643 Bair Island Road, Suite 403, Redwood City,  California, 94063, and the telephone number is (650) 694-4700.

3.     Applicant needs the services of counsel for the following purposes:

a.     To prepare and file any statements, schedules, plans and other documents or pleadings to be filed by Applicant in this case;

1       b.     To represent Debtor-in-possession at all hearings, meetings of creditors,

2               conferences, trials and other proceedings in this case;

3       c.     To perform such other legal services as may be necessary in connection with

4               this case.

5  4.     Applicant is satisfied that attorneys are qualified and competent to represent

6       Applicant in this case as the attorneys are admitted to practice before this court and

7       the courts of the State of California, and are experienced in bankruptcy practice.

8       Cathleen Moran is a certified bankruptcy specialist .

9  5.     Applicant has entered into a written employment agreement with Moran Law

10     Group with respect to the Chapter 13 portion of this case. Upon conversion,

11     Applicant entered into a written agreement for representation in Chapter 11, a copy

12     of which is attached hereto as Exhibit A

13  6.    In connection with the filing of a Chapter 13 case, Applicant has paid to the Moran

14     Law Group a retainer in the amount of $3719.05   The services rendered in the

15     Chapter 13 portion of the case totaled $ 12,078.00

16  7.    Applicant proposes to compensate attorneys at the rate of $485 per hour, and

17     paralegals at the rate of $150 per hour, subject to the approval of the court.

18  8.    To the best of Applicant'S knowledge and information, the attorneys have no

19     conflicts with the Debtor-in-possession, his creditors, any party in interest or their

20     representatives or the United States Trustee, or its staff.

21     WHEREFORE, Applicant prays that the Court enter an order authorizing him to

22  employ the Moran Law Group as counsel for the purposes set forth above.

23

24

25  Dated: _12/11/2020_____    By: _/s/ Mark E. Moon_____
                                      MARK E. MOON, Debtor

26

27

28

# EXHIBIT "9"

Page 118

| PAGE | moon costs | | | |
|---|---|---|---|---|
| 3 | 820.25 | | | |
| 6 | 35.61 | | | |
| 7 | 124.26 | | | |
| 9 | 149.74 | 2 EX PARTE APPLICATIONS | 60 OFF | |
| 11 | 59.27 | | | |
| 13 | 123.64 | | | |
| 14 | 1490.24 | DOUBLE BILLED FILING FEE FOR APPEAL 100 ON 9/10 AND 9/11 | | NOTICE OF APPEAL FEE DOUBLE BILLED |
| | | ALSO DID NOT PROCED WITH APPEAL | | 16.27 TO ABANDON APPEAL |
| | | PAGE 15 APPEAL FEE 775.00 | | |
| | | | | |
| 16 | 45 | | | |
| 17 | 188 | NOTARY AND RECORDERS FEE NO REASON GIVEN | | |
| | | | | |
| 22 | 35.6 | SAN DIEGO COURT RECORDS FEE NO REASON GIVEN | | |
| 25 | 549.2 | DEPO TRANSCRIPT | | |
| 28 | 185 | CONVERT OUTLOOK FILES | | |
| 28 | 402.15 | LORI MOON DEPO | | |
| 28 | 100 | MEDIATOR | | |
| 28 | 663.3 | STUART DEPO FEES PART 2 | | |
| 29 | 17.12 | EVERGREEN DISMISSAL | | |
| 29 | 333.68 | SAN DIEGO AIRFARE | NO REASON GIVEN | |
| 29 | 119.57 | SAN DIEGO CAR RENTAL | NO REASON | |
| 29 | 35 | SFO PARKING | NO REASON | |
| 29 | 2289.6 | STUART DEPO FEES PART 1 | | |
| 35 | 210 | FOURNIER WITNESS FEE AND SERVICE | NO DEPO TAKEN | |
| 38 | 1500 | MEDIATION FEE | | |
| 38 | 16.02 | | | |
| 40 | 90 | SAN MATEO FILING FEE | | |
| 40 | 23.36 | ELEC FILING FEE | | |
| | | | | |
| | 9605.61 | | | |

Page 119

# EXHIBIT "10"

Page 120

# United States Bankruptcy Court

_____ District Of _____

In re  _____,
       Debtor

     _____,
       Plaintiff

   v.  _____,
       Defendant

Case No. _____

Chapter _____

Adv. Proc. No. _____

## BILL OF COSTS

Judgment was entered in the above entitled action on _____ against _____ .
                          date

