

Signed and Filed: March 22, 2023

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case |
| | ) No. 20-30711-DM |
| MARK E. MOON, | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| _____ | ) |
| | ) |
| E. MARK MOON and LORI H. MOON, | ) Adversary Proceeding |
| | ) No. 20-03117-DM |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| MILESTONE FINANCIAL, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**ORDER DEFERRING DECISION ON AWARD OF ATTORNEY'S FEES ON APPEAL**

**I.   INTRODUCTION**

The Motion for Award of Attorney's Fees on Appeal ("Motion") filed by plaintiffs E. Mark Moon and Lori H. Moon came on for hearing on March 17, 2023. The Motion was opposed by defendants Milestone Financial, LLC, et al. ("Milestone"). The Moons were represented by John P. McDonnell, Esq.; Milestone

-1-

was represented by Bernard J. Kornberg, Esq.  For the reasons explained below, the court will defer a ruling on the Motion and Milestone's proposed counter-motion until the usury and the post-maturity interest issues in the pending appeal and cross-appeal are resolved by the Ninth Circuit Court of Appeals.

II.  DISCUSSION

The critical issue in the present dispute is whether California Civil Code section 1717 ("Section 1717") applies to the matters the parties briefed and argued to the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP"), including a contested motion for a stay pending appeal. The outcome establishes whether only the Moons' fees for prevailing on the usury dispute are covered by Section 1717 or whether Milestone's fees incurred for prevailing on post-maturity interest dispute are covered by Section 1717 as well.  The court determines that Milestone prevails here, and that both the Moons' and Milestone's prevailing claims are covered by Section 1717.

The Moons made a prima facie persuasive case when they cited *Puppo v. Larosa,* 194 Cal. 717 (1924).  *Puppo* held unequivocally that interest after maturity claimed by a creditor is not awarded according to contract but is in the nature of damages recovered as a matter of law.  *Puppo* did not even cite Section 1717 and was cited favorably in *Epstein v. Frank,* 125 Cal.App.3d 111 (1981), a decision that did address Section 1717, but on an unrelated point, *viz.*, allocation of attorney's fees when some parties prevailed but others did not.

Case: 20-03117    Doc# 154    Filed: 03/22/23    Entered: 03/22/23 16:17:31    Page 2 of 7

*Epstein* did not deal specifically with the reciprocity of Section 1717 nor did it construe the meaning of "on a contract" (or similar phrase), within that section.

Against that background, the court must deal with more recent decisions that address head on the reciprocity issue and instruct trial courts what is and is not included when determining when any other action is "on a contract."

Very recently the district court reversed a decision by this court in *Carmel Financing, LLC v. Schoenmann*, 2022 WL 3599561 (N.D. Cal., August 23, 2022). This court had ruled that a trustee could not recover under Section 1717 for her successful invalidation of a security interest a borrower had granted to a lender pursuant to a contract, a note. The district court concluded that "on a contract" must be interpreted liberally and therefore includes actions to either enforce or void enforcement of contractual obligations. It stated that under California's liberal understanding, the trustee's successful claim for invalidation of the security interest would have existed absent the contract and is not separate from a contract the way a tort claim would be.[1]

In reaching this ruling, the district court cited and relied on *Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.*, 211 Cal.App.4th 230 (2012) ("CMC"). That decision contains an exhaustive review of dozens of cases that have construed the "on a contract" phrase liberally. It includes the statement that

---

[1] As with the present controversy, the *Carmel* decision is on appeal to the Ninth Circuit.

-3-

the phrase includes not only a traditional action for damages for breach of a contract containing an attorney's fees clause but also any other action that "involves" a contract under which one of the parties would be entitled to recovery of attorney's fees.

The following excerpt from *CMC* summarizes that court's conclusion and the outcome that compels this court to agree with Milestone that its claim on the post-maturity interest must necessarily be on the contract and thus covered by Section 1717.

*CMC* stated:

> Based on our review of cases assigned section 1717, we agree with our colleagues in Division Three that 'it is difficult to draw definitively from case law any general rule regarding what actions and causes of action will be deemed to be 'on a contract' for purposes of section 1717 (citation omitted)'.
>
> Nevertheless, we distill from the cases cited above the following principle: an action (or cause of action) is 'on a contract' for purposes of section 1717 if (1) the action (or cause of action) 'involves' an agreement in a sense that the action (or cause of action) arises out of, is based upon, or relates to an agreement by seeking to define or interpret its terms or to determine or enforce a party's rights or duties under the agreement; and (2) the agreement contains an attorney fees clause. 211 Cal.App.4th at 241-242.

Milestone raised this issue in its Opposition to the Motion for Award (Dkt. 150), and the Moons in their Reply (Dkt. 151) did not address in any detail the counter-motion. For this reason, there has not been a fully developed record on the issue and it would be wasteful of time and attorney's fees on both sides for this court to dwell on those issues any further.

-4-

However, the Ninth Circuit disposes of the merits appeals, the matters will be resolved at last. If this court's decision, and the BAP's affirmance are both affirmed, this court can then resolve all of the unresolved attorney's fees remaining on either side for all appeals. If the Court of Appeals reverses on the usury issue, presumably there is nothing left to do in deciding any fees that have been awarded to the Moons or their counsel.

The court is also going to resist the temptation to slice and dice the matters that were dealt with by the BAP, particularly on the motion for stay pending appeal. To do so would be to exacerbate an already expensive and time-consuming exercise. Worse, it might even trigger yet another issue with which to burden the Court of Appeals.

That said, this court strongly disagrees with Milestone's counsel's repeated comment assertion that Moons' counsel "[d]id not prevail on the stay pending appeal" (See Dkt. 150-2). The Moons absolutely prevailed on the stay motion because there was no stay granted. The BAP's gratuitous statement in the Order Denying Stay Pending Appeal (Dkt. 150-7) is nothing more than an aspirational observation that has no precedential effect, and that provides no substantive remedy for Milestone. It is true, as BAP observed, that at present, the Moons are not free to encumber or sell their property without court approval. It is also true that any plan will have to take into consideration the Moons' equity in their real property and payments of any amount owed to Milestone. But that does not mean there must be a plan and does not address the possibility of dismissal of this

underlying case, conversion to chapter 7, or the specific treatment of Milestone under any confirmed plan.  From the foregoing, it can hardly be said that the Moons did not prevail on the motion for stay pending appeal.

III. CONCLUSION

    A ruling on the Motion for Award of Attorney's Fees on Appeal, and the counter-motion by Milestone, are deferred pending resolution of the underlying appeals. The parties are directed to advise the court promptly if and when the Court of Appeals issues its merits decision.

**END OF ORDER**

COURT SERVICE LIST

ECF Recipients