HARRIS L. COHEN, ESQ., State Bar # 119600
HARRIS L. COHEN, A PROF. CORP.
5305 Andasol Ave.
Encino, CA 91316
tel (818) 905-5599 / fax (818) 905-5660
Email: hcohen00@aol.com

JOYCE K. LAU (No. 267839)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852
Email: joyce@fullerlawfirm.net

BERNARD J. KORNBERG (State Bar No. 252006)
PRACTUS, LLP
58 West Portal Ave PMB 782
San Francisco, CA 94127
Telephone: (341) 234-6629
Email: bernard.kornberg@practus.com

Attorneys for Milestone Financial, LLC, William R. Stuart and Bear Bruin Ventures, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>MARK E. MOON,<br><br>Debtor.<br><br>E. MARK MOON *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>MILESTONE FINANCIAL, LLC *et al.*,<br><br>Defendants. | Case No. 20-30711<br><br>Chapter 11<br><br>Adv No. 20-03117<br><br>**SUPPLEMENTAL BRIEF OF MILESTONE FINANCIAL, LLC ON MOTION AND COUNTER-MOTION FOR AWARD OF ATTORNEYS' FEES ON APPEAL**<br><br>Date: May 25, 2024<br>Time: 10:00 a.m.<br><br>The Hon. Dennis Montali |

Pursuant to the Court's April 22, 2024 Order, Milestone Financial LLC ("Milestone") hereby provides its supplemental brief regarding the pending motion of Mark and Lori Moon (the "Moons") and counter-motion of Milestone for attorneys' fees and costs.

## I. PROCEDURAL HISTORY

Previously, the Court considered the motion of the Moons for attorneys' fees and costs arising out of the BAP appeal in the amount of $38,760.00 (the "BAP Fee Motion"). The Moons claimed that these fees were only incurred in defending Milestone's appeal of the usury issue (which Milestone lost), and did not include the fees incurred in prosecuting the Moons' cross-appeal (which the Moons lost). Moon Motion for Attorney's Fee's [Dkt. #141].

Milestone opposed the motion and argued that under California Civil Code section 1717 and the case of *In re Haythorne,* 2019 WL 6520050, at *2 (C.D. Cal. Sept. 11, 2019), the Court should conclude that neither party prevailed and simply deny fees. Milestone further argued that if the Court decided to parse the fees, the Moons had both overstated their fees, included fees clearly attributable to their cross-appeal (which they lost), and included duplicative fees.

Further, Milestone filed a cross-motion for attorneys' fees and costs in the amount of $60,210.25 for its total fees and costs on appeal. Milestone noted that if the Court were to follow the approach the Moons advocated, then $15,286.38 of those fees and costs were incurred defending the cross-appeal, which Milestone won. Finally, Milestone advocated waiting until the resolution of the appeal to the Ninth Circuit Court of Appeals, as that possibly could clarify who the prevailing party is. Milestone Opposition [Dkt. #150].

On March 22, 2023, the Court issued its order ruling in part and deferring in part. In the Order, the Court concluded that both the appeal and cross-appeal were subject to Civil Code section 1717, and thus fees could be awarded. The Court stated that it did not believe that an approach which tried to "to slice and dice the matters that were dealt with by the BAP" was an appropriate way to handle the appeal, though it also cautioned Milestone that it did not agree that the litigation regarding a stay pending appeal was a split decision. Finally, the Court then deferred its ruling until the conclusion of the appeal to the Ninth Circuit. Order [Dkt. #154].

The appeal before the Ninth Circuit proceeded in the usual manner, with Milestone filing

an opening brief, the Moons a responsive and cross-opening brief, Milestone a reply and cross-response, and the Moons a cross-reply. Ninth Circuit Briefs, Ex. 1-4 to Kornberg Decl. On April 16, 2024, the Ninth Circuit issued a memorandum decision affirming the decision of the BAP, and this Court's initial ruling. Memorandum Decision, Ex. 5 to Kornberg Decl. Neither party sought rehearing or other relief, and on May 8, 2024, the Ninth Circuit entered the mandate, rendering the appeal final. Mandate, Ex. 6 to Kornberg Decl.

Accordingly, the final result before the BAP and the Ninth Circuit was each that party prevailed against the other party's appeal.

## II. ARGUMENT

In their prior briefs, the Moons argued that the Court should award them their fees and costs solely as to the Milestone appeal (which they won) and not award fees on the cross-appeal (which they lost) as it was not "on a contract." This Court has correctly rejected the latter argument, finding that section1 1717 applies to both the appeal and cross-appeal. Order at p.4 [Dkt. #154]. The Court now has to determine how to award fees, if at all, given that the Ninth Circuit affirmed the BAP's order. There are three approaches advocated by the parties.

