MORAN LAW GROUP, INC.
CATHLEEN COOPER MORAN, I.D. #83758
RENÉE C. MENDOZA, I.D. #139939
643 Bair Island Road, Suite 403
Redwood City, CA 94063
Tel.: (650) 694-4700
Fax: (650) 368-4818
E-Mail: Cathy@moranlaw.net

Attorney for Debtor: Mark E. Moon

John P. McDonnell, Esq. (State Bar No. 77369)
Law Offices of John P. McDonnell
295 89th Street, Ste. 200
Daly City, CA 94015-1655
Telephone: 650-991-9909
Facsimile: 650-449-7789
JPMcDON@aol.com

Attorney for Plaintiffs Mark and Lori Moon

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA DIVISION 3

| | |
|---|---|
| E. MARK MOON and LORI H. MOON<br><br>Plaintiffs,<br><br>v.<br><br>MILESTONE FINANCIAL, LLC, a California Limited Liability Company, WILLIAM R. STUART, BEAR BRUIN VENTURES, INC. a California Corporation, and DOES 1 to 10 inclusive.<br><br>Defendants. | Chapter 11<br><br>Bankruptcy No. 20-30711<br>Adversary No. 20-03117<br><br>PLAINTIFFS' SUPLEMENTAL MEMO ON AWARD OF ATTORNEYS FEES ON BAP APPEAL<br><br>DATE: March 24, 2024<br>TIME: 10:30 a.m.<br>DEPT. Judge Montali (by teleconference) |

**FACTUAL BACKGROUND**

The Court resolved the claims in this case by deciding the competing Motions for Partial Summary Judgment filed by the Moon Plaintiffs and by Defendant Milestone Financial LLC.

Milestone sought to enforce its June 2015 loan contract in all respects. It sought to enforce the 11.05% interest rate in the loan extension of September 2016. It also sought to enforce the 20.05% "default" interest rate in the contract. It also sought to enforce a 10% "acceleration penalty" (in the amount of $115,615) that Milestone claimed the Moons owed

1

because they failed to pay the entire balance of the loan and interest when Milestone accelerated the loan in February 2019 due to an earlier default by the Moons. The Moons alleged that the 11.05% loan extension violated the California usury law, and that the 10% "acceleration penalty" was an illegal penalty under *Ridgely v. Topa Thrift and Loan Assoc.* (1998) 17 Cal.4th 970. In its January 31, 2022 Decision on the Cross-Motions for Summary Judgment, the Court ruled in favor of the Moons on the usury and acceleration penalty issues. The Court later determined that Milestone was entitled to 7% "post-maturity interest" under *Epstein v. Frank* (1981) 125 Cal.App.3d 111 from the July 31, 2019 maturity date of the extended loan.

The Court issued its Judgment in favor of Plaintiffs on May 25, 2022. The Judgment held that as of the July 31, 2019 maturity date, the only amount owed by the Moons was $718,493.88. The Court ruled that Milestone was entitled to post-maturity interest of $140.82 per day. Judgment at Docket entry #88, pp 2-3.[1]

On August 3, 2022, the Court issued an Order (Docket #129) holding that the Moons were the prevailing party on the contract and that they were entitled to recover their attorneys' fees in the case up to the date of judgment.

After the entry of the May 25, 2022 Judgment, Milestone filed an appeal with the Bankruptcy Appellate Panel ("BAP"). Milestone argued that this Court erred in holding that the 2016 loan extension was a "loan or forbearance" that was subject to the California usury laws, citing *Ghirardo v. Antonioli* (1995) 8 Cal. 4th 791. Milestone did not appeal the "acceleration penalty" ruling. After Milestone filed its appeal with the BAP, the Moons filed a cross-appeal claiming that the post-maturity interest should not be allowed because the Moons has attempted to pay off the loan in April of 2019.

On January 18, 2023 the BAP affirmed this Court's Judgment in all respects. After that decision, the Moons filed a Motion for Attorneys' fees on the appeal. Docket #141 as corrected at #147. In that Motion, the Moons sought attorneys' fees only for the work done defeating Milestone's attempts to overturn the ruling on usury and enforce the contract's provision for

---

[1] The Court subsequently issued an Order holding that the Moons were the prevailing party on the contract, and were entitled to their attorneys' fees under Civil Code §1717. Docket #129.

11.05% interest and 20.05% "default interest." The Moons did not seek fees for the cross-appeal.

