HARRIS L. COHEN, ESQ., State Bar # 119600
HARRIS L. COHEN, A PROF. CORP.
5305 Andasol Ave.
Encino, CA 91316
tel (818) 905-5599 / fax (818) 905-5660
Email: hcohen00@aol.com

JOYCE K. LAU (No. 267839)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852
Email: joyce@fullerlawfirm.net

BERNARD J. KORNBERG (State Bar No. 252006)
PRACTUS, LLP
58 West Portal Ave PMB 782
San Francisco, CA 94127
Telephone: (341) 234-6629
Email:  bernard.kornberg@practus.com

Attorneys for Milestone Financial, LLC, William R. Stuart and Bear Bruin Ventures, Inc.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 20-30711 |
| MARK E. MOON, | Chapter 11 |
| Debtor. | Adv No. 20-03117 |
| E. MARK MOON *et al.*, | **REPLY IN SUPPORT OF SUPPLEMENTAL BRIEF OF MILESTONE FINANCIAL, LLC ON MOTION AND COUNTER-MOTION FOR AWARD OF ATTORNEYS' FEES ON APPEAL** |
| Plaintiffs, | |
| vs. | |
| MILESTONE FINANCIAL, LLC *et al.*, | Date: May 25, 2024<br>Time: 10:00 a.m. |
| Defendants. | The Hon. Dennis Montali |

## I. THE MOON'S HAVE REQUESTED THAT THE COURT OF APPEAL RULE ON THE ATTORNEYS' FEE ISSUE

"[T]he general rule is that the award of attorney's fees on appeal should be fixed in the first instance by the district court." *Sokol v. Bernstein*, 812 F.2d 559, 561 (9th Cir. 1987) (*quoting Perkins v. Standard Oil Co.*, 399 U.S. 222, 223 (1970). In accordance with this rule, this Court, in deferring any ruling on the BAP Fee motion, ruled that it would adjudicate the fees for all appeals after conclusion of the Ninth Circuit Appeal. Order at p.5, Ex. 4. ("[i]f this court's decision, and the BAP's affirmance are both affirmed, this court can then resolve all of the unresolved attorney's fees remaining on either side for all appeals").

In the Moon's supplemental brief, they do not address the Ninth Circuit appeal attorneys' fees in any manner. Subsequently, and without alerting the Court of their intent to do so, the Moons filed an application with the Ninth Circuit asking it to award fees solely as to the Ninth Circuit Appeal. A copy of this Motion is attached as Exhibit 1 to this brief. Milestone has filed an opposition requesting that the Court of Appeals transfer that request to this Court on a multitude of grounds, including that Milestone has sought fees in this Court, the Court is already reviewing the fee issue and it creates a risk of inconsistent rulings, and that the Moons have shown no basis to upset the general rule of first presenting fees to the trial Court. A copy of this opposition brief is attached as Exhibit 2.

Milestone simply raises this issue to alert the Court. Milestone knows of no authority that provides that the filing of a fee application with the appellate court stays this Court's ability to award fees. As such, Milestone requests the Court proceed with ruling as to the fee determination as to all appeals, as previously indicated, without further delay. Milestone can then alert the Court of Appeals of the decision.

## II. THERE IS NO PREVAILING PARTY DUE TO BOTH PARTIES LOSING THEIR RESPECTIVE APPEALS

In their supplemental brief, the Moons argue that they are the prevailing party as, after all appeals are done, they received a substantial victory in the reduction of interest. They in fact take an entirely different position than they did in the BAP fee motion, and now request all fees and

costs for both appeals.

This analysis not supported by Ninth Circuit authority. In determining whether a party is entitled to fees, "the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section." Cal. Civ. Code § 1717(b). Here, the Moons only argument is that they are the prevailing party as they prevailed below and the ruling was affirmed. Supplemental Brief pp.3-4. No authority supports that position when there are two appeals and the results were that both parties succeeded in defeating the other party's appeal.

This issue was considered in the matter of *Corder v. Gates*. There, plaintiff, who had won at the district court level, had the amount of the award significantly reduced on appeal by the defendant. *Corder v. Gates*, 104 F.3d 247, 248 (9th Cir. 1996). Upon a motion for fees for the appeal, the plaintiff argued that, since they still won an award, they were the prevailing party on appeal. *Id*. at 249. The Ninth Circuit rejected this argument as "[t]he net result of the various appeals was a reduced award for plaintiffs. Accordingly, plaintiffs were not the prevailing parties on appeal." *Id*. at 250.

