# EXHIBIT 1

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 9. Application for Attorneys' Fees under Circuit Rule 39-1.6

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form09instructions.pdf*

**9th Cir. Case Number(s)** | 23-60006, 23-60017

**Case Name** | Milestone Financial LLC v. Mark and Lori Moon

For each amount claimed, please attach itemized information indicating service provided, date, hours, and rate.

| *DESCRIPTION OF SERVICES* | *Hours* | *Amount Claimed* |
|---|---|---|
| Interviews and Conferences | 2.4 | $ 1,020 |
| Obtaining and Reviewing Records | 4.8 | $ 2,040 |
| Legal Research | 61 | $ 25,925 |
| Preparing Briefs | 61.7 | $ 26,222.5 |
| Preparing for and Attending Oral Argument | 10.8 | $ 4,590 |
| Other (*specify below*) | | |
| Legal research and writing briefs were intertwined so 1/2 of 122.7 hour goes to each (this includes mediation and extensions). Also there is 12.5 hours preparing fee motion | 12.5 | $ 5,312.5 |
| *Total Hours/Compensation Requested:* | 153.2 | $ 65,110 |

**Signature** _/s/ (signature)_ **Date** May 13, 2024

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 9**

*Rev. 01/24/2019*

**23-60006 and 23-60011 (consolidated)**

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

----------------------------------

In re: MARK E. MOON,

*Debtor*
----------------------------------

MILESTONE FINANCIAL, LLC,

*Appellant*

v.

E. MARK MOON and LORI H. MOON,

*Appellees*

----------------------------------

Appeal from the United States Bankruptcy Appellate Panel
of the Ninth Circuit
Bankruptcy Appellate Panel Docket No. 22-1117
Bankruptcy Case No. 20-30711-DM
Adversary Case No. 20-03117-DM

----------------------------------

**APPELLEES' MOTION FOR ATTORNEYS' FEES**

----------------------------------

JOHN P. McDONNELL (State Bar No. 77369)
295 89th Street, Ste. 200
Daly City, CA 94015
Telephone: 650-991-9909
Email: JPMcDON@aol.com

Attorney for Mark and Lori Moon

TABLE OF CONTENTS

POINTS AND AUTHORITIES ........................................................1

CALCULATION OF THE FEE REQUEST ................................... 4

   A. The amount of time expended on each part of the appeal was
   reasonable. .................................................................................5

     1. The time defending the Milestone appeal.............................5

       a. Addressing Milestone's restatements of its *Ghirardo* argument..... 6

       b. Locating and presenting the law in *Westman v. Dye*. .................... 6

       c. Dealing with the two new arguments raised by Milestone. ..............7

       d. The Moons' attorney tried to convince Milestone's attorney to drop
       the appeal to the Ninth Circuit. ............................................7

     2. Work on the Cross-Appeal...................................................... 8

CONCLUSION.................................................................10

TABLE OF AUTHORITIES

**Cases**

*DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968 .................... 2

*Douglas E. Barnhart, Inc. v. CMC Fabricators*, Inc. (2012)
   211 Cal.App.4th 230 ...................................................................3

*Epstein v. Frank (1981)* 125 Cal.App.3d 111 ................................. 9

*Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012)
   206 Cal.App.4th 515........................................................... 2

*Ghirardo v. Antonioli,* 8 Cal. 4th 791, 804 (1994) ....................................5, 6

*Mustachio v. Great Western Bank* (1996) 48 Cal.App.4th 1145.................. 2

*PLCM Group, Inc. v. Drexler,* 22 Cal.4th 1084 ............................................. 4

*Puppo v. Larosa* (1924) 194 Cal. 717 ............................................................3

*Roberts v. Packard, Packard & Johnson* (2013) 217 Cal.App.4th 822 ........ 2

*Westman v. Dye (1931)* 214 Cal. 28 .............................................................7

## Statutes

Cal. Civil Code §1504 .................................................................................... 9

Cal. Civil Code §1717 ................................................................................ 1, 3

## Constitutional Provisions

Article XV of the California Constitution .....................................................5

Pursuant to Circuit Rule 39-1, Appellees Mark and Lori Moon hereby move for an award of attorneys fees pursuant to Cal. Civil Code §1717.

**POINTS AND AUTHORITIES**

Cal. Civil Code §1717 provides that whenever a written contract provides that one of the parties is entitled to collect attorneys' fees if that party prevails in an action, then the provision is made reciprocal as a matter of law, and whichever party prevails in the action is entitled to an award of attorneys' fees. The loan agreement between the Moons and Milestone Financial LLC contained such an attorneys' fee provision.

In its Judgment entered May 25, 2022, the Bankruptcy Court ruled that the Moons were the prevailing party in the action. (Judgment at Milestone's Excerpt of Record, 035). This Court has affirmed that judgment in all respects. The Bankruptcy Court confirmed that the Moons were the prevailing party in its Judgment Awarding Attorneys' Fees entered July 13, 2022. Milestone did not appeal that Judgment, so it is not in the record. It is Docket Entry #127 in the Bankruptcy Court records of Adversary Proceeding No. 20-03117.

California law provides that there can be only one prevailing party in an action on a contract.

1

> [I]n any given lawsuit there can only be one prevailing party on
> a single contract for the purposes of an entitlement to attorney
> fees.

*Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206
Cal.App.4th 515, 531.

> Under § 1717, there may only be one prevailing party entitled to
> attorney fees on a given contract in a given lawsuit.

*Roberts v. Packard, Packard & Johnson* (2013) 217 Cal.App.4th 822, 823.

California further provides that the prevailing party on the contract is

entitled to recover all its fees incurred in the action, *including* fees on

interim proceedings in which the party did not prevail.

> [T]he general rule remains that the prevailing party is entitled
> to all reasonable fees, without offset for interim victories by the
> other party. (*Presley of Southern California v. Whelan, supra*,
> at p. 963; see *Mustachio v. Great Western Bank* (1996) 48
> Cal.App.4th 1145, 1148, 1150 [plaintiff who prevailed on
> contract action was entitled to her reasonable fees under § 1717,
> including fees expended on multiparty appeal, even though
> appeal resulted in reversal of a punitive damages award].

*DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968 at 977.

> The defendant was thus the prevailing party on the contract
> and, under prior appellate decisions, was "entitled to all of its
> fees, including fees incurred during the lawsuit in proceedings
> where it did not prevail."

*DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968 at 977,

quoting and following Frog Creek Partners, supra, accord, *Roberts v.*

*Packard, Packard & Johnson* (2013) 217 Cal.App.4th 822, 840

As pointed out by the Supreme Court, the prevailing party in the case

of *Mustachio v. Great Western Bank* (1996) 48 Cal.App.4th 1145, was

entitled to recover all of her fees under §1717, even though an interim appeal had reduced the amount of her punitive damages. The *Mustachio* case was also followed in *Frog Creek Partners, LLC*, supra, at 546.

Thus, the Moons, as the prevailing party in the action, are entitled to recover all of their fees on both the appeal by Milestone *and* the cross-appeal by the Moons.

