Entered on Docket
August 26, 2024
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: E. MARK MOON,<br><br>Debtor,<br><br>------------------------------<br><br>MILESTONE FINANCIAL, LLC,<br><br>Appellant,<br><br>v.<br><br>E. MARK MOON; LORI H. MOON,<br><br>Appellees. | No. 23-60006<br><br>BAP No. 22-1117<br><br>ORDER |
| In re: E. MARK MOON,<br><br>Debtor.<br><br>_____<br><br>E. MARK MOON; LORI H. MOON,<br><br>Appellants,<br><br>v.<br><br>MILESTONE FINANCIAL, LLC,<br><br>Appellee. | No. 23-60011<br><br>BAP No. 22-1117 |

Before: PAEZ, NGUYEN, and BUMATAY, Circuit Judges.

Mark and Lori Moon (the "Moons") move for attorneys' fees pursuant to Cal.

1

Civil Code § 1717. Dkt. No. 64. Milestone Financial ("Milestone Financial") moves to transfer the Moons' motion for attorneys' fees pursuant to Circuit Rule 39-1.6 and files a countermotion for attorneys' fees. Dkt. No. 66. Both parties oppose the other's motion. *See* Dkt. Nos. 66, 69.

Under California law, a party is entitled to attorneys' fees when it is "the party prevailing on the contract." Cal. Civ. Code § 1717(b). The "prevailing party" is "the party who recovered a greater relief in the action on the contract." *Id.* "If neither party achieves a complete victory on all the contract claims," the court can exercise its discretion to "determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees." *Scott Co. v. Blount, Inc.*, 20 Cal. 4th 1103, 1109 (1999).

Neither the Moons nor Milestone Financial prevailed in this contract dispute. Because "the results of [this] litigation are mixed," we exercise our discretion under Cal. Civil Code § 1717(b) and hold that no party has prevailed. *See DisputeSuite.com, LLC v. Scoreinc.com*, 2 Cal. 5th 968, 973 (2017).

The motions are accordingly **DENIED**.

2