**The clerk of the bankruptcy court is requested to tax the following as costs:**

| | |
|---|---|
| Fees of the clerk............................................................................................................ | $ _____ |
| Fees for service of summons and complaint ................................................................. | $ _____ |
| Fees of the court reporter for any and all part of the transcript necessarily obtained for use in the case..... | $ _____ |
| Fees and disbursements for printing ............................................................................. | $ _____ |
| Fees for witnesses (_Itemized on reverse_)..................................................................... | $ _____ |
| Fees for exemplifications and copies of papers necessarily obtained for use in this case ........................... | $ _____ |
| Docket fees under 28 U.S.C. § 1923............................................................................. | $ _____ |
| Costs incident to taking of depositions ......................................................................... | $ _____ |
| Costs as shown on Mandate of appellate court............................................................ | $ _____ |
| Other costs [_Itemized on reverse_] .............................................................................. | $ _____ |
| TOTAL | $ _____ |

## DECLARATION

I, attorney for _____ declare under penalties of perjury that the
              (name of party)

foregoing costs are correct and were necessarily incurred in this action, that the services for which fees have been charged were actually and necessarily performed, and that a copy of this Bill of Costs was mailed this day with postage fully prepaid to:

Name of Judgment
Debtor           _____

Address        _____

               _____

               _____

               _____

               _____

Date     _____     Signature of Attorney  _____

COSTS ARE TAXED IN THE FOLLOWING AMOUNT AND INCLUDED IN THE JUDGMENT:  $ _____

Clerk of the
Bankruptcy Court   _____

Date     _____     By Deputy Clerk:  _____

Page 121

**Witness Fees** (computation, cf. 28 U.S.C. § 1821 for statutory fees)

| Name and Residence | Attendance | | Subsistence | | | | Total Cost Each Witness |
|---|---|---|---|---|---|---|---|
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| _____ | ____ | $ _____ | ____ | $ _____ | ____ | $ _____ | $ _____ |
| | | | | | | TOTAL | $ _____ |

**NOTICE**

**Section 1924, Title 28, U.S. Code provides:**
    "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**Section 1920 of Title 28 reads in part as follows:**
    "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Bankruptcy Procedure contain the following provisions:**
**Rule 7054(b)(1)**
    "(1) Costs *Other Than Attorney's Fees.* The court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides. Costs against the United States, its officers and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on 14 days' notice; on motion served within seven days thereafter, the action of the clerk may be reviewed by the court."

**Rule 9006(f)**
    "ADDITIONAL TIME AFTER SERVICE BY MAIL OR UNDER RULE 5(b)(2)(D), (E), OR (F) F.R.Civ.P. When there is a right or requirement to act or undertake some proceedings within a prescribed period after service and that service is by mail or under Rule 5(b)(2)(D), (E), or (F) F.R.Civ.P., three days are added after the prescribed period would otherwise expire under Rule 9006(a)."

**Rule 7058**
    This rule incorporates Rule 58 F.R.Civ.P. Rule 58(e) provides, in part, "Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees."

Page 122

# EXHIBIT "11"

Page 123

1  any of the listed provisions of the HBOR.  Civil Code §2924.12(g) provides that the specific
2  remedies in §2924.12 are in addition to and independent of any other rule of law.  There is not
3  even a requirement that the Plaintiff demonstrate "harm" to be entitled to the special injunctive
4  relief of §2924.12. *Rahbarian v. JP Morgan Chase,* No. 14-CV-1488-JAM, 2014 U.S. Dist.
5  LEXIS 158719, at *15 (E.D. Cal. Nov. 10, 2014).
6        Civil Code §2924.12(h) provides that the court may award a prevailing borrower
7  reasonable attorneys' fees for obtaining injunctive relief.  There is no requirement under this
8  statute that the borrower also be the prevailing party for purposes of the entire litigation. *Bustos*
9  *v. Wells Fargo Bank, N.A.* (2019) 39 Cal.App.5th 369.
10       As set forth in the Declaration of John P. McDonnell, and outlined above, the work on
11 the TRO was particularly difficult, and it was complicated by the additional COVID rules of the
12 courts and the Governor.  The amount of attorneys fees incurred pursuing the Temporary
13 Restraining Order and the Injunction through July 16, 2020 was $28,645, representing 67.4
14 hours at Mr. McDonnell's standard billing rate of $425 per hour.  The details are in the redacted
15 time reports attached as Exhibit C to the McDonnell Declaration.  This emergency work
16 consumed almost all of Mr. McDonnell's available time for much of June and early July.
17       Plaintiffs will supplement this motion with additional information on fees and costs
18 prior to the hearing on this motion.
19
20 Date:  August 20, 2020                    /s/ John P. McDonnell
21                                           John P. McDonnell, Esq.
22
23
24
25
26
27
28