First, the Court can determine there was no prevailing party and decline to award fees. This is the position advocated by Milestone.

Second, the Court can simply add up the fees and costs incurred by each party and then award the difference to whomever spent more. This position is advocated by Milestone in the alternative.

Third, the Court can try to allocate what fees were incurred on the appeal or cross-appeal, award each side the fees incurred only for the appeal or cross-appeal they won, then offset them to determine who will pay. This is the position advocated by the Moons.

**A.     The No Prevailing Party Approach Is Supported by California Authority**

The Court should adopt Milestone's approach finding there was no prevailing party. In the opposition to the BAP Fee Motion, Milestone cited to *In re Haythorne* for the proposition that when both parties appeal a judgment, and the judgment is affirmed, there is no prevailing party under section 1717. *In re Haythorne*, 2019 WL 6520050, at *2 (C.D. Cal. Sept. 11, 2019)

4

SUPPLEMENTAL BRIEF RE: AWARD OF ATTORNEYS FEES ON APPEAL

("Damon and Haythorne were equally successful in defending against one another's cross-appeals; therefore, neither can reasonably be declared the 'prevailing party' over the other"). This approach is well grounded in California jurisprudence.

While no binding California appellate case considers this exact issue, numerous cases have considered the similar scenario where a party brings a lawsuit on a contract and the defendant brings a cross-complaint on the same contract, and neither party prevails on their affirmative claims. In that circumstances, the law is that "there is no party prevailing on the contract for purposes of section 1717" unless "the defendant's cross-action against the plaintiff was essentially defensive in nature, it may properly find the defendant to be the party prevailing on the contract." *Hsu v. Abbara*, 9 Cal. 4th 863, 875 n.10 (1995); *see also Zintel Holdings, LLC v. McLean*, 209 Cal. App. 4th 431, 440 (2012) ("Given the nature of the cross-complaint and the affirmative relief it sought and the mixed results obtained by McLean in the litigation, the trial court did not abuse its discretion in determining McLean was not a prevailing party").

Here, the Moons' cross-appeal was not "defensive." Milestone and the Moons both appealed entirely separate provisions of this Court's summary judgment order. Milestone appealed the issue of whether the loan extension of the initially usury-exempt loan rendered the loan usurious thereafter, and the Moons appealed this Court's holding that the loan should carry post-maturity interest. Had the Moons prevailed on their appeal, they would have received hundreds of thousands of dollars in additional damages against Milestone in the form of the return of overpayment of interest. To put it another way, had Milestone dismissed its appeal, the Moons could have continued with their appeal. Accordingly, the Court should conclude there is no prevailing party as the cross-appeal was not "defensive" in nature.

**B.      The Court Could Adopt a Clean Offset Approach Rather than a "Slice and Dice" Approach**

If the Court does conclude there were two prevailing parties, one on each appeal, the best approach is to simply award each side its total fees and costs on both appeals, then offset them. This is the second approach. While this approach is somewhat blunt in its methods the third approach of determining what fees were attributable to which appeal has already been rejected by

the Court in the BAP Fee Motion.

> The court is also going to resist the temptation **to slice and dice the matters that were dealt with by the BAP**, particularly on the motion for stay pending appeal. To do so would be to exacerbate an already expensive and time-consuming exercise. Worse, it might even trigger yet another issue with which to burden the Court of Appeals.

Order at p.5 [Dkt. #154] (emphasis added).

The Court should continue to resist temptation and deny the Moons' approach. While the appeals were of separate issues, they were handled in the same appeal process, in the same briefs, and each issue arose out of the same summary judgment motion. There was considerable overlap in both appeals between underlying facts and legal issues, such that work on one appeal would apply to work on the other. Further, there were hearings on the same issues in the appeal and cross-appeal, further muddying the waters as to what fees were attributable to what motion.

For example, the Moons included a seven-page factual history in their responsive brief to Milestone's appeal (Responsive and Cross-Opening Brief at pp.5-7, Ex. 2 to Kornberg Decl.), but only a three-page factual history in their cross-appeal opening, which relied entirely on their prior factual history **filed in the same brief**. (*Id.* at pp.40-43, Ex. 2 to Kornberg Decl.). Similarly, Milestone did not even include a factual history in its response to the cross-appeal, but simply incorporated by reference its factual history in its opening brief. Reply and Cross-Responsive Brief at p.16, Ex. 3 to Kornberg Decl. Thus, again, the fees are hopelessly intertwined and no more capable of precise division than an amorphous oil slick in the ocean.