Milestone filed an Opposition to the Moon fee motion, and argued that it should receive fees for prevailing on the Moon cross-appeal seeking to overturn the award of post-maturity interest. Docket #150. Milestone also suggested that the Court should defer ruling on the attorneys' fee motion because, in the interim, Milestone had appealed the BAP decision to the Ninth Circuit Court of Appeals. In the Reply to Milestone's Opposition, the Moons argued that only the appeal on the usury issue was an "action on the contract" under Civil Code §1717, and that the Court's award of post-maturity interest was not an "action on the contract," citing *Puppo v. Larosa* (1924) 194 Cal. 717,720, (holding that the award of post-maturity interest is in the nature of damages for the retention of the debt, "and is not recoverable by virtue of any provision of the contract"). So only the Moons were a "prevailing party" in the "action on the contract."

In its March 22, 2023 Order, the Court deferred ruling on the fee motion related to the BAP appeal until the Ninth Circuit ruled on the case.

In that Order, however, the Court stated that the *Puppo v. Larosa* case was not applicable in the context of Civil Code §1717. The Court cited more recent cases, including *Douglas E. Barnhart, Inc. v. CMC Fabricators*, Inc. (2012) 211 Cal.App.4th 230, and determined that the issue of post-maturity interest could be included as an "action on the contract."

## LEGAL DISCUSSION

**1. If the post-maturity interest award is included as an "action on the contract" then the Moons are entitled to recover all their attorneys' fees, because California law provides that there can be only one prevailing party on an action on the contract under Civil Code §1717.**

Under California law, there can be only one prevailing party in an action on a contract.

> [I]n any given lawsuit there can only be one prevailing party on a single contract for the purposes of an entitlement to attorney fees.

*Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515, 531.

> Under § 1717, there may only be one prevailing party entitled to attorney fees on a given contract in a given lawsuit.

(*Roberts v. Packard, Packard & Johnson* (2013) 217 Cal.App.4th 822, 823.

A party who prevails by demonstrating that a contract is unenforceable it the prevailing party on the contract. *Hsu v. Abbara* (1995) 9 Cal.4th 863, 870.

Civil Code §1717(b)(1) defines "the party prevailing on the contract" as "the party who recovered a greater relief in the action on the contract." *Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 752.

> [The] party who ultimately prevails on a contract action is entitled to all of its fees, *including fees incurred during the lawsuit in proceedings where it did not prevail*. *Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515, 546, *followed* in *DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968, 977.

> Brown is correct that a party who ultimately prevails on a contract action is entitled to all of its fees, including fees incurred during the lawsuit in proceedings where it did not prevail. … Therefore, Brown, as the prevailing party on the Contract, is entitled to attorney fees for the proceedings on the first petition to compel arbitration."(*Frog Creek, supra*, 206 Cal.App.4th at pp. 546–547, citations omitted, some italics added.)

(*Roberts v. Packard, Packard & Johnson* (2013) 217 Cal.App.4th 822, 840 (quoting and following *Frog Creek, supra*)

A party that ultimately prevailed on the contract was entitled to recover attorneys' fees for working on an appeal that the party did not win. *Mustachio v. Great Western Bank* (1996) 48 Cal.App.4th 1145, 1150–1151. *Mustachio* was followed in *Frog Creek, supra,* at 546, and also followed in *DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968 at 977.

Thus, the Moons, as the prevailing party on the contract, are entitled to recover all their attorneys' fees on the case including the fees incurred on the appeal of the "post-maturity interest" appeal.

**2. The Moons obtained the greater relief on the contract.**

**a. The Moons' Recovery**

The dispute in this case was whether Milestone could enforce it lending contract. The dispute began in April 2019 when the Moons attempted to refinance the September 2016 loan extension of $902,525, and requested a payoff from Milestone. Milestone demanded a payoff of $1,288,792.28. In their complaint, the Moons alleged that this amount was far in excess of the amount legally owed. In their Motion for Partial Summary Judgment, the Moon alleged that the Milestone demand contained illegal usurious interest and an illegal acceleration penalty. Milestone claimed that the 2016 loan extension was not subject to the usury laws, citing

4

*Ghirardo v. Antonioli* (1995) 8 Cal. 4th 791. Milestone claimed that the acceleration penalty was a valid liquidated damages clause. The Court ruled in favor of the Moons on both issues. The Court determined that the only amount owed by the Moons, at the July 31, 2019 maturity of the loan was $718,493.88. (Judgment at Docket #88, page 2 line 23).

During the litigation, Milestone insisted that its interest charges were legal and that it was allowed to continue to charge the Moons a "default interest" rate of 20.05% under the contract. Therefore, Milestones claim, and its prospective recovery in the lawsuit, continued to grow dramatically. In its initial Proof of Claim in the bankruptcy filed in September 2020, Milestone claimed that the amount due had increased to $1,599,909. During the bankruptcy the Moons attempted to complete a financing in February 2021 to pay Milestone off and stop the escalation of their potential loss. Milestone opposed the refinancing. Mr. Stuart of Milestone submitted a declaration stating, "The balance due to Milestone secured by the Property is reflected on Exhibit "1" attached hereto and is $1,732,699.92 as of February 5, 2021." (Stuart Decl. at docket #126 in the main bankruptcy case, page 2 para. 4).