The *Corder* case has been cited by the California Court of Appeal for the proposition that "the reversal of the attorney fee award and remand to the trial court for further proceedings means that on that issue of the appeal respondent was not the prevailing party." *Harman v. City & Cnty. of San Francisco*, 158 Cal. App. 4th 407, 425 (2007) (citing *Corder*). The California Court of Appeal thus found that "[t]he appeal, like the underlying action, was one in which limited success was realized. Thus, the failure of the trial court to make any effort to apportion the award of attorney fees on appeal to account for time spent on the unrelated and unsuccessful attorney fees claim in the prior appeal was error." *Id*.

While no California Court of Appeal case considers this exact issue, as set forth in Milestone's supplemental brief, the case of *In re Haythrone* is persuasive. "Damon and Haythorne were equally successful in defending against one another's cross-appeals; therefore, neither can reasonably be declared the 'prevailing party' over the other." *In re Haythorne*, 2019 WL 6520050, at *2 (C.D. Cal. Sept. 11, 2019). As set forth in the supplemental brief, this is in

4

SUPPLEMENTAL BRIEF RE: AWARD OF ATTORNEYS FEES ON APPEAL

accord with California law regarding the prevailing parties as to competition cross-complaints, and logically similar scenarios.

*Mustachio v. Great W. Bank*, the case cited by the Moons for the proposition that 1717 allows them to prevail despite losing on their appeal, does not support their argument. First, as noted by the Moons, in that case the appeal occurred during the case, not at the end of the case like in this action. *Mustachio v. Great W. Bank*, 48 Cal. App. 4th 1145, 1149 (1996). But more importantly, the *fee award was reduced by the court due to the mixed decision on appeal.* The *Mustachio* court found no error in the trial court doing so. *Id*. at 1151. Like *Mustachio*, Milestone only asks this Court to reduce the fee award as Milestone won half the appeal. Milestone is not asking for more than an offset or reduction. Accordingly, this Court should follow *Mustachio* and deny fees to both parties.

The other cases cited by the Moons are irrelevant. *Frog Creek* involved fees after a petition to compel arbitration. *Frog Creek Partners, LLC v. Vance Brown, Inc*., 206 Cal. App. 4th 515, 546 (2012). *Disputesuite.com* arises out of a successful motion to dismiss for improper forum, where the litigation was ongoing elsewhere. *DisputeSuite.com, LLC v. Scoreinc.com*, 2 Cal. 5th 968, 977 (2017). Neither matter involves an appeal, and thus they have little persuasive value compared to the cases cited by Milestone which deal with the exact issue before the Court.

Finally, the Moons argue the cross-appeal was for significantly less money and should be disregarded. As set forth in Milestone's opposition to the Fee Motion, the amounts at stake were similar. $290,443.78 in pre-maturity interest on Milestone's appeal and $178,223.85 as to Moon's cross-appeal. (Opposition to Renew Fee Motion p.5). The Moons agree with this calculation (and then some) in their supplemental brief, but argue the Court should have cut off post-maturity interest as of the date of the judgment. (Moon Supplemental Brief, p.5). This argument bears no weight, as the judgment simply declared the rights of the parties as to interest. It did not create a judgment for damages in favor of the Moons.

### III.  CORRECTION TO FEE REQUEST

In its supplemental brief, Milestone provided two numbers for its fees to the Ninth Circuit. First, it stated it had incurred $45,091.00 in total fees litigating both Ninth Circuit Appeals.

Second, it stated that it had incurred $29,239.13 in fees on the cross-appeal where it prevailed.

Upon review, this second number of $29,239.13 was incorrect and due to an error in how Milestone's counsel had prepared the fee spreadsheet. This is the number Milestone spent on its appeal, where the Moons prevailed. The correct number for the cross-appeal is $15,926.88. A corrected spreadsheet is attached as <u>Exhibit 3</u> to this reply. Milestone apologies for the error.

### IV. CONCLUSION

For the reasons set forth above, the Court should conclude there was no prevailing party and deny fees and costs to both parties.

DATED:  May 17, 2024                            PRACTUS, LLP

By:     /s/ Bernard J. Kornberg
        BERNARD J. KORNBERG

Attorneys for Milestone Financial, LLC