A final case should be mentioned. In the Bankruptcy Court, the Moons argued that the award of "post maturity" interest was not an "action on the contract" under Cal. Civil Code §1717, citing, citing *Puppo v. Larosa* (1924) 194 Cal. 717,720, (holding that the award of post-maturity interest is in the nature of damages for the retention of the debt, "and is not recoverable by virtue of any provision of the contract"). Milestone argued that it was entitled to its attorneys' fees for defending the Cross-Appeal at the Bankruptcy Appellate Panel ("BAP")

In a March 23, 2024 Order relating to the competing claims for attorneys' fees for the work on the interim appeal to the BAP, the Bankruptcy Court stated that the *Puppo v. Larosa* case was not applicable in the context of Civil Code §1717. The Court cited more recent cases, including *Douglas E. Barnhart, Inc. v. CMC Fabricators*, Inc. (2012) 211 Cal.App.4th 230, and determined that the issue of post-maturity interest

was included as an "action on the contract."

## CALCULATION OF THE FEE REQUEST

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate . . . The reasonable hourly rate is that prevailing in the community for similar work." *PLCM Group, Inc. v. Drexler*, 22 Cal.4th 1084, 1095 (Cal. 2000)

In the present case, the Bankruptcy Court already determined, in its Judgment Awarding Attorneys' Fees, that the $425 per hour rate charged by attorney John McDonnell was the reasonable hourly rate.

As shown in the supporting declaration of attorney McDonnell, the amount of hours expended on the Milestone appeal of the usury judgment was 63.8, and the amount of hours expended on the cross-appeal on the "post-maturity" interest was 76.9. The McDonnell declaration contains the detailed time records of all the time spent on each part of the appeal.

As explained by Mr. McDonnell, when Milestone filed its appeal on the usury issue, the BAP assigned it case number 22-1103, and when the Moons filed the cross-appeal on the "post-maturity" interest, the BAP assigned it case number 22-1117. For internal accounting purposes, and to present clear time records for the client, McDonnell set up two separate

matter numbers, Moon 1103 and Moon 1117. When Milestone appealed the BAP decision to this Court, McDonnell kept these same matter numbers to track the Milestone appeal time and the Moon cross-appeal time.

### A. The amount of time expended on each part of the appeal was reasonable.

### 1. The time defending the Milestone appeal.

As outlined in the Declaration of John McDonnell, the major work on this appeal involved responding to Milestone's repeated arguments that *Ghirardo v. Antonioli,* 8 Cal. 4th 791, 804 (1994) made all extensions of loans exempt from the usury law. But the work on the Milestone appeal also involved three new areas not previously involved in either the trial court or the BAP.

First, the work on the Milestone appeal involved *new* research demonstrating conclusively that under California law, an extension of a loan can be usurious even if the initial loan was non-usurious. Second, Milestone raised two new *incorrect* claims: (1) that Article XV of the California Constitution required that a contract be in writing to be subject to the usury law, and (2) that Article XV already provided an exception to loans and forbearances arranged by a real estate broker.

///

///

5

### a. Addressing Milestone's restatements of its *Ghirardo* argument.

In both the trial court and the BAP, Milestone had primarily argued variations on its argument that the extension of the loan agreement was outside the scope of the California usury law due to language in *Ghirardo v. Antonioli,* 8 Cal. 4th 791, 804 (1994). Both the trial court and the BAP rejected this issue, holding that the *Ghirardo* case was limited to "credit sale" transactions, and had no application to a loan or forbearance of money. Milestone continued to argue this issue in this Court. It rearranged some of its arguments and misstated the facts and law in *Ghirardo* (for example, continually referring to the transactions in *Ghirardo* as "loans" instead of sales). Once a party misstates the law and the facts, it takes considerable effort to present the full scope of the actual law, in order to provide a correct picture of the law.  The *Ghirardo* argument was Milestone's major attempt to win the case, and Milestone changed its arguments somewhat from the arguments made in the lower courts. So it was necessary for Plaintiffs' counsel to rewrite, tighten and change the prior BAP brief to more accurately disprove the claims in Milestone's Opening Brief.

///

///

### b. Locating and presenting the law in *Westman v. Dye*.

Most significantly, Plaintiffs' counsel conducted further research that located California cases that held, contrary to Milestone's main argument, that the law in California has always provided that an extension of a loan can be usurious even if the original loan was non-usurious. See pp. 14-16 of the Second Brief, and the discussion of *Westman v. Dye (1931)* 214 Cal. 28.

### c. Dealing with the two new arguments raised by Milestone.

Having failed twice with its *Ghirardo* argument, Milestone *added two new* misstatements of the law to its brief in this court. In the trial court and the BAP, Milestone barely mentioned Article XV of the California Constitution. But in its appeal to this Court, it argued that: (1) Article XV requires that a contract must be in writing to be subject to the usury laws (Milestone Opening Brief, Docket #21, pp. 15-18) and (2) Article XV actually created an exception to the usury law for any loan *or forbearance* arranged by a real estate broker (p. 26 of the Opening Brief).

As shown at length in the Second Brief, both of these claims were supported by Milestone misstating *and falsely editing* the statute. See the discussion of these two items at pp. 33-37 or the Second Brief.

### d. The Moons' attorney tried to convince Milestone's attorney to drop the appeal to the Ninth Circuit.

As soon as Milestone's attorney, Mr. Bernard Kornberg, filed the

7

appeal to the Ninth Circuit, Mr. McDonnell wrote to him and suggested that the BAP decision had devastated his *Ghirardo* arguments, and Milestone should not waste money on a further appeal that will not only cost them money, but will also result in them paying more of the Moons' attorneys' fees. The full text of the February 3, 2023 e-mail to Mr. Kornberg is attached as Exhibit A to the McDonnell declaration in support of this motion. That e-mail reads, in part,

[Y]ou might consider saving yourself a lot of trouble and folding your cards now. The BAP decision made it clear, in meticulous detail, that you are wrong and Ghirardo can not be extended to repeal California law....

Thus, there is a large body of case law suggesting that DCM and Ghirardo reached the wrong result. There is no law to support the argument that Ghirardo should be extended to repeal the usury law with respect to all forbearances. As the BAP said, there is nothing in any of your arguments that will convince a court to rewrite California law. ...

So, Milestone will lose once again and will be paying more of my attorneys fees....

**2. Work on the Cross-Appeal**.

In both the trial court and the BAP, the Moons had primarily argued that Milestone should not be allowed "post-maturity" interest from the July 31, 2016 due date of the loan, because the Moons had previously attempted to pay the loan in full in April 2019, and this payoff was prevented by Milestone demanding illegal usurious interest and an illegal

10%. The Moons' arguments were primarily variations on a claim of estoppel. The Bankruptcy Court stated that it found these arguments interesting, but they did not provide a sufficient basis for departing from the settled California law in *Epstein v. Frank (1981)* 125 Cal.App.3d 111.

The BAP was also unpersuaded by the Moons' arguments, but the BAP decision seemed to be based in large part on its view that the contract may not have included a requirement for Milestone to provide a payoff demand. This issue had not been briefed to the BAP.