Thus, trying to parse who spent what would just be an invitation for gamesmanship by the parties. This is especially true here as, as set forth in the brief on the BAP appeal, the Moons claim that they are only including fees from Milestone's appeal is belied by their actual records, which show numerous fee entries attributable to the Moons' cross-appeal. Milestone Opposition at pp.9-10 [Dkt. #150]. Further, the Moons do not show all fees incurred in the appeal, thus making it impossible for Milestone, or the Court, to judge the accuracy of their "slicing and dicing." Thus, adopting the Moons' approach is unlikely to provide a fair or accurate accounting of fees and costs.

**C. The Litigation Regarding a Stay Was Unnecessary**

Previously, this Court stated that its view was that the Moons prevailed on the litigation with the BAP regarding a stay pending appeal. Milestone will not try to convince the Court otherwise. However, Milestone raises to the Court's attention that it now appears that this litigation was entirely unnecessary and based on false statements by the Moons.

The Motion for a Stay Pending Appeal was filed on June 28, 2022, and was based on the express representation of the Moons that they were simply a payoff statement away from refinancing. Emails Re: Payoff, Dkt. # 101-1. This Court cannot help but notice that, concurrent with this hearing, a motion for summary judgment by Milestone in the related adversary of *E. Mark Moon v. Milestone Financial LLC*, Case No. 22-03106. In that motion, Milestone shows that the Moons were unable to refinance at all at that time. To the contrary, they were not approved for a loan and had no chance of being approved. Milestone asks the Court to take judicial notice of this motion and that adversary pursuant to Federal Rule of Evidence 201.

Had the Moons not represented they were on the verge of a refinance, Milestone would not have sought a stay pending appeal. Indeed, the refinance did not occur until April 10, 2023 (approximately 10 months later). Order Approving Refinance [Main Case Dkt. # 181]. This was well after the BAP issued its decision. Memorandum Decision [Dkt. #139]. Milestone did not seek a stay pending appeal from the Ninth Circuit upon its appeal, despite having the right to do so.

It would be unfair and inequitable to award the Moons any fees regarding a stay hearing that was either based on their misrepresentation, or more charitably to the Moons, a delusion. At the minimum, if the Court does not grant summary judgment, any such award of fees should be decided in the new adversary action that is pending, not fees in this one. The Court should deny fees as to the stay litigation.

**D. If Fees are Awarded, Milestone is Entitled to Its Fees and Costs on the Cross-Appeal**

As set forth in Milestone's Counter-Motion, Milestone incurred $60,210.25 in fees and costs in litigating the BAP Appeal. Milestone Opposition p. 13 [Dkt. #150]. Milestone has incurred $45,191.00 in fees and $1,902.15 in costs, for a total of $47,093.15, in litigating the Ninth

Circuit appeal.[1] Kornberg Decl. ¶ 5. Thus, Milestone's total fees and costs in both appeals is $107,303.40. If the Court adopts the Second Approach, Milestone should be awarded these fees and costs, subject to offset by the Moons' award.

If the Court does, against its own stated position, decide to "slice and dice" the award and adopt the third approach, then Milestone has taken the same approach in calculating the fees as it did in the BAP Fee Motion (only include fees directly attributable to the cross-appeal or 50% of fees that were shared for both appeals). Milestone calculated its fees and costs expended solely on the cross-appeal before the BAP as $15,286.38 Milestone Opposition p. 14 [Dkt. #150]. For the Ninth Circuit Appeal, Milestone's best estimate of the fees and costs attributable solely to the cross-appeal comes to $29,239.13 in fees and $951.08 in costs, for a total of $30,190.21. Kornberg Decl. ¶ 7. Thus the total amount of fees and costs to award under the third approach is $45,476.59.

### III. CONCLUSION

For the reasons set forth above, the Court should conclude there was no prevailing party and deny fees and costs to both parties. If the Court is inclined to award fees as to each party for their respective appeal, the Court should award Milestone $107,303.40 in fees and costs, to be offset against the fees and costs incurred by the Moons.

DATED: May 10, 2024          PRACTUS, LLP

By:    /s/ Bernard J. Kornberg
        BERNARD J. KORNBERG

Attorneys for Milestone Financial, LLC

---

[1] This includes an estimated 6 hours on this fee brief, replies, and oral argument.