Thus, Milestone was continuing to add interest to the $902,525 debt at the interest rate of 20.05%. This is roughly $180,958 per year, or roughly $15,000 per month. Milestone continued to pursue these amounts throughout the litigation. After the Court entered judgment against Milestone in May 2022, Milestone continued to seek the enforce its contract and filed an appeal to the Bankruptcy Appellate Panel (BAP). The BAP ruled against Milestone in January 2023, but Milestone filed yet another appeal to the Ninth Circuit. Milestone continued to try to enforce its contract (and the 20.05% interest rate) throughout the course of that appeal. The Ninth Circuit denied Milestone's appeal on April 16, 2024. The time from February 2021, when Milestone claimed it was owed $1,732,699, and April 2024 is three years and two months, or 38 months. At $15,000 per month, this would add up to $570,000 for those 38 months. If Milestone had prevailed in its appeal at the Ninth Circuit, it would have been awarded roughly $2,302,700. This is the amount that Milestone was claiming on the contract.

As shown above, the amount that the Court determined was due on the contract was only $718,493.88. By obtaining a final determination that Milestone's contract violated the usury

laws, the Moons obtained a recovery worth about $1,584,206 ($2,302,700 minus $718,493.88).

    **b. Milestone's Recovery.**

The May 25, 2022 Judgment awarded Milestone "post-maturity" interest under *Epstein v. Frank* (1981) 125 Cal.App.3d 111. The interest rate was 7%, which amounted to $140.82 per day, from the July 31, 2019 maturity date of the loan. The Moons were not able to refinance the Milestone loan until April 28, 2023, when the Moons closed the loan with Kind Lending, and paid Milestone off. One year of interest is $51,399 (365 times 140.82), so the three years to July 31, 2022 amounted to $154,198. The time from July 31, 2022 to April 28, 2023 is 272 days, so Milestone obtained another $38,303 for a total of roughly $192,501.

However, under *Epstein v. Frank*, the award of post-maturity interest runs from the maturity date up to *the date of the Judgment*. All of the many cases that have followed *Epstein* repeated this rule, the interest runs only up to the date of the judgment. See *Soleimany v. Narimanzadeh* (2022) 78 Cal.App.5th 915, 918. As outlined in the declaration of John P. McDonnell, in the present case, the parties initially stipulated that Milestone was entitled to $140.82 per day up to the *date of judgment* (Plaintiff's status statement, Docket #82 in the first adversary case, page 2). Mr. Cohen objected and requested that the interest continue until the loan was paid off. At the time, the Court had imposed a payoff deadline of June 24, 2022, so the additional amount did not appear worth arguing about. But Milestone later delayed the loan payoff to April 28, 2023. Therefore, the amount of interest that Milestone earned under *Epstein* should end at the date of the Judgment, May 25, 2022. The interest on the 342 days from May 25, 2022 to April 28, 2022, totaling $48,160 ($140.82 times 342) should not be included in the Milestone recovery. Milestone recovery on the contract should be reduced to About $145,000, less than 1/10 of the recovery of the Moons.[2]

    **3. The amount of fees sought by the Moons.**

In the Moon's February 1, 2023 Motion for Fee for the BAP appeal (Docket #141), and accompanying declaration, Attorney McDonnell stated that he had incurred 83.7 hours working

---

[2] This assumes that the post-maturity interest is "on the contract."

on the BAP appeal plus 2.5 hours preparing the fee motion, for a total of 86.2 hours. Mr. McDonnell spent another 5 hours on the fee motion for total time claimed of 91.2 hours. At the $425 rate approved by the Court, the fee motion sought $38,760. This was the amount sought in the initial February 2023 motion.

As explained above, this amount did not include the time on the cross-appeal. As stated in the Declaration of John McDonnell submitted with this Memo, the time spent on the cross-appeal was 57.3 hours, which results in fees of $24,352.50 at the $425 rate.

There was also additional time back in February 2023 working on the Milestone Opposition to the Moon's fee motion and the Moons' Reply. As shown in the McDonnell declaration, this was an additional 14.7 hours which results in fees of $6,247.50 at the $425 rate.

Finally, Mr. McDonnell has spent another 12.2 hours researching the law, collecting the information and preparing this Memorandum and supporting Declaration for this motion. This 12.2 hours at the $425 rate is an additional $5,185.00. The total of the four above amounts is $74,545, which is the total revised fee claim of the Moons for the work on the BAP appeal.

Dated: May 10, 2024  /s/ John McDonnell
JOHN P. McDONNELL, ESQ.
Attorney for Plaintiffs