So a large part of the Second Brief on the cross-appeal argued that Milestone was required, both by the terms of its loan agreement, and by California law, to provide a legal payoff demand. See the discussion at pp. 52-55 of the Second Brief. It is noteworthy that Milestone did not dispute these arguments (instead, it argued, incorrectly, that the Moons had abandoned their breach of contract claims, Third Brief at pp. 21-23).

Moons' counsel also recognized that the "estoppel" claims had been too general or vague for the trial court and the BAP. Therefore, counsel conducted further research and focused on Cal. Civil Code §1504, the *statutory* basis for cutting off Milestone's right to interest. See pages 47-52 of the Second Brief. Thus, the work for this appeal involved mainly new work that had not been done in the Bankruptcy Court or the BAP.

Ultimately, this Court rejected the Moons' argument, holding that their attempt to pay the loan in April 2019 was not a valid tender. Memorandum Decision at p. 5.

## CONCLUSION

For the foregoing reasons, and based upon the evidence in the McDonnell declaration, the Moons suggest that all the time on the Milestone appeal and the Cross-Appeal was reasonably expended, and the court should award the full amounts requested by the Moons, $27,115.00 on the Milestone appeal and $32,682.50 on the Cross-Appeal. As further set forth in the McDonnell Declaration, McDonnell has spent 12.5 hours collecting the facts, preparing this memo and preparing his declaration. The Court should award $5,312,50 for this work.

Date: May 13, 2024          _____/s/ John McDonnell_____
                                             John P. McDonnell, Esq.
                                             Attorney for Appellees

**23-60006 and 23-60011 (consolidated)**

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

----------------------------------

In re: MARK E. MOON,

*Debtor*

----------------------------------

MILESTONE FINANCIAL, LLC,

*Appellant*

v.

E. MARK MOON and LORI H. MOON,

*Appellees*

----------------------------------

Appeal from the United States Bankruptcy Appellate Panel
of the Ninth Circuit
Bankruptcy Appellate Panel Docket No. 22-1117
Bankruptcy Case No. 20-30711-DM
Adversary Case No. 20-03117-DM

----------------------------------

**DECLARATION Of ATTORNEY JOHN McDONNELL ON
APPELLEES' MOTION FOR ATTORNEYS' FEES**

----------------------------------

JOHN P. McDONNELL (State Bar No. 77369)
295 89th Street, Ste. 200
Daly City, CA 94015
Telephone: 650-991-9909
Email: JPMcDON@aol.com

Attorney for Mark and Lori Moon

I, John P. McDonnell, hereby declare as follows:

1. I am a citizen of the United States over eighteen years of age, and I could testify competently as to the following matters.

2. I am attorney licensed to practice law in California and have been so licensed since 1977. I am the attorney for the Plaintiff Moons in this case, and have represented the Moons in this case at all times from the beginning of the case in state court prior to removal. I have continued as their attorney in this Adversary Proceeding and on Milestone's appeal to the Bankruptcy Appellate Panel ("BAP") and on Milestone's Appeal to the Ninth Circuit.

3. After the entry of Judgment in this case, Milestone filed its Notice of Appeal to the BAP on May 27, 2022, and filed a Motion for Relief from stay in the Bankruptcy Court. A few weeks later, around June 16, 2022, I filed a cross-appeal in the case.

4. When Milestone filed filed its appeal on the usury issue to the BAP, the BAP assigned it case number 22-1103. When the Moons later filed the cross-appeal on the "post-maturity" interest, the BAP assigned it case number 22-1117. For internal accounting purposes, and to present clear time records for the client, I set up two separate matter numbers, Moon 1103 and Moon 1117. When Milestone appealed the BAP decision to

1

this Court, I kept these same matter numbers to track the Milestone

appeal time and the Moon cross-appeal time.

5. In January 2023, the BAP affirmed the Bankruptcy Court Judgment

in all respects. The attorney for Milestone, Bernard Kornberg,

immediately filed a Notice of Appeal to appeal the case to the Ninth

Circuit. I promptly wrote to Mr. Kornberg and suggested that the BAP

decision had devastated his *Ghirardo* arguments, and that Milestone

should not waste money on a further appeal that will not only cost them

money, but will also result in them paying more of the Moons' attorneys'

fees. The fruitless Milestone appeal would also needlessly burden the

courts. The full text of the February 3, 2023 e-mail to Mr. Kornberg is

attached as Exhibit A to the McDonnell declaration in support of this

motion. That e-mail reads, in part,

> [Y]ou might consider saving yourself a lot of trouble and folding
> your cards now.  The BAP decision made it clear, in meticulous
> detail, that you are wrong and Ghirardo can not be extended to
> repeal California law....
>
> Thus, there is a large body of case law suggesting that DCM and
> Ghirardo reached the wrong result. There is no law to support the
> argument that Ghirardo should be extended to repeal the usury
> law with respect to all forbearances. As the BAP said, there is
> nothing in any of your arguments that will convince a court to
> rewrite California law. ...
>
> So, Milestone will lose once again and will be paying more of
> my attorneys fees....

2

6. For over 30 years, I have kept careful contemporaneous track of my time in the Day-Timer record system.  This system accounts for each minute of the day. During the day, I track the time for each client matter that I work on that day. I personally input the daily time into the Timeslips billing system. I bill all my clients in increments of 6 minutes.

7. Attached as Exhibit B is the detailed time report for the time I spent on the Milestone appeal of the usury issue in this case. It has the code "Moon 03 Appeal." These records show that the total time for the Milestone 1103 appeal was 68.3 hours. At the $425 per hour rate, this totals $27,115.

8. The Milestone appeal involved a great deal of work. The major work on this appeal involved responding to Milestone's repeated arguments that *Ghirardo v. Antonioli*, 8 Cal. 4th 791, 804 (1994) made all extensions of loans exempt from the usury law. But the work on the Milestone appeal also involved three new areas not previously involved in either the trial court or the BAP.

First, the work on the Milestone appeal involved new research demonstrating conclusively that under California law, an extension of a loan can be usurious even if the initial loan was non-usurious. Second, Milestone raised two new incorrect claims: (1) that Article XV of the

3

California Constitution required that a contract be in writing to be subject to the usury law, and (2) that Article XV already provided an exception to loans and forbearances arranged by a real estate broker.

9. In both the trial court and the BAP, Milestone had primarily argued variations on its argument that the extension of the loan agreement was outside the scope of the California usury law due to language in *Ghirardo v. Antonioli*, 8 Cal. 4th 791, 804 (1994). Both the trial court and the BAP rejected this issue, holding that the Ghirardo case was limited to "credit sale" transactions, and had no application to a loan or forbearance of money. Milestone continued to argue this issue in this Court. It rearranged some of its arguments and misstated the facts and law in *Ghirardo* (for example, continually referring to the transactions in *Ghirardo* as "loans" instead of sales). Once a party misstates the law and the facts, it takes considerable effort to present the full scope of the actual law, in order to provide a correct picture of the law. The *Ghirardo* argument was Milestone's major attempt to win the case, and Milestone changed its arguments somewhat from the arguments made in the lower courts. So it was necessary for me to rewrite, tighten and change the prior BAP brief to more accurately disprove the claims in Milestone's Opening Brief.

4

10. Most significantly, I conducted further research that located California cases that held, contrary to Milestone's main argument, that the law in California has always provided that an extension of a loan can be usurious even if the original loan was non-usurious. See pp. 14-16 of the Second Brief, and the discussion of *Westman v. Dye (1931)* 214 Cal. 28.

11. Milestone added two new arguments to its Brief in the Ninth Circuit, that it did not raise in the Bankruptcy Court or the BAP. In the trial court and the BAP, Milestone barely mentioned Article XV of the California Constitution. But in its appeal to this Court, it argued that: (1) Article XV requires that a contract must be in writing to be subject to the usury laws (Milestone Opening Brief, Docket #21, pp. 15-18) and (2) Article XV actually created an exception to the usury law for any loan *or forbearance* arranged by a real estate broker (p. 26 of the Opening Brief).

As shown at length in the Second Brief, both of these claims were supported by Milestone misstating *and falsely editing* the statute. See the discussion of these two items at pp. 33-37 or the Second Brief.

12. Attached as Exhibit C is the detailed time report for the time I spent on the Cross-Appeal. It has the code "Moon 17 Appeal." These records show that the total time for the Cross-Appeal appeal was 76.9 hours.  At the $425 per hour rate, this totals $32,682.50.

13. The work on the Cross-Appeal in this Court also involved a great deal of new work. In both the trial court and the BAP, the Moons had primarily argued that Milestone should not be allowed "post-maturity" interest from the July 31, 2016 due date of the loan, because the Moons had previously attempted to pay the loan in full in April 2019, and this payoff was prevented by Milestone demanding illegal usurious interest and an illegal 10%. The Moons' arguments were primarily variations on a claim of estoppel. The Bankruptcy Court stated that it found these arguments interesting, but they did not provide a sufficient legal basis for departing from the settled California law in *Epstein v. Frank (1981)* 125 Cal.App.3d 111.

The BAP was also unpersuaded by the Moons' arguments, but the BAP decision seemed to be based in large part on its view that the contract may not have included a requirement for Milestone to provide a payoff demand. This issue had not been briefed to the BAP.

So a large part of the Second Brief on the cross-appeal argued that Milestone was required, both by the terms of its loan agreement, and by California law, to provide a legal payoff demand. See the discussion at pp. 52-55 of the Second Brief. It is noteworthy that Milestone did not dispute these arguments (instead, it argued, incorrectly, that the Moons had

6

abandoned their breach of contract claims, Third Brief at pp. 21-23).

I also recognized that the "estoppel" claims had been too general or vague for the trial court and the BAP. Therefore, I conducted further research and focused on Cal. Civil Code §1504, the *statutory* basis for cutting off Milestone's right to interest. See pages 47-52 of the Second Brief. Thus, the work for this appeal involved mainly new work that had not been done in the Bankruptcy Court or the BAP.

Ultimately, this Court rejected the Moons' argument, holding that their attempt to pay the loan in April 2019 was not a valid tender. Memorandum Decision at p. 5.

14. In addition, I have had to spend 12.5 hours reviewing the Ninth Circuit rules for fee applications, collecting the records, preparing the Motion for fees and preparing this declaration. The amount of fees for this, at the $425 per hour rate, is $5,312,50 and the Court should award this amount also.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Dated:  May 13, 2024

JOHN P. McDONNELL, ESQ.
Attorney for Appellees

# EXHIBIT A

From: **JOHN MCDONNELL** jpmcdon@aol.com
Subject: Re: Motion for Attorneys' Fees
Date: February 3, 2023 at 4:37 PM
To: Bernard Kornberg Bernard.Kornberg@practus.com



Or, you might consider saving yourself a lot of trouble and folding your cards now. The BAP decision made it clear, in meticulous detail, that you are wrong and Ghriardo can not be extended to repeal California law. Beyond the arguments that I made, the court came up with the law showing that the traditional rule is that the extension of a credit sale loan IS subject to the usury laws. The court even cited an ALR report for this, and pointed out at page 17, "Ghirardo and DCM Partners rejected the traditional rule."

Thus, there is a large body of case law suggesting that DCM and Ghirardo reached the wrong result. There is no law to support the argument that Ghirardo should be extended to repeal the usury law with respect to all forbearances. As the BAP said, there is nothing in any of your arguments that will convince a court to rewrite California law.

And don't overlook the statement in footnote 5: "In our discussion when we refer to an "exception" from the usury laws, we mean that it is not subject to the usury laws. When we refer to something as "exempt" from the usury laws, we mean that it is subject to California's usury laws but has been declared exempt from them. This is a distinction that Milestone elides, but the distinction is fatal to its argument." So once again, there is a huge wall between credit sales and loans, and no court is going to tear it down, and rewrite California law.

So, Milestone will lose once again and will be paying more of my attorneys fees. Moreover, if Milestone persists on this appeal, I will recommend that Moon pursue our cross-appeal. In contrast to the meticulous dismantling of the Milestone appeal, there is a lot of mush in their discussion of our appeal, and I think it comes back to the same hesitation as Judge Montali, not to change the Epstein rule in absence of some pre-existing California authority. I think the 9th circuit would be more bold.

So, let me know what you want to do. I understand moving the mediation conference while you are actually in arbitration, but I don't see why you can't deal with the fee motion after that. Mr. Cohen already made the template on the earlier motion.

John P. McDonnell, Esq.
Law Offices of John P. McDonnell
295 89th Street, Ste. 200
Daly City, CA 94015-1655
Telephone: 650-991-9909
Facsimile: 650-449-7789
JPMcDON@aol.com

On Feb 2, 2023, at 9:48 AM, Bernard Kornberg <Bernard.Kornberg@practus.com> wrote:

John,

I reviewed your motion for attorneys' fees today. I've been tasked with the primary opposition and am out of pocket for the next two weeks due to an arbitration. I would request we continue the hearing to March 17, 24, or 31 to allow time for me to return and draft the opposing brief. Please let me know if that is agreeable, and if so, I can draft a stipulation or you can file an amended notice, whatever your preference.

Bernie



**Bernard Kornberg**
**Partner**
Practus, LLP
Direct Phone: 341.234.6629
E-mail: Bernard.Kornberg@practus.com
Website: www.practus.com

# EXHIBIT B

```
Date 5/12/24                     Law Offices                        Page 1
Time 2:39 PM               Client Billing Worksheet
===============================Selection criteria:===========================
Date range      :1/20/23  through 4/17/24
Slip numbers    :All
Attorney        :All
Client          :Moon
Activity        :All
Matter          :Milestone 03 appeal
Hours           :All
Dollars         :All
Variance        :not checked
Billing status  :All
Slip status     :All
===========================================================================

Moon            :Mr. Mark Moon
                 11 Mandalay Court
                 Redwood City, CA  94065
Phone           :415-608-3553
Time rounded up to nearest 6 minutes(s)


Last bill       :8/9/21    Next aging     :5/30/24
Last payment              Amount
                                                      AMOUNT        TOTAL
                                                      ------        -----
Date/Slip# Description                   HOURS/RATE
----------------------------------------------------
  1/20/23   JPM 425 / Legal Work              0.80    340.00
  #12743    Attention to documents from 9th   425.00
            Circuit re information on appeals
            in 9th Cir.
            Milestone 03 appeal

  1/21/23   JPM 425 / Legal Work              1.20    510.00
  #12744    Full review of BAP decision for   425.00
            analysis of   Milestone appeal to
            9th
            Milestone 03 appeal

  1/23/23   JPM 425 / Legal Work              0.00      0.00
  #12745    Review Milestone Mediation        425.00
            statement filed with 9th [no
            charge]
            Milestone 03 appeal

  1/24/23   JPM 425 / Legal Work              0.20     85.00
  #12746    Further on specific 9th cir rules 425.00
            for appeals
            Milestone 03 appeal

  2/6/23    JPM 425 / Legal Work              0.30    127.50
  #12780    Attention to Kornberg stipulation 425.00
            for moving hearing date & 9th
            mediation
            Milestone 03 appeal

  2/21/23   JPM 425 / Legal Work              0.20     85.00
```

```
Date 5/12/24                    Law Offices                      Page 2
Time 2:39 PM            Client Billing Worksheet
```

Moon :Mr. Mark Moon (continued)

|  |  |  | AMOUNT | TOTAL |
|---|---|---|---|---|
|  |  |  | ------ | ----- |
| Date/Slip# | Description | HOURS/RATE |  |  |
| ------------------------------------------------------- | | | | |
| #12810 | Call on 9th cir mediation<br>Milestone 03 appeal | 425.00 | | |
| 2/24/23<br>#12820 | JPM 425 / Legal Work<br>Call with Mediator re 9th cir<br>program and settlement<br>Milestone 03 appeal | 0.40<br>425.00 | 170.00 | |
| 3/15/23<br>#12857 | JPM 425 / Legal Work<br>Pull up Court of Appeal analysis<br>and reasoning in Ghirardo<br>Milestone 03 appeal | 0.50<br>425.00 | 212.50 | |
| 4/11/23<br>#12892 | JPM 425 / Legal Work<br>Attention to record on appeal<br>Milestone needs to file<br>Milestone 03 appeal | 0.70<br>425.00 | 297.50 | |
| 5/2/23<br>#12929 | JPM 425 / Legal Work<br>Obtain current docket at 9th Cir<br>[no charge]<br>Milestone 03 appeal | 0.00<br>425.00 | 0.00 | |
| 5/11/23<br>#12934 | JPM 425 / Legal Work<br>Attention to potential amicus;<br>notes on likely arguments; Garcia<br>case, Winnett and others<br>Milestone 03 appeal | 0.00<br>425.00 | 0.00 | |
| 5/18/23<br>#12944 | JPM 425 / Legal Work<br>Attention to amicus; notes on the<br>requirements for filing amicus<br>brief; missing disclosure of<br>funding; review their "absurd<br>result" claims<br>Milestone 03 appeal | 1.70<br>425.00 | 722.50 | |
| 5/23/23<br>#12948 | JPM 425 / Legal Work<br>Attention to Kornberg extension<br>request and amicus issue<br>Milestone 03 appeal | 0.30<br>425.00 | 127.50 | |
| 6/22/23<br>#13007 | JPM 425 / Legal Work<br>Initial look at Milestone brief;<br>new arguments on Article XV;<br>research on same<br>Milestone 03 appeal | 1.30<br>425.00 | 552.50 | |
| 6/24/23<br>#13009 | JPM 425 / Legal Work<br>Further work on review of Milestone | 4.00<br>425.00 | 1,700.00 | |

```
Date 5/12/24                    Law Offices                      Page 3
Time 2:39 PM            Client Billing Worksheet

Moon :Mr. Mark Moon (continued)

                                                    AMOUNT        TOTAL
                                                    ------        -----
         Date/Slip# Description              HOURS/RATE
--------------------------------------------------------
              opening brief: notes etc. on same
              Milestone 03 appeal

  6/27/23  JPM 425 / Legal Work                  2.00       850.00
  #13014   On Milestone brief: check that     425.00
           Miller & Starr does not support
           their claim on Ghirardo; check all
           the times they cite XV in current
           brief as opposed to no citations at
           bankruptcy court
           Milestone 03 appeal

  6/29/23  JPM 425 / Legal Work                  2.50     1,062.50
  #13015   Attention to new CA9 notices and   425.00
           rules and docket; (.4): Initial
           review of CMA amicus brief (2.1)
           Milestone 03 appeal

  7/2/23   JPM 425 / Legal Work                  0.40       170.00
  #13019   In office organizing notes and CA9 425.00
           items for  case
           Milestone 03 appeal

  7/6/23   JPM 425 / Legal Work                  1.60       680.00
  #13022   Research on Witkin re exceptions to 425.00
           usury law: get full witkin text on
           exceptions that makes clear that
           entities are exempt for loans and
           forbearances; but broker exemption
           is just for loans
           Milestone 03 appeal

  7/7/23   JPM 425 / Legal Work                  3.00     1,275.00
  #13023   Reviewing brief to BAP on the usury 425.00
           issue for items to remove or edit;
           further on FRAP rule 6 on record on
           appeal from BAP.
           Milestone 03 appeal

  7/8/23   JPM 425 / Legal Work                  1.60       680.00
  #13026   Further review BAP opinion on       425.00
           usury; work on the 1103 items
           listed in initial review of brief
           Milestone 03 appeal

  7/9/23   JPM 425 / Legal Work                  3.00     1,275.00
  #13027   Work on response brief on usury     425.00
           Milestone 03 appeal

  7/25/23  JPM 425 / Legal Work                  0.40       170.00
```

```
Date 5/12/24                    Law Offices                      Page 4
Time 2:39 PM              Client Billing Worksheet
```

Moon :Mr. Mark Moon (continued)

|  |  | AMOUNT | TOTAL |
|---|---|---|---|
|  |  | ------ | ----- |

| Date/Slip# | Description | HOURS/RATE | AMOUNT |
|---|---|---|---|
| #13035 | Some Milestone notes re BAP discussion of 1979 Amendment limited to loans to promote property sales<br>Milestone 03 appeal | 425.00 | |
| 8/15/23 #13051 | JPM 425 / Legal Work<br>Work on BAP statements on won't rewrite law; other versions same<br>Milestone 03 appeal | 0.50<br>425.00 | 212.50 |
| 8/18/23 #13058 | JPM 425 / Legal Work<br>Further work on facts in response brief<br>Milestone 03 appeal | 0.30<br>425.00 | 127.50 |
| 8/19/23 #13061 | JPM 425 / Legal Work<br>Work on rules for preparation of supplemental record; FRAP 30 and FRAP 6<br>Milestone 03 appeal | 0.50<br>425.00 | 212.50 |
| 8/23/23 #13068 | JPM 425 / Legal Work<br>Work on full facts and procedural history for the response section<br>Milestone 03 appeal | 0.70<br>425.00 | 297.50 |
| 8/26/23 #13070 | JPM 425 / Legal Work<br>More on cutting down the Response facts; additions to text in Legal discussion; revise same; review of current response section<br>Milestone 03 appeal | 2.00<br>425.00 | 850.00 |
| 8/27/23 #13072 | JPM 425 / Legal Work<br>Work on supplemental record: 23 documents; prepare in reverse chron; prepare TOC and page references<br>Milestone 03 appeal | 1.30<br>425.00 | 552.50 |
| 8/28/23 #13073 | JPM 425 / Legal Work<br>Review notes to assure response convers all items in brier; work on intro: rewrite response intro and add rec ords cites<br>Milestone 03 appeal | 2.20<br>425.00 | 935.00 |
| 8/29/23 #13074 | JPM 425 / Legal Work<br>Further Work on argument 3; that | 3.30<br>425.00 | 1,402.50 |

```
Date 5/12/24                    Law Offices
Time 2:39 PM              Client Billing Worksheet              Page 5

Moon :Mr. Mark Moon (continued)

                                                    AMOUNT        TOTAL
                                                    ------        -----

Date/Slip# Description                  HOURS/RATE
-------------------------------------------------------
           extension must be in writing;  then
           to edits to response section; and
           tighten factual history
           Milestone 03 appeal

 8/30/23   JPM 425 / Legal Work                7.50   3,187.50
 #13076    Working on section re California  425.00
           case law applying usury to loans
           initially exempt; Westman,  Strike,
           analysis of Buck to distill and
           simplify relevant facts:  work on
           final edits of the "Ghirardo"
           sections, B, 1-8;
           Milestone 03 appeal

 8/31/23   JPM 425 / Legal Work                1.30     552.50
 #13077    Review and revise Westman Buck    425.00
           section;
           Milestone 03 appeal

 9/2/23    JPM 425 / Legal Work                5.40   2,295.00
 #13087    In on 1103 Opposition brief;      425.00
           revisions to BAP versions; drop #7,
           modify 8 and 9;  Work on Art XV
           makes 1916.1 superfluous: research
           on XV; further work on the 2 new
           Art XV arguments; Revise main
           intro;  review facts for additional
           items needed to add to Milestone
           record
           Milestone 03 appeal

 9/2/23    JPM 425 / Legal Work                0.00       0.00
 #13088    Review facts to get correct       425.00
           references to Milestone record and
           supp Moon excerpts [no charge]
           Milestone 03 appeal

 9/3/23    JPM 425 / Legal Work                0.50     212.50
 #13089    Review and revise Opposition      425.00
           portions of brief
           Milestone 03 appeal

 9/4/23    JPM 425 / Legal Work                0.30     127.50
 #13092    Work on Addendum with statutes    425.00
           Milestone 03 appeal

 9/5/23    JPM 425 / Legal Work                3.20   1,360.00
 #13093    Revise and finalize the 1103      425.00
           Opposition portion; prepare TOC and
```

```
Date 5/12/24                    Law Offices                      Page 6
Time 2:39 PM              Client Billing Worksheet

Moon :Mr. Mark Moon (continued)

                                                      AMOUNT       TOTAL
                                                      ------       -----
         Date/Slip# Description              HOURS/RATE
         -----------------------------------------------
                    TOA; combine this with 1117
                    cross-appeal portion; finalize and
                    file with 9th cir
                    Milestone 03 appeal

  9/12/23  JPM 425 / Legal Work                 0.00      0.00
  #13100   Oversee preparation of paper copies 425.00
           of record and briefs [no charge]
           Milestone 03 appeal

  9/13/23  JPM 425 / Legal Work                 0.40    170.00
  #13176   Organize some items for 9th cir    425.00
           oral argument
           Milestone 03 appeal

  11/7/23  JPM 425 / Legal Work                 0.30    127.50
  #13187   Attention to Form 32 for 9 Cir oral 425.00
           argument; locate and file same
           Milestone 03 appeal

 11/12/23  JPM 425 / Legal Work                 0.20     85.00
  #13198   Attention to Oral argument notes    425.00
           Milestone 03 appeal

  12/6/23  JPM 425 / Legal Work                 0.40    170.00
  #13235   Amicus attorneys want to argue in   425.00
           support of Milestone; notes re same
           and avoiding doreclosure is part of
           plan to increase profits
           Milestone 03 appeal

  1/14/24  JPM 425 / Legal Work                 0.40    170.00
  #13285   Attention notice of Oral Argument   425.00
           from court: prepare and file
           acknowledgement of receipt: review
           materials sent with Notice re court
           procedures and security measures
           Milestone 03 appeal

  2/26/24  JPM 425 / Legal Work                 0.30    127.50
  #13373   Attention to Moon Amicus items for  425.00
           hearing; get missing docket items
           Milestone 03 appeal

  2/29/24  JPM 425 / Legal Work                 0.00      0.00
  #13377   Review 9th circuit orders on        425.00
           personal appearances at argument
           [no charge]
           Milestone 03 appeal
```

```
Date 5/12/24                    Law Offices                        Page 7
Time 3:47 PM              Client Billing Worksheet

Moon :Mr. Mark Moon (continued)


                                                        AMOUNT        TOTAL
                                                        ------        -----
Date/Slip#  Description                HOURS/RATE
-----------------------------------------------------
  3/20/24  JPM 425 / Legal Work              0.00         0.00
  #13402   Locating some items for appeal  425.00
           hearing [no charge]
           Milestone 03 appeal

  3/23/24  JPM 425 / Legal Work              2.30       977.50
  #13411   On hearing preparation; items from 425.00
           Milestone Reply to address:
           Westman v. Dye discussion; credit
           sale meets "technical definition of
           loan" and contra law at pg 24 of
           our brief; claim that XV says usury
           ok if you lower the interest rate.
           Milestone 03 appeal

  3/24/24  JPM 425 / Legal Work              3.00     1,275.00
  #13414   More preparation on Milestone   425.00
           appeal argument; numbers for
           profits on giving extension instead
           of foreclosure
           Milestone 03 appeal

  3/25/24  JPM 425 / Legal Work              1.10       467.50
  #13416   Travel to and attend Oral argument 425.00
           in both appeals (half time to each)
           Milestone 03 appeal

  4/16/24  JPM 425 / Legal Work              0.30       127.50
  #13448   Review 9th circuit memo decision 425.00
           affirming judgment in all respects;
           e-mail client; e-mail Moran
           Milestone 03 appeal
-------------------------------------------------- ---------- -----------
TOTAL BILLABLE TIME CHARGES                 63.80              27,115.00
-------------------------------------------------- ---------- -----------
TOTAL BILLABLE COSTS                                                0.00
==================================================================
TOTAL NEW CHARGES                                           $27,115.00
```

# EXHIBIT C

```
Date 5/12/24                    Law Offices                    Page 1
Time 3:50 PM              Client Billing Worksheet
```

```
===============================Selection criteria:============================
Date range    :1/19/23  through 4/16/24
Slip numbers  :All
Attorney      :All
Client        :Moon
Activity      :All
Matter        :Moon 17 appeal
Hours         :All
Dollars       :All
Variance      :not checked
Billing status :All
Slip status   :All
==============================================================================
```

```
Moon            :Mr. Mark Moon
                 11 Mandalay Court
                 Redwood City, CA  94065
Phone           :415-608-3553
Time rounded up to nearest 6 minutes(s)
```

```
Last bill    :8/9/21    Next aging    :5/30/24
Last payment            Amount
```

|  |  | AMOUNT | TOTAL |
|---|---|---|---|
|  |  | ------ | ----- |

```
Date/Slip# Description                      HOURS/RATE
-------------------------------------------------------
```

| Date/Slip# | Description | HOURS/RATE | AMOUNT | TOTAL |
|---|---|---|---|---|
| 1/21/23 #12747 | JPM 425 / Legal Work<br>Detailed review of BAP decision on Epstein for potential cross-appeal<br>Moon 17 appeal | 0.90<br>425.00 | 382.50 | |
| 1/24/23 #12767 | JPM 425 / Legal Work<br>Further research on cases under 1511; locate dye case and reversal; Attention to Topa as a breach of contract case.<br>Moon 17 appeal | 1.80<br>425.00 | 765.00 | |
| 1/27/23 #12748 | JPM 425 / Legal Work<br>Organizing BAP and Adversary case files for information on potential cross appeal [no charge]<br>Moon 17 appeal | 0.00<br>425.00 | 0.00 | |
| 1/27/23 #12749 | JPM 425 / Legal Work<br>Further 1511 resaearch on Epstein issue<br>Moon 17 appeal | 0.60<br>425.00 | 255.00 | |
| 2/2/23 #12777 | JPM 425 / Legal Work<br>Attention to cross-appeal on interest issue to 9th Circuit; get procedures and forms for Cross-Appeal; draft message to Mark re appeal on post-jm issue; amounts involved and potential risks & | 1.10<br>425.00 | 467.50 | |

```
Date 5/12/24                      Law Offices                            Page 2
Time 3:50 PM                Client Billing Worksheet

Moon :Mr. Mark Moon (continued)


                                                        AMOUNT        TOTAL
                                                        ------        -----

Date/Slip# Description                      HOURS/RATE
-----------------------------------------------------------
           costs
           Moon 17 appeal

  2/11/23  JPM 425 / Legal Work                3.80   1,615.00
  #12792   Research on 1511 and 1504 and     425.00
           prepayment of note under the
           Milestone promissory note:
           Attention to financial strength of
           Network Capital
           Moon 17 appeal

  2/13/23  JPM 425 / Legal Work                2.40   1,020.00
  #12795   Meeting with Moon re cross-appeal. 425.00
           Organize items for cross-appeal;
           File Notice of cross appeal
           Moon 17 appeal

  2/15/23  JPM 425 / Legal Work                0.00       0.00
  #12798   Organize BAP and other items for  425.00
           appeals [no charge]
           Moon 17 appeal

  2/22/23  JPM 425 / Legal Work                3.30   1,402.50
  #12814   Attention to items on new issue on 425.00
           appeal (.8) Back to facts presented
           in record in trial court: review of
           filings in trial court and BAP;
           Attention to discussions of 1504,
           1511 and "can't profit from wrong"
           Get moon exhibits from trial court;
           extract and confirm (2.5)
           Moon 17 appeal

  3/9/23   JPM 425 / Legal Work                0.50     212.50
  #12851   Work on appeal notes for 9th;  CC  425.00
           1504 research;
           Moon 17 appeal

  3/27/23  JPM 425 / Legal Work                0.30     127.50
  #12872   Add notes from ALI brief seminar to 425.00
           Moon cross appeal notes
           Moon 17 appeal

  3/30/23  JPM 425 / Legal Work                1.60     680.00
  #12880   Research on procedural objections  425.00
           possible on post-maturity interest;
           Further research on 1504 cases and
           1511 cases
           Moon 17 appeal
```

```
Date 5/12/24                    Law Offices                      Page 3
Time 3:50 PM              Client Billing Worksheet
```

Moon :Mr. Mark Moon (continued)

|                                                              | AMOUNT | TOTAL |
|                                                              | ------ | ----- |

| Date/Slip# | Description | HOURS/RATE | | |
|------------|-------------|------------|--------|-------|
| 5/18/23 #12945 | JPM 425 / Legal Work<br>Research on Witkin and cases on<br>vallidity of tender of offer<br>Moon 17 appeal | 0.70<br>425.00 | 297.50 | |
| 5/31/23 #12958 | JPM 425 / Legal Work<br>Attention to argument that Moran<br>offer to pay full bankruptcy claim<br>was another 1504 tender<br>Moon 17 appeal | 0.40<br>425.00 | 170.00 | |
| 6/4/23 #13005 | JPM 425 / Legal Work<br>Research on 1717 and "one<br>prevailing party" rule; cases<br>Pressley, Akhar, Hsu, etc.<br>Moon 17 appeal | 1.50<br>425.00 | 637.50 | |
| 7/7/23 #13024 | JPM 425 / Legal Work<br>Research on whether the Moran<br>motion to approve refi in<br>bankruptcy qualifies as offer under<br>1504;<br>Moon 17 appeal | 1.50<br>425.00 | 637.50 | |
| 8/1/23 #13042 | JPM 425 / Legal Work<br>Analysis of Moran refi motion to<br>consider "conditional"  Organizing<br>the cross-appeal notes; review BAP<br>cross appeal brief for changes<br>Moon 17 appeal | 2.20<br>425.00 | 935.00 | |
| 8/9/23 #13046 | JPM 425 / Legal Work<br>Research on existing statutes are<br>made part of contract<br>Moon 17 appeal | 1.10<br>425.00 | 467.50 | |
| 8/11/23 #13047 | JPM 425 / Legal Work<br>Work on drafting cross appeal<br>brief; revise and edit facts;<br>further research on 1504 tender;<br>work on various parts of brief<br>Moon 17 appeal | 4.40<br>425.00 | 1,870.00 | |
| 8/14/23 #13048 | JPM 425 / Legal Work<br>Research on items in Montali order;<br>expanded outline of full 1117<br>section<br>Moon 17 appeal | 1.00<br>425.00 | 425.00 | |
| 8/15/23 | JPM 425 / Legal Work | 0.50 | 212.50 | |

```
Date 5/12/24                    Law Offices
Time 3:50 PM               Client Billing Worksheet                Page 4

Moon :Mr. Mark Moon (continued)

                                                    AMOUNT        TOTAL
                                                    ------        -----
Date/Slip# Description                HOURS/RATE
---------------------------------------------------------
  #13050   Work on Topa case as overcharges as  425.00
           breach of contract
           Moon 17 appeal

 8/16/23   JPM 425 / Legal Work              1.50    637.50
 #13053    Work on motion for extension;    425.00
           e-mail to Kornberg re consent;
           prepare and file motion
           Moon 17 appeal

 8/17/23   JPM 425 / Legal Work              1.80    765.00
 #13057    Work on revising facts on cross  425.00
           appeal; memo  to clarify facts:
           review JPM June 2019 offer; remove
           from facts and brief; further
           organization of facts
           Moon 17 appeal

 8/18/23   JPM 425 / Legal Work              1.00    425.00
 #13059    Work on facts in cross- appeal   425.00
           portion;  evidence in record on
           first Network number and requests;
           further work on facts
           Moon 17 appeal

 8/19/23   JPM 425 / Legal Work              6.00  2,550.00
 #13060    Work on text of cross appeal; work 425.00
           on 1504 law; work on contract
           contains obligation to provide
           payoff number;  Get main CACI law
           on breach of good faith and fair
           dealing;
           Moon 17 appeal

 8/20/23   JPM 425 / Legal Work              0.30    127.50
 #13062    Work on section on covenant of good 425.00
           faith; clean up the facts a bit
           Moon 17 appeal

 8/22/23   JPM 425 / Legal Work              3.30  1,402.50
 #13064    Work on organize and revise text  425.00
           cross appeal; draft sections on
           Jurisdiction, statement issues etc.
           Checking law on first impression
           and shepard's of Epstein
           Moon 17 appeal

 8/23/23   JPM 425 / Legal Work              2.50  1,062.50
 #13067    More on getting "intro" facts and 425.00
           working on legal discussion;
```

```
Date 5/12/24                    Law Offices
Time 3:50 PM              Client Billing Worksheet              Page 5

Moon :Mr. Mark Moon (continued)
```

|                                                                | AMOUNT | TOTAL |
|----------------------------------------------------------------|--------|-------|
|                                                                | ------ | ----- |

```
Date/Slip# Description                          HOURS/RATE
-------------------------------------------------------
           adding more legal and items from
           BAP
           Moon 17 appeal

 8/26/23   JPM 425 / Legal Work                     1.20      510.00
 #13069    Work on brief; work on CA9 rules,       425.00
           form 8 and form 15: prepare
           addendum statutes and more on
           facts; review current draft
           Moon 17 appeal

 8/27/23   JPM 425 / Legal Work                     1.70      722.50
 #13071    Research 1501 and cases;  add cases     425.00
           on purpose to brief;  cleanup and
           drop some;  Review and revise cross
           appeal section
           Moon 17 appeal

 8/29/23   JPM 425 / Legal Work                     0.80      340.00
 #13075    On the factual history; provide         425.00
           references to CA9 record pages
           Moon 17 appeal

 9/3/23    JPM 425 / Legal Work                     1.00      425.00
 #13090    Work on revisions to 1117               425.00
           cross-appeal portion on post
           maturity interest
           Moon 17 appeal

 9/4/23    JPM 425 / Legal Work                     1.80      765.00
 #13091    Trimming the "breach of contract"       425.00
           section in 1117;  further work on
           addendum
           Moon 17 appeal

 9/5/23    JPM 425 / Legal Work                     1.00      425.00
 #13094    Revise and finalize 1117 cross         425.00
           appeal portion, TOC and TOA
           Moon 17 appeal

11/12/23   JPM 425 / Legal Work                     0.70      297.50
 #13199    Initial review of Milestone            425.00
           Opposition on our appeal
           Moon 17 appeal

11/13/23   JPM 425 / Legal Work                     1.70      722.50
 #13201    On Milestone Opposition; Attention     425.00
           to tender arguments raised in trial
           court; on their waiver argument and
           document 82; add to record
           Moon 17 appeal
```

```
Date 5/12/24                    Law Offices                          Page 6
Time 3:50 PM              Client Billing Worksheet

Moon :Mr. Mark Moon (continued)

                                                    AMOUNT         TOTAL
                                                    ------         -----
Date/Slip# Description                HOURS/RATE
-------------------------------------------------------
11/14/23 JPM 425 / Legal Work             2.00       850.00
#13203   Research on CFPB literature re any    425.00
         mention of "unconditional
         approval"; Some NCLC research on
         same; initial work on Reply draft
         with BAP items: tighted quotes from
         BAP.
         Moon 17 appeal

11/15/23 JPM 425 / Legal Work             2.20       935.00
#13206   Further drafting on Reply;      425.00
         Attention to issue of "abandoned"
         breach of contract: further work on
         same
         Moon 17 appeal

11/18/23 JPM 425 / Legal Work             4.00     1,700.00
#13211   Further work on Reply; bringing in    425.00
         items from Reply at BAP; modify
         abandon and 1511;  Attention to
         tender; review lengthy prior notes
         on tender; cases on 1500, cases on
         1504; cases on 1511
         Moon 17 appeal

11/19/23 JPM 425 / Legal Work             1.50       637.50
#13212   More work on 1504 section; more    425.00
         cases, Walker and case cites
         Moon 17 appeal

11/20/23 JPM 425 / Legal Work             6.20     2,635.00
#13213   Further work on 1504 section;    425.00
         rearranging case law items; Walker,
         Rose, etc.  moving to good faith
         effort to pay loan and evidence of
         ability to pay in the record;
         further on 1504 section and breach
         of contract
         Moon 17 appeal

11/21/23 JPM 425 / Legal Work             1.70       722.50
#13214   Further review; Review and revise    425.00
         draft; complete breach section and
         add para 15 from moon trial record
         and e-mails from same;  Finalize;
         Moon 17 appeal

11/22/23 JPM 425 / Legal Work             0.00         0.00
#13215   Attention to Notice on paper copies    425.00
         [no charge]
         Moon 17 appeal
```

```
Date 5/12/24                    Law Offices                     Page 7
Time 3:50 PM              Client Billing Worksheet
```

Moon :Mr. Mark Moon (continued)

```
                                                    AMOUNT        TOTAL
                                                    ------        -----
Date/Slip# Description                  HOURS/RATE
-----------------------------------------------------------
 11/22/23 JPM 425 / Legal Work              0.00      0.00
 #13485   Prepare TOC , TOA word count    425.00
          certification; File reply with 9th
          Cir [no charge]
          Moon 17 appeal

 11/27/23 JPM 425 / Legal Work              0.30    127.50
 #13220   Supervise print copies of 6 paper 425.00
          copies of brief for 9th cir  [no
          charge]
          Moon 17 appeal

 3/23/24  JPM 425 / Legal Work              1.20    510.00
 #13412   Preparation for arguent: Attention 425.00
          to Cross-appeal items; our brief
          their Opposition and our Reply
          Moon 17 appeal

 3/24/24  JPM 425 / Legal Work              0.80    340.00
 #13413   More preparation on Cross appeal  425.00
          Moon 17 appeal

 3/25/24  JPM 425 / Legal Work              1.10    467.50
 #13415   Attend Oral argument in both     425.00
          appeals (half time to each)
          Moon 17 appeal

--------------------------------------------------- ---------- -----------
TOTAL BILLABLE TIME CHARGES                 76.90          32,682.50
--------------------------------------------------- ---------- -----------
TOTAL BILLABLE COSTS                                            0.00
===========================================================================
TOTAL NEW CHARGES                                          $32,682.50
```